Page 2

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

C C - 4 4 5

| United States District Court | District ~~□□~~ oF the State oF Delaware |
|---|---|

| Name (under which you were convicted): RalPh Reed | Docket or Case No.: |
|---|---|

| Place of Confinement: Delaware correctionAl center 1181 PaDDock Road smyrnA, Delaware 19977 | Prisoner No.: 320813 |
|---|---|

| Petitioner (include the name under which you were convicted) RAlPh REED | Respondent (authorized person having custody of petitioner) v. WARDEN ThomAS L. CArroll |
|---|---|

The Attorney General of the State of DelAWAre CArl DANserg

**FILED**

JUL 2 1 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    superior court oF the stAte oF Delaware For sussex county

    BD Scanned
    NO IFP

    (b) Criminal docket or case number (if you know): __9911018706__

2.  (a) Date of the judgment of conviction (if you know): ___5-16-2000___
    (b) Date of sentencing: __1-19-2001__

3.  Length of sentence: ___Life PlUS 20 yeArS___

4.  In this case, were you convicted on more than one count or of more than one crime? Yes ☑ No ☐

5.  Identify all crimes of which you were convicted and sentenced in this case: MurDer IN
    the First Degree And possession oF A FireAm during the
    commission oF A Felony.

6.  (a) What was your plea? (Check one)
    (1)  Not guilty ☑          (3)  Nolo contendere (no contest) ☐
    (2)  Guilty ☐              (4)  Insanity plea ☐
    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or
    charge, what did you plead guilty to and what did you plead not guilty to? I PleA Not
    guilty to All chArges.

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☑  No ☐

8. Did you appeal from the judgment of conviction?

Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court: _SUPReme court of the State of Delaware_

(b) Docket or case number (if you know): _Reed V. State   44, 2001_

(c) Result: ___ _ORDERED AFFIRmed_

(d) Date of result (if you know): _____ _2001_

·(e) Citation to the case (if you know): _____ _Reed   44, 2001_

(f) Grounds raised: _The Trial court committed ERROR of LAW when it_
_aDmitted EvideNce suBJect to Delaware Rule of EviDeNc 404(b)_
_of Alleged PRIor FireArm Discharges ABseNt the complete_
_ANAlysis Required By Delaware LAW 2. The Trial court Abused_
_its Discretion when it aDmitted EvideNce, suBJect to Delaware Rule_
_of EvideNc 404(b), of Alleged Prior FireArm Discharges AND illegal Drug. Ground #2_

(g) Did you seek further review by a higher state court?   Yes ☐  No ☐ **CoNtiNued oN AttAched pg#3**

If yes, answer the following:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐  No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

ADDITIONAL PAGE #3

**3 page**

(Ground #3 of Question #9(F) of page #3 of Petition 2852254)

Activity, as succ Evidence Lacked Relevance And was Highly Prejudicial.

(Question #9(F) of page #3 of Petition 2852254)

The Trial court committed Plain ERROR When it misApplied Delaware Law And Rules of Evidence Limiting Trial Testimony In Jury Instructions.

Page 4

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions.

applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: _Super court of the state of Delaware Sossex county_

(2) Docket or case number (if you know): _REED V. State of Del ID No. 99110187O6(R·1)_

(3) Date of filing (if you know): _7/8/04_

(4) Nature of the proceeding: _Post Conviction Relief Super. ct. crim. Rule 61._

(5) Grounds raised: _1. Defendant claims that his arrest was illegal because The_

_arresting officer did not have sufficient probable cause to arrest of him._

_2. Defendant claims that he exercised his miranda Rights after he was apprehende_

_Despite him exercising his miranda Rights to Remain silent and clear_

_indication that he didn't want to talk with Detective Fraley. 3. Defendant_

_claims that the Grand Jury Indictment was Filed in Violation of the Double_

_Jeopardy clause. 4. Batson peremptory challenge and unconstitutional Voir Dire_

_questioning and — Disparate treatment of similarly situated Black and White_

_Jurors. (Grounds raised continued on additional question #11(a) #5.")_

(6) Did you receive a hearing where evidence was given on your petition. application. or

motion?        Yes ☑ No ☐

(7) Result: _denied_

(8) Date of result (if you know): _10/5/05  decided_

(b) If you filed any second petition. application. or motion, give the same information:

(1) Name of court: _Supreme court of the state of Delaware_

(2) Docket or case number (if you know): _Reed V. State of Del No. 534 2005_

(3) Date of filing (if you know): _3/17/06_

(4) Nature of the proceeding: _Super. ct. of the state of Del Rule 61 post conviction Relief_

(5) Grounds raised: _See Question #11(a) #5 and Additional attached_

_Sheet_

_____

_____

_____

ADDITIONAL

continued Grounds raised #11(a) #5 of page #4 of petition 28 usc 2254

5. The Trial court abused Its Discretion when It admitted prosecutor misconduct of False Testimony Evidence Lacked Relevance And was Highly preJudicial Plain Error.

6. The Trial court committed Error of Law when It admitted Evidence subJect To Delaware Rule of Evidence 404(b) of alleged prior Firearm Discharges Absent The complete analysis Required By Delaware Law.

7. The Trial court Abused Its Discretion when It Admitted plain Error By misapplied Delaware Law and Rules of Evidence Limiting Trial Testimony In Jury Instructions.

8. The Trial court Judge and Trial counsel was Ineffective at Every stage of The Trial criminal Proceeding That Took Place In Violation of petitioner's $5^{th}6^{th}$ and 14th constitutional amendment Rights.

9. The Trial court abused Its Discretion By concluding That petitioner's Trial counsel did not Deprive Him of His 6th amendment Right To Effective assistance of counsel For Failing To properly In Vestigate and subpoena Two crucial Defense witness who would support petitioner's story That Keyon Horsey committed The crime.

Continued Grounds raised #II(A) #5 of Page #4 of Petition  28 USC § 2254

10. Defendant claims that Trial counsel was ineffective on his Direct Appeal to be denied see Attached Sheet of the supreme court order.

11. Defendant claims that his Attorney was ineffective for not requesting or presenting a defense for a lesser included offense such as manslaughter or second degree murder.

12. Defendant submits that his publicly Appointed Attorney was ineffective for failing to object to the plain error by the trial court in its erroneous Ruling in limiting trial testimony of key state witnesses Horsey and west. The Trial court abused its discretion in denying petitioner's claim that his trial counsel improperly opened the door for the State to introduce west's statement Violated the petitioner Rights against self-incrimination And Amendment Right to Effective Assistance of counsel.

13. Defendant claims that his attorney was ineffective for failing to move for a Judgment of Acquittal at the conclusion of the state's case based on insufficiency of evidence constitution ineffective Assistance of counsel conduct.

14. Defendant claims from the outset of this case through counsel's Non merit Appeal counsel Failed to subject the prosecution's case to meaning ful Advers Trial testing and as such The Defendant was effectively left with out the Assistance of an Attorney up to this point the defendant's pro'se Rule 61 And supplement motion

continued Grounds raised #11(a) #5 of page #4 of Petition 28 USC § 2254

has addressed the most Flagrant examples of trial counsel's deficient performance.

15. Defendant claims that trial counsel was ineffective of Failing to raise the Brady Violation

16. Defendant claims that trial counsel was ineffective For Failing to request a Full Chance Instruction.

17. Defendant makes several claims of inffective cross-examination by trial counsel had pursued the information contained in Jerome Reed's affidavit that trial counsel's decision not to subpoena J. Reed as a defense witness was unreasonable and prejudiced petitioner's defense that someone else (keyon Horsey committed the crime.

18. Defendant claims trial counsel was intentionally elicited from ms. west testimony that she remembered telling mr. Horsey "I don't believe he did it" would have reason to attack the trial court rulings on Appeal which would have resulted in a reversal by the supreme court.

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☑  No ☑

(7) Result: ___ _orderd_  _AFFirmed_ _____

(8) Date of result (if you know): ___ _5/26/06_ _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐  No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    Yes ☑  No ☐

(2) Second petition:   Yes ☐  No ☐

(3) Third petition:    Yes ☐  No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _Defendant claims that his arrest was illegal because the_ _arresting officer d.dn't have sufficient Probable cause to make an arrest_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_Defendant claims that the police filed false police Reports and_ _sworn affidavits under the penalty of perjury claming that_ _the defendant had made several statements which were (A-160)_ _neither written nor taped to support the police officers_ _Reports or affidavits. Had the Police officers conducted a proper (A156)_ _unbiased investigation it would have Revealed that keyon Horsey was the (A158)_ _shooter and that it was yonole Deshields who Retrieved the weapon then disposed of it.(A-162)_

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _Court Appointed Counsel_ _refused to raise winner claim on Direct and told me to raise_ _whatever I want it on motion For PostConviction Relief rule 61._

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: _Superior Court Crim Rule 61 Post conviction Relife and_ _case Law memoranda_
Name and location of the court where the motion or petition was filed: _SUSSEX COUNTY_ _the SUSSEX County Superior court of the state of Delaware Georgetown Delaware_

Docket or case number (if you know): __State Delaware V Reed   ID No 9911018706 (R-1)__

Date of the court's decision: __10-5-2005   Superiol Count__

Result (attach a copy of the court's opinion or order, if available): __The Superior count__
__Copy Attach.__

(3) Did you receive a hearing on your motion or petition?

Yes ☑ No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __Superiol court Rule 61__
__postconviction Appeal__

Docket or case number (if you know): __ID No. 9911018706 (R-1)__

Date of the court's decision: __10-5-2005__

Result (attach a copy of the court's opinion or order, if available): __The Superior count__
__copy pttath.__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: ___See memoRANDUM of LAW___

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____

GROUND TWO: __State court Violated Federal constitutional Law in__
__mcrandA__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_petitioner exercising his miranda Right to Remain silent And_
_clear indication that he did not want to talk Det Fraley continued_
_to question in violateds of his 5th Amendment put information with tape_
_statement And he said no (A-160) And see memoRANDum of LAW_

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

(c)  Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☐   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why: _trial counsel Refused_
_to raise w. vuden claim on Diret and told me to raise whatever_
_I want on motion for Post-convuiction relief rule 61_

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a

    state trial court?

       Yes ☑  No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Supec. Ct. Crim. Rule 61 Post-convuiction Relief_

    Name and location of the court where the motion or petition was filed: _Superion Court of_
_Delauince in And Sussex county Delaware._

    Docket or case number (if you know): _Reed V State In no. 9911089706 (R-1)_

    Date of the court's decision: _10-5-05_

    Result (attach a copy of the court's opinion or order, if available): _Copy Attach_

    (3) Did you receive a hearing on your motion or petition?

       Yes ☑  No ☐

    (4) Did you appeal from the denial of your motion or petition?

       Yes ☑  No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

       Yes ☐  No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _See memoRAndum of Law_

Page 9

Docket or case number (if you know): _____ 99ilo/8706 (R-1)_____

Date of the court's decision: __10-5-05_____

Result (attach a copy of the court's opinion or order, if available): _Copy Attach_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: _____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

_____

_____

_____

GROUND THREE: _The Trial court committed Plain ERROR when it misApplied
Del Law and Rules of Evidence Limiting trial testimony in jury Instructions_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_limiting trial testimony in its Jury Instruction Essentially the trial
Court prevented the petitioner From obtaining impeachment And
exculpatory testimony) (A-25 to A58) (A-59 to61)_____

_____See memoRANDum of LAW_____

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____ _____

_____

_____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑ No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☑   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Super ct. crim. Rule 61 post conviliction Relivemotion_

Name and location of the court where the motion or petition was filed: _Superior count of the State of Delaware. Sesset County Delaware_

Docket or case number (if you know): _Reed V. State 9911018706 (R-1)_

Date of the court's decision: _10-5-05_

Result (attach a copy of the court's opinion or order, if available): _Copy Attach_

(3) Did you receive a hearing on your motion or petition?

Yes ☑   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☑   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Supreme court of the State of Delaware Dover Delaware_

Docket or case number (if you know): _No. 534, 2005_

Date of the court's decision: _5-26-06_

Result (attach a copy of the court's opinion or order, if available): _Copy Attach_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_see memoRandum of Law_

GROUND FOUR: _State court Violated The Federal constitutional by Impartial Jury Balson v Kentucky And Riley v Taylor_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _the trial court And defense counsel allowed the prosecution during jury selection to strike the one black juror For cause the jury submitted that she could Render A Fair And impartial Verdict(Tr.c-7) the trial court Allowed the white juror to remain on the jury & this white juror to admitted knowing the deceased brother As they were co-workers (Tr B-4) while the Black juror WAS removed (Tr.c-8) "See memorandum of LAW And Appendix #2"_

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

(c) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐  No ☑

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _Ct Appld Court refused to raise Winnen claim on Direct Appeal and told me to raise post conviction Relief &_

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☑ No ☐

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _Post-conviction Relief Rule 61_

    Name and location of the court where the motion or petition was filed: _Superior court of State of Delaware Sussex county Delaware_

    Docket or case number (if you know): _Reed v State  9910)870L (R-1)_

    Date of the court's decision: _10-5-04_

    Result (attach a copy of the court's opinion or order, if available): _Copy Attach_

    _____

    (3) Did you receive a hearing on your motion or petition?

      Yes ☑  No ☐

    (4) Did you appeal from the denial of your motion or petition?

      Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
Yes ☑ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _Supreme Court of the_
_State of Delaware  Dover, Delaware._

Docket or case number (if you know): _Reed V State of Del No. 534, 2005_

Date of the court's decision: _5-26-06_

Result (attach a copy of the court's opinion or order, if available): _Cop/ Attach_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

_See memorandum of LAW_

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☑ No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ☐ No ☑

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

_____
Plaintiff

v.                                              _____


_____
Defendant(s)

## ORDER

          IT IS HEREBY ORDERED, this ____ day of _____, 200_ that
the attached Motion for Extension of Time has been read and considered.
          IS IS ORDERED that the Motion is hereby GRANTED/DENIED.
          IT IS FURTHER ORDERED THAT

_____

_____

_____


                                                _____
                                                Judge

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. ____ ____

_____
_____
_____
_____
_____
_____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    Yes ☐    No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____
_____
_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Merritt Burke III and John S. Brady_
_public Defender  14 The Circle 2ⁿᵈ Floor  Georgetown, De 19947_

(b) At arraignment and plea: _Karl Haller_ _____ _Same Addresses below_

(c) At trial: _Karl  Haller_ _____

(d) At sentencing: _Karl  Haller_ _____

(e) On appeal: _Karl Haller_ _____

(f) In any post-conviction proceeding: _Leo John Ramunno  1205 N. King Street  Wilmington, De, 19801_

(g) On appeal from any ruling against you in a post-conviction proceeding: _Leo John Ramunno_

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐  No ☑

Page 14

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    Yes ☐  No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* Because petitioner advance a "same character" claim that someone other than he committed the crime qualify as an actual innocence claim to which no procedural bar apply. see Webster v. State 604 A 2d 1364 (Del supr 1992). This claim is brought under Jack v. Wood 207 F.3d 557 (9th cir. 2000) The same character evidence is a defense permitted under D.R.E. 404(b) Jerome Reed's affidavit support petitioner's actual innocence claim. The same character evidence of a different perpetrator is grounded in the facts and circumstances of the case. see Jones at 562-63. Therefore the statement of facts supporting this claim is grounded within the Argument itself. The same character evidence defense is similar to the Sufficiency of the evidence test where the facts and evidence must support a contrary conclusion. also the misconduct of the trial judge himself in using a discriminatory voir dire question policy in selection of the Jury which resulted in the purposeful exclusion of all black Jurors and the selection of an all white Jury with unidentified Jurors possibly knowing the Victim of crime or Victim's family, friends or their associates violate the essential demands of fairness under article I section 7 of the Delaware constitution. See Filmore V. State 813 a 2d 1112 (Del 2003). Lastly, the trial Judge's misconduct with participating in the on record direct threats against Sharnelle West to recant her favorable testimony for petitioner and required her to support a false oral out-of-out-count statement attributed to her by an other state witness Kenyon Hoosey, (which the same character evidence support as being the actual

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Page #14 continued on other side

killer). Violate the Delaware supreme court's holding in Smith V. State 669 A2d 1 (Del supr 1995) and State V. Rooks 401 A2d 943 (Del. supr 1979) prohibiting calling the Jury's Attention to a damning statement made by a witness who provided Favorable testimony And that a § 3507 statement be voluntary. And the trial Judge's repeated Allowance oF obvious False testimony by the state's Four (4) witnesses. Violate Napue V. Illinois. 360 U.S. 264. (1959) prohibiting A conviction to be obtained by perjury. All these claims and contentions Are premise upon their own statement oF Facts subsumed in the arguments below, which support Actual innocence And A miscarriage oF Justice

Page 15

Therefore, petitioner asks that the Court grant the following relief: *Celease From present custody For "REED" is Innocence. OF these charges. petitioner prays the Honorable Court will Grant his habeas corpus And Direct that his State Convictions be reverse* or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____ *Ralph Reed* SBI #320813.

Signature of Petitioner

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_Ralph Reed_

[Insert appropriate court]

"U.S. District of DE."

* * * * *

#30

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

RALPH REED, §
§
      Defendant Below, § No. 534, 2005
      Appellant, §
§
      v. §
§ Court Below:
§ Superior Court of the
STATE OF DELAWARE, § State of Delaware
§ in and for Sussex County
      Plaintiff Below, § Cr. I.D. No. 9911018786
      Appellee. §

Submitted: May 24, 2006
Decided: May 26, 2006

Before **HOLLAND**, **BERGER** and **RIDGELY**, Justices.

### O R D E R

This 26th day of May, 2006, the Court, having considered this matter

on the briefs of the parties, and having concluded that the same should be

affirmed on the basis of and for the reasons assigned by the Superior Court in

its order dated October 5, 2005;

    NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment

of the Superior Court be, and the same hereby is

    AFFIRMED.

BY THE COURT:

*Carolyn Berger*
Justice

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RALPH REED, | § |
| | § |
| Defendant Below, | § |
| Appellant, | § No. 44, 2001 |
| | § |
| v. | § Court Below: Superior Court |
| | § of the State of Delaware in and |
| STATE OF DELAWARE, | § for Sussex County |
| | § Cr.A. Nos. IS99-12-0398 |
| Plaintiff Below, | § through 0399 |
| Appellee. | § |

Submitted: July 10, 2001
Decided:  July 12, 2001

Before WALSH, BERGER, and STEELE, Justices.

## O R D E R

This 12th day of July 2001, upon consideration of the briefs of the parties, it appears to the Court that:

(1)    This is an appeal from a conviction in the Superior Court following a jury trial. The appellant, Ralph Reed, Jr. ("Reed"), was convicted of murder first degree and possession of a firearm during the commission of a felony for the fatal shooting of Gregory Howard on November 23, 1999.

(2)    In this appeal, Reed asserts two claims of error: (i) that the trial court abused its discretion in admitting evidence that on prior occasions he had discharged a handgun and had been involved in drug dealing and (ii) that the court gave an

court's post-trial decision denying a new trial. As the trial court noted, the disputed evidence was not offered by the State under 11 *Del. C.* § 3507 but, in any event, the declarants were available for cross-examination on the alleged inconsistent statements. We agree with the trial court that the defense was not placed at any strategic disadvantage by this practice and that the court's instruction was properly limited to the treatment of these statements as impeaching evidence. Clearly the court's handling of this matter at trial was not plain error.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is,

AFFIRMED.

BY THE COURT:

Justice

3

SUPERIOR COURT
OF THE
STATE OF DELAWARE

T. HENLEY GRAVES
*RESIDENT JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE: SUITE 2
GEORGETOWN, DELAWARE 19947
TELEPHONE (302) 856-5257

October 5, 2005

Leo J. Ramunno, Esquire
1205 North King Street
Wilmington, DE 19801

James W. Adkins, Esquire
Department of Justice
114 East Market Street
Georgetown, DE 19947

RE:   **State of Delaware v. Reed**
**Defendant ID No. 9911018706(R 1)**

Dear Mr. Reed:

On July 8, 2004, the Defendant Ralph Reed ("Defendant") filed his first Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). He then filed several more *pro se* amendments or supplements. Defense counsel entered his appearance and participated in the evidentiary hearing and briefing.   This is the Court's decision denying Defendant's application.

## FACTUAL BACKGROUND

On May 16, 2002, the jury found Ralph Reed guilty of murder in the first degree and possession of a firearm during the commission of a felony. The defense filed a timely motion for new trial. Resolution of that motion was delayed because transcripts were required to address the issues presented to the Court. Those issues concerned 11 Del. C. §3507, limiting instructions concerning hearsay testimony, and the application of Delaware Rules of Evidence 404(b) ("D.R.E.")

-1-

as to the conduct of Defendant. On December 19, 2000, the Court denied the defense's motion for a new trial. *State v. Reed*, 2000 WL 33179685 (Del. Super.). On Defendant's direct appeal to the Delaware Supreme Court, his conviction was affirmed. *Reed v. State*, 782 A.2d 266 (Del. 2001).

After Defendant finished filing his supplemental motions, the Court directed that the record be supplemented pursuant to Rule 61(g). The Court then determined an evidentiary hearing was appropriate. This took place on March 3, 2005 and April 8, 2005. Briefing was concluded on August 25, 2005.

As to the claims, it is necessary for the Court first to consider any procedural bars as contained in Rule 61(g). *Younger v. State*, 580 A.2d 552 (Del. 1990). This will be done on a claim-by-claim basis.

As to claims of ineffective assistance of counsel and to any claims that ineffective assistance of counsel was the "cause" of any failure to timely present a claim under Rule 61(i)(3), Defendant must establish that trial counsel committed error, i.e, his performance fell below an objective standard of reasonableness. He also must establish that the error by counsel actually caused him prejudice. The failure to prove either of these two prongs will result in the failure of the ineffective counsel claim or the failure to show "cause" under Rule 61(i)(3). *Strickland v. Washington*, 466 U. S. 668 (1984).

## GROUND 1

Defendant makes a conclusory allegation that there was insufficient probable cause to arrest him. He complains that the State did not conduct an unbiased investigation, but targeted him based upon unreliable witnesses. He makes conclusory allegations that the police filed false police reports. In a supplemental filing, Defendant alleges that his trial attorney was ineffective for not attacking the probable cause affidavits based on the police failure to find the murder weapon and failure to conduct a paraffin test on him. This is nothing more than his conclusory allegations and opinions.

-2-

There is no evidence presented to support these allocations. These conclusory claims fail. *Dawson v. State*, 673 A.2d 1186 (Del. 1996).

Defendant's conviction was not based upon a probable cause affidavit leading to his arrest, but based upon the testimony and evidence presented during his trial. There is no basis to conclude an illegal or unconstitutional arrest occurred. There is no basis to conclude his attorney should have filed any motion based upon a lack of probable cause for the arrest of Defendant. This claim is denied.

## GROUND 2

Defendant alleges that his *Miranda* rights[1] were violated and that his statements should have been suppressed. A suppression motion was filed by the defense, heard by the Court, and denied on May 3, 2000. The suppression motion was not based on *Miranda* or the involuntariness of the statements. The defense desired to suppress Defendant's statements alleging the police inaccurately reported what Defendant told them. I ruled that this claim was not one of constitutional import, but was an issue of credibility for the jury to decide. The present claim alleges the same statement should be suppressed on a different theory, a violation of his constitutional rights under *Miranda*. It is barred pursuant to Superior Court Rule 61(i)(3).

There has been no reason put forth as to why this claim was not presented to the trial court and/or the Supreme Court, except for supplemental filings claiming ineffective assistance of counsel. Defendant's argument is counsel was ineffective for not attacking the alibi statement that was given to the police while in a motor vehicle following a taped statement he gave at the police station. I conclude counsel was not ineffective.

At the police station, Defendant gave a short statement after being advised of his *Miranda* rights and voluntarily waiving same. The police station statement was tape-recorded. Immediately

---

[1]*Miranda v. Arizona*, 384 U. S. 436 (1966).

thereafter, a conversation took place in the car when Defendant was being transported. Defendant never invoked *Miranda*. The conversation included Defendant's alibi of being at his grandmother's house. When offered the opportunity to go back and tape record what he said while in the vehicle, he declined. Because he declined, Defendant believes the use of what he told the police in the automobile was a violation of his *Miranda* rights. Apparently, he believes his statement must be tape recorded in order to comply with *Miranda*.

Defendant is simply wrong. His attorney was not ineffective for not filing a Motion to Suppress on these grounds. Therefore, there is no cause as to why it was not presented to the trial court and is barred under Rule 61(i)(3). It also is denied as there is no legal basis to the claim on its merits per the above discussion and, therefore, there can be no prejudice. The Court heard, at trial, the testimony as to the circumstances surrounding this statement. It would not have been suppressed. This claim is denied.

## GROUND 3

Defendant argues that his conviction of possession of a firearm during the commission of a felony should have merged with his conviction of murder in the 1ˢᵗ degree .

This claim is procedurally barred under Rule 61(i)(3) as Defendant has not shown why this claim was not presented to the trial court or the Supreme Court, nor has he shown the necessary prejudice.

A murder can be committed by a variety of different methods. When one uses a firearm to commit a murder, robbery or other felony, the legislature has determined that to be a separate crime. There are no merger or double jeopardy issues at all. To the extent Defendant alleges ineffective counsel, counsel could not be ineffective for not raising this frivolous claim. Therefore, Defendant has not provided cause for not timely presenting this claim, nor has he established prejudice. Substantively, it fails as there is no merit to the claim per the above discussion. It is denied.

-4-

## GROUND 4

Defendant alleges his attorney was ineffective for not making a better *Batson*[2] challenge to a peremptory challenge of the State of Delaware ("the State") to a black juror.

Defendant also argues that his trial counsel did not object to the Court's decision to keep a white juror under similar factual circumstances.

These accusations are directed not only at trial counsel but also at this Court's rulings. The transcript adequately addresses these allegations.

### MRS. TURNER

Mrs. Turner, an African-American, reported during voir dire that she recognized the name of Darren Bacon, one of the witnesses. She said she worked at the DuPont plant and his mother also worked there. She said her son was a friend of Darren Bacon. She reported the aforementioned would not cause her any problems and that she could be a fair and impartial juror. She was kept on the panel. The State later asked the Court to conduct further *voir dire* and I later agreed to revisit Ms. Turner and further explore the State's concerns. She reported that she was not a friend of Mr. Bacon's mother, but knew her because she worked at the DuPont plant. She worked a different shift.

I neglected to further explore any relationship between her son and Mr. Bacon, nor did the State and defense suggest further questions. But, she was asked, "Would you be uncomfortable being on a case where you have to determine the credibility of her son one way or the other?" She said, "No". She was told that this jury would need to decide, as between different witnesses, who was more or less credible. She said she could do this fairly and impartially. Again, she was kept on the panel.

---

[2]*Batson v. Kentucky*, 476 U.S. 79 (1986) ("Batson")

Later the State used a peremptory challenge as to this juror. There was no defense objection. A jury was selected.

Two days later, defense counsel objected to the State's use of its peremptory strike as to Mrs. Turner, complaining that she was African-American.

The Court noted that it was not surprised that the State struck her. While she reported she could be a fair and impartial juror, she did know Darren Bacon's mother and she reported Mr. Bacon and her son were friends.

I noted that I did not think a *Batson* challenge had been triggered based on the State's exercise of their challenge against Mrs. Turner. Nevertheless, as is my practice, I gave the State the opportunity to put on the record their race- neutral reason for striking her.

The State reported that Darren Bacon would be a controversial witness and he was expected to be hostile to the State. He was a friend of the Defendant's and was selling drugs with him on the night of the homicide. The State believed they would be attacking his credibility and therefore opposed Mrs. Turner, who had the aforementioned connection to Ms. Bacon. I accepted this and found nothing improper with the State's explanation.

Therefore, Defendant's present complaint was directly addressed by this Court and the analysis required by Batson and *Riley v. Taylor*, 277 F. 3d 261 (3rd Cir. 2001) was conducted. Since there was an adjudication on this issue, Rule 61(i)(4) bars this complaint. Based on the above discussion, there is no reason to revisit this further in the interest of justice. I also note that there was an opportunity to have the Supreme Court review the aforementioned ruling but this was not presented to the Supreme Court. Therefore, Rule 61(i)(3) procedurally bars it. The only cause or excuse for not raising this on appeal is the implicit accusation that it was the fault of appellate

counsel. Given the discussion above, I find that appellate counsel was not ineffective for not raising this issue. Therefore "cause" has not been shown. Nor has Defendant shown any prejudice.

Finally, to the extent another Court determines the claim should not be procedurally barred, the above discussion directly addresses the merits of this claim. The claim is denied.

## ADDITIONAL CLAIMS OF UNFAIRNESS

Defendant alleges that the Court's treatment of Mrs. Turner and a similarly situated white juror proves his claim of unfair prejudice by the State and the Court.

The problem with Defendant's allegations and argument is that the jurors were not factually similarly situated.

## MR. HALLEY

Mr. Halley was selected as a juror. On the second day of the trial, he reported he recognized a person watching the trial. That person was not a witness. It was learned that he was the brother of the victim.

Mr. Halley further reported that he recognized the person as someone who had worked in asbestos abatement for a sub-contractor at the Indian River Power Plant. He said to the Court, "I know him to say hi. I thought I ought to make you aware."

This juror followed the Court's instructions that if a juror recognized anyone, they should let the Court know. He then was extensively *voir dired,* and was asked the question, "If you met this person at the job or plant and you determined that a verdict should be not guilty, would this cause you any trouble?" He answered, "Not at all".

There is nothing in the record to support Defendant's allegations that this juror was a "friend" of the victim's brother, nor can this be inferred.

-7-

There was no objection by the defense and I kept the juror on the panel.

The Court determined both Mrs. Turner and Mr. Halley were qualified to be jurors. The Court made this decision after questioning each and observing their respective demeanors. The Court was satisfied they each could be fair and impartial jurors.

Ultimately, Mrs. Turner did not serve because of the State's decision to use its peremptory challenge as discussed above.

There is no merit to the claims that the State and the Court prejudiced him by allowing a white juror to remain on the panel while excluding a similarly situated African-American juror. This claim is denied.

## GROUND 5

In this ground, Defendant makes a conclusory allegation that the detective involved in the investigation committed perjury as to the testimony concerning Ground Two, Defendant's statement. As this is merely a conclusory allegation, it is dismissed without further discussion of the merits or any procedural bar.

## GROUND 6

In Ground 6, Defendant alleges the Court failed to conduct a complete analysis of the admissibility of his prior use of a firearm under D.R.E 404(b). Defendant is mistaken. The Court issued an oral decision and then subsequently addressed the same issue in the December 19, 2000 decision addressing Defendant's Motion for a New Trial. This was also one of the grounds cited in the appeal, and the Supreme Court affirmed the conviction. Therefore, this ground is denied as it has been previously adjudicated and it is procedurally barred. Rule 61(i) (4).

-8-

## GROUND 7

Ground 7 is a repeat of Ground 6, but it also includes Defendant's complaint that prior illegal drug activity should not have been admitted under D.R.E. 404(b). This complaint also was previously adjudicated as noted in Ground 6. Therefore, it is denied.

## GROUND 8

The tenor of Ground 8 is an attack on the Court's ruling concerning whether or not certain hearsay testimony would be admissible only for impeachment or for consideration as substantive evidence under 11 Del. C. §3507. It also attacks the Court's instructions as to this testimony. These issues were raised in the Motion for New Trial and rejected in this Court's decision of December 19, 2000. They likewise were rejected by the Delaware Supreme Court when the Supreme Court affirmed this Court's rulings. Therefore, this ground is procedurally barred by way of former adjudication under Rule 61(i)(4).

## GROUND 9

There is no complaint contained in Ground 9. Defendant merely discusses the substantive law as to ineffective assistance of counsel, relying upon *Strickland v. Washington*, 466 U. S. 668 (1984). Defendant acknowledges that he must establish not only that his attorney's performance fell below an objective standard of reasonableness, but also that he was prejudiced by his attorney's ineffective representation.

## GROUND 10

Defendant alleges his attorney was ineffective for not aggressively challenging the lack of probable cause for his arrest. He complains he was arrested without a weapon and that the State's

-9-

primary eyewitness was drunk. Probable cause for his arrest was based on witnesses identifying him as the shooter.

Probable cause was found by a Judge following Defendant's preliminary hearing. Therefore, by requesting a preliminary hearing, defense counsel did challenge the probable cause for the murder charge. Defense counsel was not ineffective. Nor has Defendant shown any prejudice as the standard of proof for his conviction was "beyond a reasonable doubt". This claim is denied.

## GROUND 11

In Ground 11, Defendant alleges his attorney was ineffective for not challenging or objecting to the alleged statements he made which were not tape recorded. (See Ground 2). For the same reasons stated in Ground 2, I find counsel was not ineffective. This claim is denied.

## GROUND 12

Defendant claims his attorney was ineffective for failing to argue that Count 1, the murder charge, and Count 2, the firearm charge, should have merged. This double jeopardy argument was addressed in Ground 3. For the reasons stated therein, I do not find trial counsel to have been ineffective. This claim is denied.

## GROUND 13

In Ground 13, Defendant claims his attorney was ineffective for not making a *Batson* challenge when an African-American was removed from the jury. This complaint is discussed in Ground 4, and for the reasons therein, I do not find counsel was ineffective. This claim is denied.

## GROUND 14

In Ground 14, Defendant alleges that his trial attorney was ineffective for not requesting an instruction for a lesser included offense based upon the reckless causation of death. Defendant states

-10-

the jury would have realized ". . . that this shooting was at best a lucky shot or in this matter an unlucky shot as the defendant is an untrained inexperienced shooter . . .".

This claim is factually incorrect in that defense counsel requested an instruction of Murder in the second degree based upon the reckless causation of death as opposed to the intentional causation of death. Murder in the second degree was given as a lesser included offense. There is no basis for this claim and it is denied.

## SUPPLEMENTAL MOTIONS

In each of the supplemental motions, Defendant starts over with a Ground One, Ground Two, etc. Also, some claims are identical to previously made claims. Therefore, the numbers for the following claims have been assigned by the Court. Any claim that is the same as a previously considered claim is not being included, unless the new argument warrants consideration by the Court.

## GROUND 15

Defendant alleges trial counsel was ineffective in not making objections to the Court's instructions. Defendant revisits his claims concerning the Court's limiting instructions to the jury based upon whether or not a basis had been laid for use of the hearsay evidence substantively under 11 Del. C. §3507, or whether the hearsay evidence was to be used for determination of credibility. The merits of this claim were deemed procedurally barred in Ground 8. This is the ineffective assistance of counsel claim.

Following the shooting, Kenyon Horsey drove Sharnelle West to her residence in Seaford. He testified as to her statements while in the vehicle or at Seaford.

-11-

Kenyon Horsey testified that Ms. West kept repeating words to the effect that she could not believe he (Ralph Reed) shot the man. Mr. Horsey's testimony followed Ms. West's testimony and her denial of making such statements. The State did not lay an 11 Del. C. §3507 foundation and advised that Mr. Horsey's testimony was for purposes of attacking Ms. West's credibility. The jury was instructed to use it for credibility purposes only. Later, when Ms. West was back on the witness stand, she remembered making these statements but inferred they were made more in the context that she did not believe Ralph Reed was the shooter. Since she testified to this, the Kenyon hearsay as to same became, to a degree, moot. This is an example of the fluid nature of how evidence is presented to the jury, especially when a witness denies making a statement and then later recalls making the statement.

I do not find that trial counsel was ineffective for not objecting to the Court's instructions. The need for instructing the jury during the trial was discussed fully with the attorneys. Nor can there be prejudice as the Supreme Court affirmed this Court's rulings.

This claim is denied.

## GROUND 16

### Jerome Reed

Defendant alleges that defense counsel did not interview Jerome Reed, nor call him as a witness at trial. He states he gave trial counsel Jerome Reed's name as a witness for the defense. He supplies an affidavit of Jerome Reed which states that the State's eyewitness (Yvonne DeShields), who testified she saw the Defendant shoot the victim, was actually one of the culprits involved in the shooting. It alleges Kenyon Horsey and Yvonne DeShields committed the offense.

-12-

Trial counsel testified he did not get Jerome Reed's name. He was supplied two other names and interviewed those individuals. Defendant reported to counsel they would testify that Mr. Horsey did the shooting. Trial counsel reports that "On May 15th, in the cell area I questioned Travis Johnson and Wise and neither of them said they knew who killed the victim". He also noted that eight other potential defense witnesses had been interviewed.

Defense counsel also reported that when Defendant testified, it was contrary to what he told the police and what he had told his own defense attorney earlier. Prior to trial, Defendant reported to his attorney that he had not been at the scene and that he had an alibi. This is consistent with what he told the police. Defendant was fully aware of his alibi defense as he was present at his preliminary hearing when the police testified about the alibi Defendant gave them, and he was present, when, in the defense opening statement, defense counsel informed the jury of the alibi.

At trial, after hearing the State's case against him, he testified that he was at the scene of the shooting. He said it was Mr. Horsey who shot the victim, not him.

At the Rule 61 evidentiary hearing, Defendant initially stated he gave Mr. Haller the name of Jerome Reed. But on cross-examination, he admitted he did not have Jerome Reed's name until he received Mr. Reed's affidavit last year at Delaware Correctional Center ("DCC"). He said he did tell him "Jerome" or "Jay".

I do not find Defendant credible as to his testimony on providing the names "Jerome" or "Jay" to trial counsel. I find Jerome Reed's testimony and affidavit to be creations of Defendant. Furthermore, even if the names of "Jerome" or "Jay" were given to trial counsel, I find that trial counsel was not ineffective for not locating or interviewing "Jerome" or "Jay". Trial counsel and/or

-13-

his investigator conducted a reasonable investigation based on the names and information Defendant provided.

## Keshawn Hopkins (a/k/a Banks)

Keshawn Jefferson testified that he was dropped off at Little Creek Apartments, where he lives, at approximately 10:30 on the night of the shooting. He had been visiting his daughter, and his cousin Keshawn Hopkins brought him home.

He reported that he saw Defendant standing next to the Bronco. He went to his apartment, heard shots and ran back to see what happened. He saw Defendant with his arm extended out towards the Bronco. The Bronco then ran up onto the sidewalk and into a house. He did not see a gun, but Defendant was standing in the same place that he had been when talking to the person (the victim) in the Bronco.

In the Rule 61 supplemental motion, Defendant says he gave trial counsel the name of Keshawn Hopkins (Banks). He further alleges Mr. Hopkins would have contradicted the above testimony by Keshawn Jefferson. Trial counsel testified he did not recall receiving the name of Mr. Hopkins.

Defendant does not offer an affidavit of Mr. Hopkins, nor did Defendant call Mr. Hopkins to testify at the evidentiary hearing. At trial, Keshawn Jefferson testified he was not in a car at the time of the shooting as the Rule 61 allegations infer. He said he was dropped off by Keshawn Hopkins, who was gone by the time the shooting started.

Defendant has failed to provide any evidence to support his claim that Keshawn Hopkins (Banks) would have been a helpful witness. This claim fails as Defendant cannot show any

-14-

prejudice. There is no proof Keshawn Hopkins (Banks) would have contradicted this testimony. Since there is no prejudice, this claim of ineffective assistance of counsel is denied.

## GROUND 17

Defendant alleges that his attorney was ineffective for failing to move for a judgment of acquittal at the conclusion of the State's case. Based upon the evidence presented in the State's case-in-chief, it was not unreasonable for trial counsel not to make a motion which, obviously, would have been denied. In the State's case-in-chief, there were three eyewitnesses who testified Defendant was the shooter. Defendant has failed to establish a deficiency in trial counsel's performance which caused Defendant prejudice. This claim is denied.

## GROUND 18

In this attack, Defendant does not allege anything new but argues that the cumulative effect of all the previously discussed complaints produced an unfair trial. Since I have not agreed with Defendant as to his earlier allegations, there is no cumulative effect to be considered, and this claim is denied.

## DEFENDANT'S SECOND SUPPLEMENTAL MOTION

## GROUND 19

In this filing, Defendant argues that trial counsel was ineffective in his examination of Sharnelle West because "he opened the door" to incriminating testimony by Ms. West. He replows old ground, but it shall still be considered as an ineffective assistance of counsel claim.

Defendant argues that although Kenyon Horsey testified that Ms. West told him she could not believe Ralph shot that man, the State could not use this as substantive evidence under 11 Del. C. §3507 because she denied ever making the statement. Defendant complains that in a subsequent

-15-

examination by his attorney, she recalled making the statement, thereby "opening the door" for the State's substantive use of Ms. West's comments.

I do not find that trial counsel committed error in his questioning of Ms. West, nor do I find Defendant has shown any prejudice as is necessary under *Strickland* to prove ineffective assistance of counsel.

Further background information is necessary to understand the relationship between this testimony and 11 Del. C. §3507 and limitations on the use of the testimony.

Ms. West was a friend of Defendant. Her pertinent testimony may be summarized as follows. She was "hanging out" with Defendant, Darren Bacon and Marshika Williams on the evening of the homicide. They were at or near a green utility box located near the entrance to Little Creek Apartments. She said Ralph walked toward a truck at the entrance to Little Creek Apartments. She heard shots, but did not see who did the shooting. She said she did not look because "I didn't want to, I guess". Later she caught a ride with Kenyon Horsey to Seaford. She denied telling Mr. Horsey she could not believe Ralph shot that man. The State did not lay a §3507 foundation and reported the State's intent only to use any contradictory testimony from Mr. Horsey for impeachment.

The State later presented Mr. Horsey who testified that Ms. West kept repeating she could not believe Ralph had shot the man.

This ultimately resulted in an instruction during trial as to the use of certain testimony by the jury under §3507 and the limited use of certain testimony as to how it may impact on the witnesses' credibility. The Court's ruling was the subject of a post-trial decision denying a new trial, which the Supreme Court affirmed.

-16-

While the State called Ms. West, she was, in reality, a defense witness. She was a reluctant witness whose only inculpatory testimony placed him at the truck. She was subject to vigorous examination about her relationship with Defendant and what she saw, what she did not see, and what there was to be seen, but not seen. There was direct, cross, redirect, recross, etc. On further examination, which came two days after her initial testimony, in response to a question by Mr. Haller, she remembered she told Mr. Horsey she could not believe Ralph shot the man, but the inference was a statement that she did not believe he did it. She said she did not see who did it but heard it might have been Ralph and therefore the context of her statement to Horsey was that she did not believe it.

From all of the above, it is an understatement to conclude that Ms. West was a puzzling witness for both the State and defense. Her testimony and the reasonable inferences therefrom helped and hurt both the State and the defense. The fact that the witness initially denied or failed to recall the comment to Mr. Horsey is not something under trial counsel's control, nor can he be blamed for her subsequent recollection that she did make the comments. To the extent her credibility had been attacked, her subsequent recollection of the comment and explanation was to Defendant's benefit. Defendant has not shown the explanation by Ms. West was inculpatory. His choice to hang his guilty verdict on this witness as opposed to three eyewitnesses is misplaced.

Defendant has not established that his trial counsel, in the heat of battle and in cross-examining a complex and sometimes contradictory witness, did anything wrong. *Strickland* teaches us to avoid "Monday morning quarterbacking". Therefore, I do not find that trial counsel committed an objective *Strickland* error by asking her what she told Mr. Horsey and why. Nor do I find any prejudice. Although she then confirmed she did have the conversation with Mr. Horsey, she

-17-

explained it. So, to the extent that testimony then became substantive testimony, she told the jury the basis for the statement. This claim is denied.

## GROUND 20

### LOST CHANCE

Defendant testified that he was selling drugs with Kenyon Horsey. They took turns selling drugs to people who drove up to the Little Creek Apartments' entrance, a known drug market. Defendant said it was Mr. Horsey who went up to the victim's car, did the deal, and then shot the victim. He was the only person who testified Mr. Horsey was at the scene of the shooting. Everyone else testified the other male participating in drug sales was Mr. Bacon. Even Mr. Bacon testified to this.

Nevertheless, Defendant argues, based on his testimony, that there exists circumstantial evidence that Mr. Horsey and he were co-conspirators in the sale of illegal drugs. As a co-conspirator, he might be guilty of the murder committed by his co-conspirator, Mr. Horsey, but his attorney never offered such an alternative theory of accomplice liability to the Court. Furthermore, such a theory would have required the jury to focus on his culpable mental state to determine the degree of murder. *Chance v. State*, 685 A.2d 351 (Del. Super. Ct. 1996). He alleges his attorney's ineffectiveness caused him to lose his chance for a *Chance* instruction.

This is an interesting theoretical allegation. Having first told his attorneys he was not present at the scene at all, and then testifying he was nearby but not involved in the shooting at all, he now wants to argue his attorney should have argued he was not the shooter, but could have been guilty as an accomplice to Mr. Horsey.

-18-

This argument ignores the entire theory of the State's case, which was that Mr. Reed was the shooter. If the jury determined Mr. Reed was not the shooter, then he was "not guilty". There was no possibility of a conviction as an accomplice.

This argument is also a classic case of "Monday morning quarterbacking". Defendant argues that his attorney should have called another "play". I do not find that trial counsel committed error or missed an opportunity to obtain a *Chance* instruction. Even had he raised this theory, under the evidence as presented, it would not have been appropriate to give a *Chance* instruction. Finally, the jury, having been given the opportunity of murder first, murder second, or not guilty in considering Defendant's conduct, determined he was guilty of murder in the first degree. The jury considered Defendant's guilt based on his culpable state of mind. There is no prejudice. This ground is denied.

## GROUND 21

Defendant argues that the State violated *Brady v. Maryland*, 373 U. S. 83 (1963) with regard to Kenyon Horsey. After Mr. Horsey testified on direct examination, the prosecutor informed the Court and defense counsel that the witness was told to tell the truth and to the extent the witness was involved with criminal activity (drugs and guns), he would not be prosecuted. Defendant argues this was a *Brady* violation concerning the State's primary witness.

Regardless of the timing of the State's report, it came prior to cross-examination. The defense was aware of this as well as D.R.E. 609 evidence as to this witness. Defendant can show no prejudice, even if disclosure may have come late. Having shown no prejudice, this ground is denied.

-19-

### THIRD SUPPLEMENTAL FILING

### GROUND 22

Defendant makes several claims of ineffective cross-examination by trial counsel.

Defendant alleges that if trial counsel had pursued the information contained in Jerome Reed's affidavit filed in Defendant's first supplement to this Rule 61 petition, he would have had ammunition to attack the credibility of the State's primary witnesses. This complaint fails based on this Court's findings in Ground 16 as to Jerome Reed and Ralph Reed. It is denied.

Defendant complains that there was not effective examination of Yvonne DeShields and Sarah Handy because there existed potential inconsistences in their testimony that trial counsel did not exploit. Ms. DeShields testified that one of the people near Defendant at the time of the shooting was named "Sarah". Since Sarah Hardy testified she was at her window when she saw Defendant, one of them must be wrong.

Trial counsel was not ineffective for not fully exploiting this inconsistency which Defendant argues could have shown to the jury that Yvonne DeShields was untruthful about seeing him shoot the victim.

In any trial, the evidence comes to the jury witness by witness. During this necessary piecemeal process, it is difficult for anyone to keep track of every single potential inconsistency or conflict.

*Strickland* warns reviewing judges to consider the entire case when considering specific complaints of ineffective counsel and to evaluate what counsel did or did not do from counsel's shoes while he or she is engaged in the battle.

-20-

I am satisfied that trial counsel's examination of these witnesses was reasonably effective. Defendant is entitled to counsel whose preparation and skills result in a reasonably reliable adversarial trial. In the heat of battle, trial counsel are entitled to wide latitude in how cross-examination may be conducted. Since the jury heard the above inconsistency, I do not find trial counsel committed objective error for not exploiting this as Defendant would now like him to have done.

For the same reason, the Defendant cannot and does not prove any prejudice even if trial counsel committed error. The jury heard the inconsistency and was instructed to consider all the evidence in determining credibility. This claim is denied.

## GROUND 23

An issue on appeal was the use of Kenyon Horsey's testimony and Ms. West's testimony for both substantive and credibility purposes and the interpretation of 11 Del. C. §3507.

Defendant now argues that had trial counsel not intentionally elicited from Ms. West testimony that she remembered telling Mr. Horsey "I don't believe he did it", then he would have had better reasons to attack the trial court's rulings on appeal, which would have resulted in a reversal by the Supreme Court.

The Defendant's attempt to use his claim of ineffective assistance at trial as a bridge to build an ineffective assistance of counsel claim on appeal fails because the initial claim was rejected in Ground 19 of this decision.

This claim is denied.

Finally, as to the Rule 61 portion of this decision where the claim is procedurally barred, I have considered the "escape" provisions of this Rule. I do not find the claims should be considered

-21-

despite the bar either in the interest of justice or under the fundamental fairness exception of Rule 61(i)(5). Nor have I found any of the allegations to warrant consideration as a "colorable claim" that there was a "miscarriage of justice because of a constitutional violation" under Rule 61(i)(5).

## CONSIDERATION OF PRESENT PLEADINGS AS A

## NEW TRIAL MOTION UNDER RULE 33

Defendant has not sought a new trial based on newly discovered evidence. Perhaps that is because the two year time limit for filing a Rule 33 Motion is "jurisdictional and mandatory". *Maxion v. State*, 686 A.2d 148 (Del. 1996). If his present claims, based on Jerome Reed's affidavit, were to be considered under Rule 33, I must impose the jurisdictional bar as it comes too late. His conviction was affirmed in July, 2001.

Because he is alleging innocence, I shall review why the claim has no merit even if it had been filed timely.

## CREDIBILITY OF JEROME REED

Ralph Reed provided the Court an affidavit of Jerome Reed signed on November 24, 2004. In Jerome Reed's affidavit, he states the following:

1. He was an eyewitness to the shooting.

2. Yvonne DeShields was present. She stopped a blue and white Bronco driven by a white man. She talked to the white man at the driver's side of the vehicle, then she walked around and got into the passenger side of the vehicle. They drove around the block, and she got out.

3. She called to Kenyon Horsey, who also was driving his vehicle down the street. Kenyon and Yvonne spoke.

-22-

4.    Kenyon then went to the Bronco and gave the white man something. The Bronco pulled off and Kenyon pulled out again and fired at the Bronco and the Bronco ran into a house.

5.    Kenyon gave the gun to Yvonne and she walked toward the graveyard. Later, Yvonne was in Kenyon's car talking.

At the evidentiary hearing, Jerome Reed testified as follows:

1.    He was present with about 10 people at the scene of the shooting.

2.    Cars would pull up and guys would run up and sell stuff (drugs).

3.    He could recognize who did the shooting, but knew it was not Ralph because as he ran away, he ran into Ralph Reed. Ralph Reed was coming out of a house looking like he just woke up and asked what happened.

4.    Jerome Reed then left the area.

5.    Nobody from the Public Defender's office ever talked to him.

6.    After the shooting, the lady (Yvonne) took the gun.

7.    He does not know Ralph Reed. He does not see him at prison. Does not remember seeing him other than on the night of the shooting. He does know of him and knows his name.

8.    He was an informant for Delaware State Police ("DSP") and attempted to pass what he knew to his "contact". Jerome Reed's testimony as to this was inconsistent and contradictory.

9.    He did not know the shooter's name as anything but "Kenyon" because that is the name Yvonne shouted out. Also, he just knew Yvonne's first name. When asked

-23-

how he knew last names for inclusion in his affidavit, he said he asked around at the prison kitchen and somebody told him.

10. He acknowledged a conviction in 2001 for Robbery 1st, Kidnaping 2nd, Burglary 1st, thefts, etc. and is serving a fifty-one year sentence. Prior convictions include other crimes of dishonesty, including falsely reporting a crime.

11. He contradicted himself as to who drafted the affidavit, first stating he wrote it but then stated someone else wrote it and he signed it.

Ralph Reed testified at the evidentiary hearing as follows:

1. He gave his attorney the name of Jerome Reed as a defense witness. On cross-examination he admitted he only knew Jerome Reed as "Jerome" or "Jay". He learned of his full name when he received Jerome Reed's affidavit out of the blue. He then admitted he could not and did not give trial counsel the name of Jerome Reed.

2. He said he did not know Jerome Reed and never had any conversation with him.

3. He testified he never told Mr. Haller about an alibi involving his grandmother's house. He said this despite (i) being present at his preliminary hearing when the detective testified Defendant reported to them he was asleep at his grandmother's house and was not at the shooting; (ii) being present at the suppression hearing at which the alibi was discussed; and (iii) being present when his trial attorney gave an opening statement in which the jury was told of the alibi; i.e., at grandmother's house. Trial counsel reported that it was at the trial, after several eyewitnesses identified Ralph as the shooter, that he learned of Ralph's position as to being present at the

-24-

scene of the homicide. Proof of an alibi as the planned trial strategy is born out by the trial testimony of Ivy Miller, the Defendant's sister. She was a sequestered witness. She testified she was standing next to Ralph, at their grandmother's house, when she heard two shots.

Ralph Reed testified at trial as follows:

1.    He stated Kenyon Horsey shot the man. [He was the only person at trial to testify that Kenyon Horsey was even present].

2.    He stated he and Kenyon were taking turns selling drugs to people in cars when Kenyon went up to the Bronco and ended up shooting the man. He stated Yvonne was not there.

Sonya Lewis, a Department of Correction employee, testified she assigns inmates to cells at DCC. From May 10, 2004 to June 22, 2004, Ralph Reed and Jerome Reed were cell mates with Jerome on the top bunk and Ralph on the bottom bunk.

The DSP officer who was the informant contact for Jerome Reed testified that the DSP had stopped using Jerome Reed as an informant in September 1999 because of the falsely reporting conviction. He testified he never received any information from Jerome Reed about Little Creek; and if he had received information about a murder investigation, he would have passed it on to the unit involved.

## ANALYSIS

In considering whether or not to grant a new trial based on newly discovered evidence, the Court should consider the following:

-25-

1.    The evidence must be of such a nature that it probably would have changed the result
      if presented to the jury;

2.    The evidence must have been newly discovered; i.e., it must have been discovered
      since the trial and the circumstances must be such as to indicate it could not have
      been discovered before trial with due diligence; and

3.    The evidence must not be merely cumulative or impeaching.

*Lloyd v. State*, 534 A.2d 1262, 1267 (Del. 1987).

In this analysis, I must say that the affidavit and circumstances of its creation lead any reasonable person to but one conclusion - it is not credible for at least the following reasons:

1.    Jerome Reed's affidavit was provided to Defendant while at Delaware Correctional Center "out of the blue". It was just delivered to him.

2.    Jerome Reed said names in the affidavit were provided to him while in the kitchen at Delaware Correctional Center.

3.    Ralph and Jerome adamantly denied knowing each other. The fact that they were cell mates for 42 days several months before Jerome's affidavit landed in Ralph's lap adds to their credibility problems.

4.    Jerome Reed's multiple convictions for felonies and crimes of dishonesty, while not as destructive of his credibility, are factors to be considered.

5.    The circumstances of the creation of the affidavit are suspect. First Jerome Reed said he wrote it, but then upon being examined about the penmanship differences between his name and the body of the document, he testified someone drafted it and he signed it.

-26-

6.      While the affidavit is cumulative as to what Ralph Reed testified - "Kenyon's the shooter" - it is impeaching in that Jerome says Yvonne DeShields was present and directly involved with the victim before the shooting and with Kenyon after the shooting, while Ralph's trial testimony was "She was not out there".

The evidence supporting Ralph Reed's guilt was strong. Three eyewitnesses who knew Defendant testified he was the shooter. None had any motivation to testify falsely. One was his childhood babysitter. Even his friends placed him at the scene of the shooting. At trial, other than Defendant, no one placed Kenyon Horsey near the shooting. Jerome Reed does accuse Kenyon Horsey, but his version, while supportive of Horsey being the shooter, is so far off base with what everyone else reported, including Defendant, that it is not credible. By way of example, he places Yvonne DeShields as being directly involved with Kenyon Horsey. Defendant does not even do that.

Also critical to the credibility analysis is that Jerome Reed does not put Defendant at the scene, but coming out of a house afterwards. Defendant's trial testimony puts him directly at the scene.

In reviewing the testimony of the trial witnesses, there is a harmonious, consistent report of what occurred. Defendant, Mr. Bacon and their lady friends were at the utility box near the entrance of Little Creek Apartments. Mr. Bacon and Defendant serviced the drive-by customers as to their drug needs. Defendant was "flammed" or ripped off by a customer who tried to drive away without paying and Defendant pulled his firearm and shot him.

What Defendant desires to do is substitute Mr. Horsey for Mr. Bacon and then have him be the shooter. Defendant's version is contrary to all the other evidence.

-27-

Based on the above discussion, even if the discovery of Jerome Reed was found to be something that could not have been discovered before trial with due diligence, I find that the "new" evidence probably would not have changed the result. The inconsistences are noted. The evidence of their conspiracy to create this "newly discovered evidence" is based on their contradictory testimony and on reasonable inferences. It is clear they were untruthful in their testimony. Finally, I find it, at best, to be merely cumulative and mostly impeaching based on the above discussion.

Consideration of a new trial under Superior Court Criminal Rule 33 is denied.

## SUMMARY

All claims presented by the Defendant under Rule 61 or, alternatively, under Rule 33, are denied.

**IT IS SO ORDERED.**

Yours very truly,

T. Henley Graves

THG:baj

-28-


Ralph Reed #00300-25
Major Bldg D2
Delaware Correspond Center
181 Paddock Rd
Smyrna, De 19477

OFFICE of the Clerk
United States District Court
District of Delaware
844 N. King Street
Lockbox 18
Wilmington, De 19801

U.S.M.S.
X-RAY