**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **RALPH REED,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 06-445-KAJ |
| | : | |
| **THOMAS CARROLL**, Warden and **CARL C. DANBERG**, Attorney General for the State of Delaware, | : | |
| | : | |
| Respondents. | : | |

**ANSWER**

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On November 24, 1999, the petitioner, Ralph Reed, was arrested and subsequently charged with first degree murder and possession of a firearm during the commission of a felony. *See* Del. Super. Ct. Crim. Dkt. Items 1 & 2 in Case No. 9911018706. In May 2000, a Superior Court jury convicted Reed of both offenses. *See Reed v. State*, 2001 WL 819587, *1 (Del. July 12, 2001). In December 2000, Superior Court denied Reed's motion for a new trial; Reed was sentenced in January 2001 to life in prison for the murder and an additional twenty years in prison for the weapons offense. *See State v. Reed*, 2000 WL 179685 (Del. Super. Ct. Dec. 19, 2000); Del. Super. Cr. Crim. Dkt. Item 75. Reed's convictions and sentence were affirmed on appeal. *Reed*, 2001 WL 819587 at *1.

In July 2004, Reed moved for postconviction relief under Superior Court Criminal Rule 61. *See State v. Reed*, 2005 Del. Super. LEXIS 348 (Del. Super. Ct. Oct. 5, 2005). After receiving responses from trial counsel and holding an evidentiary hearing, Reed's motion was denied by

Superior Court in October 2005. *Id.* The Delaware Supreme Court affirmed that decision in May 2006. *Reed v. State*, 2006 WL 1479763 (Del. May 26, 2006). Reed's federal habeas petition (D.I. 1) and his memorandum in support (D.I. 3) are undated, but the two appendices to the memorandum (D.I. 4 & 5), filed on the same day, are dated June 17, 2006.

## Facts

As recited by the Delaware Superior Court judge in his decision on the motion for a new trial, 2000 WL 33179685 at *1, the relevant facts adduced at Reed's trial were as follows:

> Simply put, this was a drug deal that went bad. Gregory Howard ("Howard"), the victim, was a crack cocaine addict. Reed was a drug dealer. He sold drugs in the Little Creek area of Laurel, Delaware. From the testimony, drugs are sold openly near the entrance of the Little Creek Apartments in Laurel.
>
> In the late evening of November 23, 1999, Howard drove his pickup truck to the entrance of Litle Creek Apartments. He stopped his vehicle near the entrance where the defendant was standing nearby. They had had previous transactions. The defendant approached the truck. Suddenly, the pickup truck accelerated, squealing its tires and someone yelled "Flammed."*
>
> Reed pulled a pistol and shot at the fleeing vehicle approximately four times; a close pattern of bullets entered through the back of the vehicle, in the area of Howard's head. One bullet struck him in the back of the head, killing him. In the vehicle, the police found a piece of crack cocaine as well as Howard's empty wallet, creating an inference supportive of the flam.
>
> When the police interviewed Reed, he denied being involved in the shooting and stated that he was not at the entrance of Little Creek Apartments when the shooting occurred. He said he was at his grandmother's and had spent the night there. Further, he stated he did not have a gun and had never owned a gun.
>
> *Flammed is a street word indicating a rip-off and presumably derived from one having been flimflammed.

Discussion

In his federal habeas petition and memorandum in support, Reed presents the following claims: (1) police did not have probable cause to arrest him; (2) Reed was questioned in violation of his right to remain silent and defense counsel should have challenged the voluntariness of the statement; (3) his conviction for the weapons offense violates double jeopardy principles; (4) the prosecution improperly struck the only black juror in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986); (5) the voir dire questioning during jury selection was discriminatory; (6) the venirepersons were treated differently in that Reed's black friends and relatives were excluded for cause, while white relatives and friends of the victim were not excused; (7) prosecutorial misconduct in using Reed's statement to police in evidence; (8) improper admission of prior bad acts evidence at trial; (9) incorrect limiting instructions to the jury regarding the use of certain evidence; (10) trial counsel provided ineffective assistance at every stage of the trial proceedings; (11) trial counsel was ineffective because he failed to investigate and subpoena two defense witnesses, Jerome Reed and Keyshawn Banks; (12) defense counsel, the prosecutor and the trial judge all improperly allowed the admission of Sharnelle West's "involuntary" out-of-court statement; (13) trial counsel failed to request the jury be given a *Chance*[1] accomplice liability instruction regarding the lesser included offenses of murder; (14) trial counsel was ineffective in failing to raise a *Brady* violation claim; (15) trial counsel was ineffective because he failed to move to suppress Reed's statement due to a deficient arrest warrant; (16) trial counsel failed to move for a judgment of acquittal due to insufficient evidence; (17) appellate counsel was ineffective because he failed to raise a claim that Ms. West's statement was involuntary. D.I. 3. Reed's claims, however, are unavailing.

*Untimely claims*

Reed is not entitled to relief because the claims presented in his petition are untimely under 28 U.S.C. § 2244(d). Because Reed's petition was filed in June 2006, it is subject to the Antiterrorism and Effective Death Penalty Act ("AEDPA") signed into law by the President on April 24, 1996. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding the AEDPA applies to "such cases as were filed after the statute's enactment."); *Lawrie v. Snyder*, 9 F. Supp.2d 428, 433 n.1 (D. Del. 1998); *Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997). By the terms of § 2244(d)(1), a federal habeas petitioner must file the petition within one year of the date on which the state court judgment became final upon the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Calderon v. Ashmus*, 523 U.S. 740, 742-43 (1998).[2] Thus, the one-year period of limitations began to run when Reed's conviction became final under § 2244(d)(1)(A). *See, e.g., Gibbs v. Carroll*, 2004 WL 1376588, *2 (D. Del.).

The Delaware Supreme Court affirmed Reed's conviction and sentence on July 12, 2001. *Reed*, 2001 WL 819587. Although Reed did not seek review by the United States Supreme Court, the ninety-day period in which he could have filed a petition for a writ of certiorari expired on October 10, 2001. *See Kapral v. United States*, 166 F.3d 565, 576 (3d Cir. 1999) (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Reed thus had until October 10, 2002 to file his federal habeas petition without running afoul of § 2244(d). *See, e.g., Samuel v. Carroll*, 2004 WL 1368845 (D. Del.); *Morales v. Carroll*, 2004 WL 1043723 (D. Del.). Reed's petition, presumably

---

[1] *Chance v. State*, 685 A.2d 351 (Del. 1996).

[2] Reed does not allege, nor can respondents discern, any reason to believe that the terms of 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable.

dated June 17, 2006, [3] is obviously filed past the October 2002 deadline. The petition is thus untimely and must be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999).

In turn, the tolling mechanism of § 2244(d)(1) does not save Reed's petition from the running of the limitations period. *See* 28 U.S.C. § 2244(d)(2). When applicable, § 2244(d)(2) tolls the one-year period of § 2244(d)(1) during the time that a properly filed state postconviction action is pending in the state courts. If the one year period has already expired, a postconviction motion filed after that point does not revive the one year period. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000); *Samuel*, 2004 WL 1368845, *3. But all of Reed's litigation occurred after the statute of limitations had run. The limitations period began to run on October 11, 2001, and the period expired on October 10, 2002. A state postconviction action was not filed by Reed until July 8, 2004, more than a year and a half after the limitations period of § 2244(d)(1) had expired. Thus, the state postconviction action has no effect on the statutory tolling provision. *See Lawrence v. Carroll*, 2003 WL 21402509, *2 (D. Del. June 10, 2003). Because the one year period was not tolled under § 2244(d)(2), Reed's petition is untimely under § 2244(d). Thus, the statute of limitations expired on Reed's claims prior to June 17, 2006, i.e., the date indicated on the petition, and the petition is therefore barred by § 2244(d). *See, e.g., Samuel*, 2004 WL 1368845, *3; *Benson v. Carroll*, 2004 WL 1151547, *4 (D. Del. May 18, 2004).

---

[3] *See supra* at 2; *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (a prisoner's petition is considered filed on the date he delivers it to prison officials for mailing); *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998) (same); *Woods v. Kearney*, 215 F. Supp.2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing).

As the Court has repeatedly noted, however, the limitation period may be subject to equitable tolling. *See, e.g., Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del.) (describing rule). Equitable tolling, however, applies only where the petitioner "has in some extraordinary way been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998). Here, Reed does not allege or demonstrate any extraordinary circumstances that prevented him from filing his petition with the Court in a timely manner. Reed cannot credibly allege that the legal arguments or facts were unavailable to him during the limitation period. "To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance." *Wilmer v. Carroll*, 2003 WL 21146750, *5 (D. Del.); *see Simpson v. Snyder*, 2002 WL 1000094, order at *3 (D. Del.) (rejecting such an argument made by petitioner). In short, Reed's claims are untimely under § 2244(d), and there is no basis upon which any relevant time should be excluded by virtue of the equitable tolling doctrine.

*Procedurally defaulted claims*

Alternatively, Reed's claims 1-10 and 13-17 are procedurally defaulted. In order to exhaust state remedies, Reed must have presented to the state courts the legal and factual basis of the claims which he presents to the federal habeas court. *See* 28 U.S.C. § 2254(b); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1990); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986). A petitioner must demonstrate that the claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, *2 (D.Del.). Although Reed raised 23 claims in his state postconviction motion in Superior Court, he did not fairly present the above-listed claims to the state supreme court. In his

direct appeal, Reed raised two claims: "(i) that the trial court abused its discretion in admitting

evidence that on prior occasions he had discharged a handgun and had been involved in drug dealing

and (ii) that the court gave an incorrect instruction concerning the use of certain statements for

impeachment purposes." *Reed*, 2001 WL 819587 at *1. On appeal from the denial of his state

postconviction motion, Reed presented the following claims: counsel was ineffective in not properly

raising a *Batson* challenge to the prosecutor's use of a peremptory strike that resulted in the removal

of the only black person selected to serve on the jury; counsel failed to challenge the voir dire

questions that resulted in prospective jurors who knew the defendant or his family or friends being

eliminated for cause while prospective jurors who knew the victim's family or friends were ignored;

counsel was ineffective in failing to investigate and subpoena two witnesses; trial counsel was

ineffective in opening the door for the admission of Sharnelle West's § 3507 statement;[4] and defense

counsel should have requested a "full chance [jury] instruction on all the lesser included offenses to

first degree murder." Op. Br. in *Reed v. State*, Del. Supr. Ct. No. 534, 2005. Thus, only the claims

4-6, 9, and 11-13 presented in the federal habeas petition, *see supra*, were presented to the state

supreme court; none of the remaining claims have been exhausted.[5] Claims 4-6 (*Batson* claims)

were held by the state courts to be procedurally barred under Superior Court Criminal Rules 61(i)(3)

(for failure to have raised the claim on direct appeal). *Reed*, 2005 Del Super. LEXIS 348 at *7-10.

Claim 9 (inappropriate limiting instructions) was only presented under

---

[4] *See* DEL CODE ANN. TIT. 11, § 3507 (allowing the admission as affirmative evidence the voluntary out-of-court prior statement of a witness who is present and subject to cross-examination).

[5] Claim 8, asserting a due process violation due to the admission of prior bad acts evidence, was presented only as a state law claim on direct appeal to the state supreme court. *See* Appellant's Opening Brief at 10-27 in *Reed v. State*, Del. Supr. No. 44, 2001. Thus, Reed's federal due process claim remains unexhausted. *See Bright v. Snyder*, 218 F. Supp.2d 573, 577-80 (D. Del. 2002).

the plain error standard because Reed had failed to raise the issue at trial, thus procedurally defaulting the claim. *Reed*, 2001 WL 819587 at *1. Further, claim 13 (*Chance* instruction) was presented in a single sentence on page 26 of Reed's opening brief in the postconviction appeal, with no supporting discussion or argument. As such, Reed can hardly now contend that the claim was "fairly presented" to the state supreme court. *See Picard v. Connor,* 404 U.S. 270, 275 (1971); *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir.1999) (a petitioner must "present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted").

Because, however, there is no available state remedy for Reed's unexhausted claims of error, he is excused from the exhaustion requirement with respect to those claims. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001). If Reed now tried to raise his claims in state court, the claims would be barred under Superior Court Criminal Rule 61(i)(4) as formerly adjudicated, Reed having raised the claims in his postconviction motion. *See Kennedy v. Kearney*, 1996 WL 534877, mem. op. at *2-3 (D. Del. Sept. 11, 1996). Moreover, because his conviction became final more than three years ago, these claims would also now be time-barred under the rule. *See* DEL. SUPER. CT. CRIM. R. 61(i)(1). As a result, Reed is excused from satisfying the exhaustion requirement. *See Lawrie*, 9 F. Supp. 2d at 454. Although deemed exhausted, such claims are still considered to be procedurally barred. *Lines v. Larkin*, 208 F.3d 153, 160 (3d Cir. 2000).

Federal habeas review of Reed's claims 1-10 and 13-17 is thus barred unless Reed establishes cause for his procedural defaults in the state courts and actual prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992); *Johnson v.*

*Ellingsworth*, 783 F. Supp. 215, 218-21 (D. Del. 1992). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner "must show 'not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Carrier*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Reed has failed to allege cause for his procedural default, and the claims can be dismissed on that basis alone. *See Smith v. Murray*, 477 U.S. 527, 533 (1986); *McLaughlin v. Carroll*, 270 F. Supp. 2d 490, 501 (D. Del. 2003).

Reed, however, argues that he is actually innocent. *See* D.I. 1 at 14. He bases that claim on the "newly discovered evidence" of Jerome Reed's affidavit averring that Kenyon Horsey, not Reed, was the actual shooter. Prisoners asserting innocence as a gateway to procedurally defaulted claims must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 126 S. Ct. 2064, 2077 (2006); *see also Schlup v. Delo*, 513 U.S. 298 (1995); *Cristin v. Brennan*, 281 F.3d 404, 420 (3d Cir. 2002). Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). A petitioner must "support his allegations of constitutional error with *new reliable evidence* – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added); *see also Cristin*, 281 F.3d at 420.

Reed bases his actual innocence claim on Jerome Reed's affidavit. The trial court, however, considered Reed's claim after an evidentiary hearing and found Jerome Reed's affidavit not to be credible. *See Reed*, 2005 Del. Super. LEXIS 348 at *37. The trial court noted that Jerome Reed, in his affidavit, stated that he was an eyewitness to the shooting and that he saw Kenyon Horsey give a man in the Bronco something, fire a gun at the Bronco, and give the gun to Yvonne DeShields. *Id.* at *32-33. At the postconviction evidentiary hearing, Jerome Reed testified that he did not know the shooter's name as anything but "Kenyon" because that is the name DeShields called out. *Id.* at *33. He discovered the last name from asking around at the prison kitchen. *Id.* Jerome Reed also testified that he did not know Ralph Reed and did not remember seeing him in prison. *Id.*. at *33-34. The trial judge noted that Jerome Reed "contradicted himself as to who drafted the affidavit, first stating he wrote it but then stated someone else wrote it and he signed it." *Id.* at *34. At trial, Reed testified that Kenyon Horsey shot the man, but he was the only person to testify that Horsey was present at the scene. *See id.* at *35. Moreover, Reed testified that Deshields was not present. *Id.* At the evidentiary hearing, a Department of Correction employee testified that she had assigned Ralph Reed and Jerome Reed to the same cell from May 10, 2004 to June 22, 2004. *Id.* at *36. Jerome Reed's affidavit is dated November 24, 2004. D.I. 4 at A102. Ultimately, the trial court found that the affidavit was not credible because it was provided to Reed simply "out of the blue"; Jerome Reed was provided the names in the affidavit while in the prison kitchen; both Ralph and Jerome Reed denied knowing each other although they had been cellmates; Jerome Reed has multiple convictions for felonies and crimes of dishonesty; the circumstances of the creation of the affidavit are suspect; and the affidavit contradicts Reed's trial testimony concerning the presence of DeShields and the whereabouts of Reed. *Id.* at *37-38. Thus, Jerome Reed's affidavit is not a "trustworthy eyewitness

account" constituting "new *reliable* evidence." *Schlup*, 513 U.S. at 324 (emphasis altered); *see also Shabazz v. Artuz*, 336 F.3d 154, 161 (2d Cir. 2003) (trial court's assessment of witness credibility is a factual finding presumed to be correct under 28 U.S.C. § 2254(e)(1) unless rebutted by bclear and convicncing evidence); *Weeks v. Snyder*, 219 F.3d 245, 258 (3d Cir. 2000) ("The federal statute provides us 'no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by [us].'") (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)).

Further, Reed cannot establish that "no reasonable juror would find him guilty beyond a reasonable doubt." *House*, 126 S. Ct. at 2077. As noted by the trial judge,

> The evidence supporting Ralph Reed's guilt was strong. Three eyewitnesses who knew Defendant testified that he was the shooter. None had any motivation to testify falsely. One was his childhood babysitter. Even his friends placed him at the scene of the shooting. At trial, other than Defendant, no one placed Kenyon Horsey near the shooting. Jerome Reed does accuse Kenyon Horsey, but his version, while supportive of Horsey being the shooter, is so far off base with what everyone else reported, including Defendant, that it is not credible. By way of example, he places Yvonne DeShields as being directly involved with Kenyon Horsey. Defendant does not even do that.
>
> Also critical to the credibility analysis is that Jerome Reed does not put Defendant at the scene, but coming out of a house afterwards. Defendant's trial testimony puts him directly at the scene.
>
> In reviewing the testimony of the trial witnesses, there is a harmonious, consistent report of what occurred. Defendant, Mr. Bacon and their lady friends were at the utility box near the entrance of Little Creek Apartments. Mr. Bacon and Defendant serviced the drive-by customers as to their drug needs. Defendant was "flammed" or ripped off by a customer who tried to drive away without paying and Defendant pulled his firearm and shot him.
>
> What defendant desires to do is substitute Mr. Horsey for Mr. Bacon and then have him be the shooter. Defendant's version is contrary to all the other evidence.

*Id.* at *38-39. Given the strong evidence against Reed presented at trial, the introduction of the "new evidence" of Jerome Reed's affidavit would not have altered the outcome at trial. Therefore, Reed's

actual innocence claim does not amount to a miscarriage of justice to overcome the procedural default of his claims in state court. Reed's claims 1-10, and 13-17 must be dismissed.

*Claims 11-12 - Ineffective assistance of counsel claims*

Reed asserts that his trial counsel provided ineffective assistance by failing to investigate and subpoena two defense witnesses, Jerome Reed and Keshawn Banks. He also complains that his trial counsel improperly opened the door for the admission of Sharnelle West's allegedly involuntary out-of-court statement.[6] Reed presented these claims to the state supreme court on appeal from the denial of his postconviction motion, thus exhausting the claims. *See Smith v. Digmon*, 434 U.S. 332, 333-34 (1978); *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir. 1984). Under 28 U.S.C. § 2254(d), however, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999); *Lawrie*, 9 F. Supp. 2d at 434. The clearly established federal law which governs ineffective assistance of counsel claims is the two-pronged standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). In this case, the Delaware state courts correctly identified the two-prong *Strickland* standard to Reed's ineffectiveness claims. Thus the state supreme court's denial of the claim was not contrary to clearly established federal law. *See Williams v. Taylor*, 529 U.S. 362, 406 (2000).

[6] To the extent that Reed also complains about the roles of the trial judge and the prosecutor in the admission of West's statement, those claims are procedurally barred. *See* discussion *supra* re unexhausted claims.

Moreover, the state courts reasonably applied the rule to the specific facts of Reed's case. *See* 28 U.S.C. § 2254(d)(1). To prevail on a claim of ineffective assistance of counsel, a petitioner must first demonstrate that counsel's performance at trial or on appeal fell below "an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In evaluating whether counsel performed reasonably, a court "must be highly deferential." *Id.* at 689. Therefore, a petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation omitted). Second, a petitioner must illustrate that counsel's ineffective performance caused prejudice. *See Strickland*, 466 U.S. at 687. The Third Circuit has stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996) (citing *Strickland*, 466 U.S. at 668); *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

As to Reed's claim that his counsel failed to investigate or subpoena Jerome Reed, defense counsel testified at the evidentiary hearing in April 2005 that he was not supplied with Jerome Reed's name as a potential witness by Reed. *See Reed*, 2005 Del. Super. LEXIS 348 at *18. Reed himself testified that he gave his counsel the name "Jerome" or "Jay" as a potential witness because he had seen Jerome Reed at the Little Creek Apartments on the night of the shooting. Appendix to State's Answering Brief at B112-115 in *Reed v. State*, Del. Supr. Ct. No. 534, 2005. Defense counsel testified that he was amazed when Reed testified that he was present at the scene of the shooting because the defense strategy at the start of the trial was that Reed was at his grandmother's house. *Id.* at 108-111. The state court found that defense counsel was not unreasonable in failing to locate "Jerome" or "Jay." *Reed*, 2005 Del. Super. LEXIS 348 at *19-20. That finding was certainly a

reasonable application of the first prong of the *Strickland* test. Moreover, because Reed failed to offer an affidavit from Keshawn Banks (aka "Hopkins") and did call him to testify at the evidentiary hearing and Reed offered no evidence to show that Banks' testimony would have been helpful to the defense, the state court found Reed could not demonstrate any prejudice from his counsel's failure to have Banks testify at trial. *Id.* at *20-21. This was a reasonable application of the second prong of the *Strickland* test.

Reed's claim that his trial counsel improperly opened the door for the admission of Sharnelle West's allegedly involuntary out-of-court statement is no more availing. At trial, West testified that she did not see who shot the victim even though she was present near the scene. Appendix to State's Answering Brief at B41-44 in *Reed v. State*, Del. Supr. Ct. No. 534, 2005. She denied ever telling Kenyon Horsey that she could "not believe he [Reed] did it, he shot that man." *Id.* at 45. The State called Horsey to impeach this testimony. *Id.* at 53-54. Subsequently, on cross-examination, West testified that she told Horsey that the defendant had done the shooting because that was what she heard people saying at the Little Creek Apartments. *Id.* at B57. Because West had testified that she did not see who had done the shooting, to the extent that her "recantation" repaired her credibility, her subsequent testimony was not truly inculpatory. In any case, given the testimony from three eyewitnesses that Reed shot at the fleeing Bronco, the state court properly found Reed could not establish any prejudice from defense counsel's questioning of West. *See Reed*, 2005 Del. Super. LEXIS 348 at *25. This was a reasonable application of the *Strickland* test, and Reed's claims of ineffective assistance of counsel should be dismissed.

## Conclusion

Based upon the Superior Court docket sheet, it appears that the transcripts of Reed's trial, including suppression hearing (May 3, 2000), jury selection (May 8, 2000), jury trial (May 8-16, 2000), and sentencing (January 19, 2001) have been prepared. The transcript of the postconviction evidentiary hearing on April 8, 2005 has also been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for a writ of habeas corpus should be dismissed without further proceedings.

/s/ Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us

Date: November 22, 2006

Westlaw.
Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Not Reported in F.Supp.2d, 2004 WL 1376588
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Otto GIBBS, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. Civ.A.03-634-JJF.**

June 17, 2004.

Otto Gibbs, Petitioner, pro se.
Thomas E. Brown , Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for Respondents.

*MEMORANDUM OPINION*

FARNAN, J.

I. INTRODUCTION

***1** Petitioner Otto Gibbs is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the Court is Petitioner's Petition For A Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and his supporting Memorandum. (D.I. 2; D.I. 3) For the reasons that follow, the Court concludes that Petitioner's Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

II. BACKGROUND

On September 8, 1997, Petitioner was convicted by a Delaware Superior Court jury of second degree unlawful sexual intercourse. He was sentenced to 20 years in prison, suspended after 15 years for probation. The Delaware Supreme Court affirmed Petitioner's conviction and sentence on direct appeal. *Gibbs v. State,* 723 A.2d 396 (Del.1998).

On September 24, 1999, Petitioner filed an application for state post-conviction relief pursuant to Superior Court Criminal Rule 61. The Delaware Superior Court denied post-conviction relief on January 7, 2002, and the Superior Court's denial was affirmed on appeal. *Gibbs v. State,* 804 A.2d 1066 (Del.2002).

III. DISCUSSION

Petitioner's *pro se* Petition for federal habeas relief and his supporting Memorandum assert the following nine ineffective assistance of counsel claims: (1) trial counsel did not investigate and review all relevant discoverable documents and failed to inform Petitioner about the legality of the State's DNA evidence; (2) trial counsel failed to conduct an independent DNA analysis and failed to hire an expert to review the victim's medical record; (3) trial counsel failed to research the law in support of an affirmative defense of consensual intercourse; (4) trial counsel improperly relied on an instruction of "voluntary social companion" status of the alleged victim to support an affirmative defense of consensual intercourse; (5) trial counsel misinterpreted Delaware's Rape Shield Laws, and as a result, he failed to investigate the victim's background of prior sexual history before trial; (6) trial counsel failed to object to the State's introduction and reliance on inadmissible photographic blood evidence through improper testimony of police officer; (7) trial counsel failed to cross-examine the police officer about the authenticity of photographic blood evidence; (8) trial counsel failed to object to the State's introduction of hearsay testimony from police party who testified in third party narrative; and (9) trial counsel failed to impeach any state witness' credibility on cross-examination. (D.I. 2; D.I. 3.) Petitioner also asserts that the Superior Court unreasonably summarily denied his Rule 61 motion without an evidentiary hearing. (D.I. 3 at J,K.)

On December 18, 2003, Petitioner filed a "Motion to Amend Habeas [Petition]," asking this Court to apply the "[a]ctual innocence, or miscarriage of justice, exception to any and all barred claims" in his Petition. (D.I.18.) The Court granted this amendment. (D.I.27.)

***2** In their Answer, Respondents contend that the entire petition is time-barred and ask the Court to dismiss the petition as untimely. (D.I.16.) Petitioner filed a Reply, asking the Court to view his trial counsel's alleged

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

ineffective assistance as "good cause" to excuse his late filing. (D.I.23.) Petitioner's habeas petition is now ripe for review.

A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). As such, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [90-day] time [period] for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on November 19, 1998. Consequently, Petitioner's conviction became final on February 17, 1999. Thus, pursuant to AEDPA's one-year limitations period, Petitioner needed to file his § 2254 Petition no later than February 17, 2000.

Petitioner's § 2254 Petition is dated July 8, 2003, and it was received by the Court on July 10, 2003. A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. Therefore, the Court adopts July 8, 2003 as the filing date. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

***3** Even with July 8, 2003 as the filing date, Petitioner filed his Petition more than 3 years too late. As such, his habeas Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The Court will discuss each doctrine in turn.

B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, a properly filed state post-conviction motion will only toll the federal habeas limitations period if the post-conviction motion itself is filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002).

Here, when Petitioner filed his state post-conviction motion, 217 days of AEDPA's limitations period had already expired. Petitioner's Rule 61 motion tolled AEDPA's limitations period until August 28, 2002, the date on which

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

the Delaware Supreme Court affirmed the Superior Court's denial of the Rule 61 motion. *See Swartz v. Meyers,* 204 F.3d 417, 421-22 & n. 5 (3d Cir.2000). When AEDPA's limitations period began to run again on August 29, 2002, only 148 days were left in the one-year filing period. Consequently, Petitioner had to file his federal habeas Petition by January 24, 2003 to be timely. Petitioner, however, did not file his Petition until July 8, 2003. As such, the doctrine of statutory tolling does not render the Petition timely.

C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998) (internal citations omitted). In general, federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). The Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

***4** *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999).

Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley,* 142 F.3d at 179). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted).

Petitioner asserts his trial counsel's allegedly ineffective assistance as a reason to equitably toll the one-year limitations period. (D.I.23.) Specifically, Petitioner argues that trial counsel informed him that he had "3 years to file a Rule 61 motion, then file Habeas among other options." *Id.*

As an initial matter, Petitioner's trial counsel correctly informed Petitioner that he had 3 years to file a state post-conviction motion under the state criminal procedural rules. *See* Del.Super. Ct.Crim. R. 61(i)(1). Even if trial counsel erroneously told Petitioner that AEDPA's statute of limitations would not begin until after the 3 year limitations period for Rule 61 motions had expired, this mistake does not warrant equitably tolling. It is well-settled that inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances" sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). Additionally, if Petitioner misinterpreted trial counsel's statement, his failure to independently investigate AEDPA's limitations period constitutes excusable neglect insufficient to warrant equitable tolling.

Finally, Petitioner appears to assert his actual innocence as a reason for equitably tolling the one-year limitations period. (D.I.18.) However, neither the Third Circuit Court of Appeals, nor the United States Supreme Court, has addressed whether a petitioner's "actual innocence" qualifies as an exception to AEDPA's statute of limitations. *Morales v. Carroll,* 2004 WL 1043723, at *3 (D.Del. Apr. 28, 2004) ; *Devine v. Diguglielmo,* 2004 WL 945156, at *3 & n .4 (E.D.Pa. Apr. 30, 2004) (collecting cases). Even if, arguendo, such an exception did exist, Petitioner's short conclusory request that he "would like the court to apply the actual innocence ... exception to all barred claims" does not persuade the Court that he is actually innocent. *See Morales,* 2004 WL 1043723, at *3 (discussing how a petitioner proves actual innocence). Accordingly, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Petitioner's § 2254 Petition will be dismissed as untimely.

IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1376588
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2) ; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

***5** When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court concludes that Petitioner's habeas Petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the Court declines to issue a certificate of appealability.

VI. CONCLUSION

For the reasons stated, Petitioner's Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is denied. An appropriate Order shall issue.

ORDER

At Wilmington, this 17th day of June, 2004, consistent with the Memorandum Opinion issued this same day;

IT IS HEREBY ORDERED that:

1. Petitioner Otto Gibbs' Petition For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED. (D.I. 2; D.I. 3.)

2. The Court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2004.
Gibbs v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1376588

Briefs and Other Related Documents (Back to top)

• 1:03CV00634 (Docket) (Jul. 10, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1368845
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Not Reported in F.Supp.2d, 2004 WL 1368845
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Harry L. SAMUEL, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. Civ.A.03-487-SLR.**

June 9, 2004.

Harry L. Samuel, petitioner, pro se.
Loren C. Meyers , Chief of Appeals Division, Delaware Department of Justice, Wilmington, Delaware, for respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

***1** Petitioner Harry L. Samuel is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) For the reasons that follow, the court concludes that his application is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1). Accordingly, the court will dismiss the application as untimely.

II. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner attacked two counselors at the Plummer House Work Release Center in Wilmington, Delaware. A grand jury indictment charged him with attempted murder, second degree assault, two counts of assault in a detention facility, and four counts of possession of a deadly weapon during the commission of a felony. Thereafter, in October 1994, a Delaware Superior Court jury found petitioner not guilty of attempted murder, but guilty of the lesser included offense of first degree assault. The jury also convicted him of the remaining charges. *See Samuel v. State,* 676 A.2d 906, * *1 (Del.1996).

On direct appeal, the Delaware Supreme Court ordered the two assault convictions to be merged with the two counts of assault in a detention facility and remanded the case for re-sentencing. *Id.* Petitioner was re-sentenced on May 31, 1996 to a total of 98 years incarceration. *See Samuel v. State,* 694 A.2d 48 (Del.1997). These sentences were affirmed on appeal. *Id.* at * *2.

On November 19, 2001, petitioner applied to the Delaware Superior Court for a copy of the trial transcript. This request was denied, and petitioner's ensuing appeal was dismissed for lack of jurisdiction. *Samuel v. State,* 788 A.2d 132 (Del.2001)

On April 28, 2003, the United States Supreme Court denied petitioner's application for a writ of certiorari seeking review of his sentences. *Samuel v. Delaware,* 538 U.S. 1004 (2003). Thereafter, on August 11, 2003, petitioner moved for a reduction of sentence in the Delaware Superior Court. The Superior Court denied the motion on September 11, 2003, and petitioner did not appeal. (D.I. 13, at ¶ 2)

III. DISCUSSION

Presently before the court is petitioner's *pro se* application for federal habeas relief. (D.I.2) He asserts three habeas claims: (1) the 1996 re-sentencing court erred in denying his request for a continuance to obtain a psychiatric evaluation; (2) the judge who re-sentenced him had a closed mind and relied on impermissible factors in imposing the sentences; and (3) the weapons offenses related to the assault convictions should have been vacated because the assault convictions were merged with the assault in a detention facility convictions. (D.I.2)

Respondents contend that the entire petition is time-barred and ask the court to dismiss the petition as untimely. (D.I.13) Petitioner's habeas petition is now ready for review.

A. One-Year Statute of Limitations

***2** The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1368845
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), when a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the [90-day time-period] for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 157 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed petitioner's conviction on April 16, 1997. *Samuel v. State,* 694 A.2d 48 (Del.1997). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on July 15, 1997. Thus, to timely seek habeas relief with this court, petitioner needed to file his § 2254 habeas application no later than July 15, 1998

A *pro se* prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003). Petitioner's habeas application is dated May 17, 2003. Therefore, the court adopts May 17, 2003 as the presumptive filing date. *See Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

With May 17, 2003 as the filing date, petitioner filed his application almost five years too late. As such, his habeas application is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The court will discuss each doctrine in turn.

B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

***3** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll or revive the federal habeas limitations period if the post-conviction motion itself is not filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002).

Here, when petitioner filed his motion for sentence reduction on August 11, 2003, the one-year federal habeas limitations period had already expired on July 15, 1998. As such, this motion does not toll, or revive, the federal habeas limitations period. [FN1] *See Lawrence v. Carroll,* 2003 WL 21402509, at *2 (D. Del. June 10, 2003). Thus, petitioner's habeas application is time-barred unless the one-year time period is equitably tolled.

FN1. Moreover, the Delaware Superior Court denied the motion for sentence reduction as untimely. Consequently, it was not "properly filed" for purposes of § 2244(d)(2) and could not trigger the statutory tolling doctrine. *See, e.g., Wilmer v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1368845
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

*Carroll,* 2003 WL 21146750, at *3-4 (D.Del. May 16, 2003).

C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998) (internal citations omitted). Federal courts invoke the doctrine of equitable tolling "only sparingly," *see United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998), and the Third Circuit permits equitable tolling for habeas applications in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*Jones,* 195 F.3d at 159.

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). Basically, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159.

Petitioner has not alleged, and the court cannot discern, any "extraordinary circumstances" that warrant equitably tolling the one-year limitations period. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not justify equitable tolling. *See Simpson v. Snyder,* 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented and, therefore, his § 2254 application will be dismissed as untimely.

IV. CERTIFICATE OF APPEALABILITY

***4** Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2) ; *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court concludes that petitioner's habeas application must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

D.Del.,2004.
Samuel v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1368845

Briefs and Other Related Documents (Back to top)

• 1:03CV00487 (Docket) (May. 20, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Not Reported in F.Supp.2d, 2004 WL 1043723
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Luis MORALES, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. 03-220-JJF.**

April 28, 2004.

Luis Morales, Petitioner, pro se.
Thomas E. Brown , Deputy Attorney General of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents.

*MEMORANDUM OPINION*

FARNAN, J.
***1** Presently before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.1) filed by Petitioner, Luis Morales. For the reasons set forth below, the Court will dismiss the Petition as time-barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1).

BACKGROUND

In January 1996, Petitioner was convicted by a jury in the Delaware Superior Court of delivery of heroin, possession with intent to deliver heroin, maintaining a dwelling, possession of a hypodermic needle and syringe, and conspiracy. The Delaware Superior Court concluded that Petitioner was a habitual offender and sentenced him to life in prison. On direct appeal, the Delaware Supreme Court affirmed the conviction, but reversed the superior court's determination that Petitioner was a habitual offender. *Morales v. State,* 696 A.2d 390 (Del.1997) (*"Morales I"* ).

Petitioner was resentenced on October 3, 1997. Petitioner did not appeal his new sentence. On October 10, 2000, Petitioner filed a motion for state post-conviction relief, which the Delaware Superior Court denied as time-barred under the three-year limitations period set forth in Delaware Criminal Rule 61(i)(1). *State v. Morales,* 2001 WL 1486169 (Del.Super.Oct. 31, 2001) (*"Morales II"* ). On appeal, the Delaware Supreme Court affirmed the decision of the Delaware Superior Court. *Morales v. State,* 2002 WL 272307 (Del. Feb. 22, 2002) (*"Morales III"* ).

By his federal habeas Petition, Petitioner raises three claims for relief: (1) counsel provided ineffective assistance by failing to obtain an interpreter for Petitioner during trial; (2) the police conducted an illegal search; and (3) Petitioner's due process rights were violated because he was precluded from presenting a mistaken identity defense. In their Answer Brief, Respondents contend that the Petition is time-barred under 28 U.S.C. § 2244(d), or in the alternative, Petitioner's claims are procedurally barred.

DISCUSSION

I. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state prisoners. *Stokes v. District Attorney of County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001). In pertinent part, the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...

28 U.S.C. § 2244(d)(1).

Petitioner was resentenced on October 3, 1997. Petitioner did not file a direct appeal of his newly imposed sentence. Thus, the limitation period began to run upon the expiration of the time for filing such an appeal. *See Nara v. Frank,* 264 F.3d 310, 314 (3d Cir.2001) (stating that where petitioner did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired); *Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999) (stating that the limitation period begins to run at the expiration of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

time for filing a direct appeal if none is filed). Pursuant to 10 Del. C. § 147, Petitioner had thirty days in which to file his direct appeal or until November 2, 1997. *See also* Del.Supr. Ct. R. 6(a)(ii). Applying the one-year limitation period to this date, Petitioner was required to file his federal habeas petition on or before November 2, 1998.

***2** A petition is deemed filed on the date it is delivered to prison officials for mailing to the court. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Petitioner does not indicate the date on which the Petition was delivered to prison authorities for mailing. However, absent proof of mailing, this Court has held that the date of the signatures within the petition is the date on which the petition is deemed filed. *See Johnson v. Brewington-Carr,* Civ. Act. No. 99-181-JJF, mem. op. at 4 (D.Del. Feb. 22, 2000).

In this case, the Petition is dated February 5, 2003, which is well past the November 1998 filing deadline. Accordingly, the Court concludes that the Petition is time-barred under Section 2244(d), unless the limitation period has been statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

II. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In this case, Petitioner filed a motion for post-conviction relief in the Delaware Superior Court on October 10, 2000, nearly two years after the filing deadline for his federal habeas petition. Because the federal limitation period had already expired, it could not be tolled by the filing of Petitioner's post-conviction motion. *Downs v. Carroll,* 2003 WL 716597, *1 (D.Del. Feb. 25, 2003) (collecting cases); *Whalen v. Kearney,* Civ. Act. No. 99-654-JJF, mem. op. at 5-6 (D.Del. Sept. 29, 2000). Accordingly, the Court concludes that the statutory tolling provision cannot render the Petition timely filed.

III. Equitable Tolling

Additionally, the one-year period of limitation may be equitably tolled. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001) ; *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling applies:

> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

***3** In the instant case, Petitioner fails to allege any extraordinary circumstances giving rise to equitable tolling. Petitioner suggests that he has difficulty communicating in English and received poor advice from "jail-house lawyers," and therefore, his Petition should be tolled. However, courts have recognized that the lack of proficiency in English and the lack of sound advice from others in prison are insufficient reasons to equitably toll the one-year limitation period. *See e.g. Tan v. Bennett,* 2001 WL 823869, *2 (S.D.N.Y. July 20, 2001) (collecting cases); *Chan v. United States,* 2000 WL 1843290, *2 (E.D.N.Y. Oct. 25, 2000) ; *Martinez v. Kuhlman,* 1999 WL 1565177, *2,5 (S.D.N.Y. Dec. 3, 1999) ; *Nguyen v. Mervau,* 1998 WL 556628, *2 (N.D.Cal. Aug. 24, 1998).

In addition, Petitioner alleges in a Reply To State's Answer that he is actually innocent of the crimes for which he was convicted. It appears to the Court that neither the United States Supreme Court nor Third Circuit have ruled on the question of whether actual innocence can equitably toll the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

one-year limitation period. However, even assuming actual innocence can toll the limitation period, the Court would conclude that Petitioner has not established a sufficient basis to support his claim of actual innocence. To succeed on a claim of actual innocence, the petitioner must demonstrate, in light of all the evidence, that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 327-328 (1995). Petitioner contends that because of his problems speaking English, his lawyer did not understand his contention that he was the victim of mistaken identity. Petitioner contends that he and his brother resemble each other, and that his brother was actually responsible for the crimes for which Petitioner was convicted. Petitioner's claim, however, is untenable in light of the evidence adduced at trial. The drug transaction forming the basis of Petitioner's convictions involved the purchase of drugs by an undercover officer. (Petitioner's Appendix in *Morales III,* No. 233, 1996 (Del.1997) ( "Petitioner's App.") at A-5-9). The officer purchased three bags of heroin for forty dollars, and the money used by the officer was marked. Shortly after the transaction, the officer observed Petitioner leaving the residence from where the drugs were purchased. Petitioner was stopped by a patrol car, and one of the marked bills was found in Petitioner's possession. (Petitioner's App. at A-12-24). Petitioner was identified by the officer involved in the purchase transaction as the individual from whom the officer purchased the drugs, and evidence was also presented that Petitioner admitted to using drugs and selling to support his habit. (State's Appendix in *Morales III,* No. 233, 1996 at B-1). In these circumstances, the Court cannot conclude that the alleged resemblance between Petitioner and his brother would have made it more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt. Accordingly, Petitioner has failed to demonstrate that equitable tolling is warranted, and therefore, the Court will dismiss the Petition as time-barred.

IV. Certificate of Appealability

***4** The Court must next determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that reasonable jurists would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, the Court has concluded that the Petition is barred by the one-year period of limitation. The Court is convinced that reasonable jurists would not debate otherwise. Because the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

CONCLUSION

For the reasons discussed, the Court will dismiss the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner, Luis Morales, and deny the Writ of Habeas Corpus sought by Petitioner. In addition, the Court will not issue a certificate of appealability.

An appropriate Order will be entered.

*ORDER*

At Wilmington, this *28* day of April 2004, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.1) filed by Petitioner, Luis Morales, is DISMISSED and the Writ Of Habeas Corpus is DENIED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1043723
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

2. The Court declines to issue a certificate of appealability for failure to satisfy the standard under 28 U.S.C. § 2253(c)(2).

D.Del.,2004.
Morales v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1043723

Briefs and Other Related Documents (Back to top)

• 1:03CV00220 (Docket) (Feb. 24, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Derick LAWRENCE, Petitioner,
v.
Thomas L. CARROLL, Warden, and M. Jane Brady, Attorney General, Respondents.
**No. Civ.A. 03-064-JJF.**

June 10, 2003.

Derick Lawrence, Petitioner, pro se.
Loren C. Meyers, Chief of Appeals Division of the Delaware Department of Justice, Wilmington, Delaware, for Respondent.

MEMORANDUM OPINION

FARNAN, J.
***1** Pending before the Court is Derick Lawrence's Petition Under 28 U . S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2). [FN1] For the reasons set forth below, the Petition will be denied.

FN1. Also pending before the Court is Derick Lawrence's Motion for Appointment of Counsel (D.I.4), which will be denied as moot based on the denial of Mr. Lawrence's Petition.

I. BACKGROUND

In February 1998, a Delaware Superior Court jury convicted Derick Lawrence of first degree robbery. The Delaware Supreme Court affirmed Mr. Lawrence's conviction on direct appeal. *Lawrence v. State,* No. 204, 1998 (Del. May 21, 1999). In February 2001, Mr. Lawrence moved for post-conviction relief under Superior Court Criminal Rule 61. The Delaware Superior Court denied the Rule 61 motion in August 2001, and the Delaware Supreme Court affirmed that decision in January 2002. *Lawrence v. State,* No. 440, 2001 (Del. Jan. 18, 2002). Mr. Lawrence filed the instant petition for federal habeas relief on January 15, 2003, making the same claims he made in his Rule 61 motion.

II. DISCUSSION

A. *One-Year Period of Limitation*

28 U.S.C. § 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d). Mr. Lawrence's conviction became final when the 90 day period in which he could have applied for a writ of certiorari from the United States Supreme Court expired. *Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999) ("a state court criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires."). Mr. Lawrence had 90 days from May 21, 1999, the date on which the Delaware Supreme Court affirmed his conviction on direct appeal, to apply for a writ of certiorari from the United States Supreme Court. U.S.Supr. Ct. R. 13.1. That 90 day period ended on August 19, 1999. Thus, under Section 2244(d), Mr. Lawrence had until August 19, 2000, to file his federal habeas petition.

A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. Mr. Lawrence's Petition is dated January 15, 2003 (D.I. 2 at 7), and in the absence of proof respecting the date of delivery, that date is the presumptive date the Petition was delivered to prison officials for mailing. *Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002). Thus, the Court finds that Mr. Lawrence's Petition was filed on January 15, 2003.

Because Mr. Lawrence's Petition was not filed until January 15, 2003, and because, under Section 2244(d), Mr. Lawrence's petition had to be filed by August 19, 2000, the Court concludes that Mr. Lawrence's Petition is untimely.

B. *Statutory Tolling*

The one-year period of limitation may be statutorily tolled

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Page 2
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

***2** Mr. Lawrence filed a motion for post-conviction relief in February 2001; however, the one year period of limitation had been expired for nearly six months at that point. Consequently, the Court concludes that Mr. Lawrence's motion for post-conviction relief did not toll the one year period of limitation under Section 2244(d)(2). *Fisher v. Gibson,* 262 F.3d 1135, 1142-43 (10th Cir.2001) (holding that application for post-conviction relief filed after the expiration of the one-year period has no tolling effect).

C. *Equitable Tolling*

The one-year period of limitation may also be equitably tolled. *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). Equitable tolling applies:

only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

*Id.* at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

Mr. Lawrence contends that the Court should equitably toll the one-year period of limitation because (1) he did not learn that his direct appeal was denied until July 2000, (2) he had limited access to the law library from June 1998 until January 2001, and (3) despite his limited legal knowledge, he was diligent in preparing and filing his Rule 61 motion. (D.I. 17 at 2-3). In response, the Respondents contend that none of the reasons advanced by Mr. Lawrence rise to the level necessary to invoke the equitable tolling doctrine. Specifically, the Respondents contend that any mistake or miscalculation by Mr. Lawrence does not warrant equitable tolling.

"In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). In this case, Mr. Lawrence's reasons for not timely filing his Petition are attributable, in the Court's view, to neglect, mistake, or inadequate legal knowledge. After reviewing the entire record, the Court concludes that there are no extraordinary circumstances in this case that merit application of the equitable tolling doctrine.

Because Mr. Lawrence's Petition is untimely under Section 2244(d) and because the one-year period of limitation is not subject to statutory or equitable tolling, the Court will deny the Petition.

IV. *Certificate of Appealability*

***3** The court may issue a certificate of appealability ("COA") only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further ." *Id.*

In the instant case, the Court has concluded that Mr. Lawrence's Petition is barred by the one-year period of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

limitation and that the period should not be statutorily or equitably tolled. The Court is convinced that reasonable jurists would not find otherwise. Therefore, Mr. Lawrence has not made a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

III. CONCLUSION

For the reasons discussed, Derick Lawrence's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) will be denied.

An appropriate Order will be entered.

ORDER

At Wilmington, this 10th day of June 2003, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that:

1. Derick Lawrence's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (D.I.2) is *DENIED;*
2. Because the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2), a certificate of appealability is *DENIED;*
3. Derick Lawrence's Motion for Appointment of Counsel (D.I.4) is *DENIED* as moot.

D.Del.,2003.
Lawrence v. Carroll
Not Reported in F.Supp.2d, 2003 WL 21402509 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00064 (Docket) (Jan. 16, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.
Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**
Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Michael A. BENSON, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 03-065-SLR.**

May 18, 2004.

Michael A. Benson, petitioner, pro se.
Elizabeth McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, for respondents.

MEMORANDUM OPINION

ROBINSON, Chief J.

I. INTRODUCTION

*1 Petitioner Michael A. Benson is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.1) For the reasons that follow, the court concludes that petitioner's application is time-barred by the one-year period of limitations prescribed in 28 U .S.C. § 2244(d)(1). Accordingly, the court will dismiss the petition as untimely.

II. FACTUAL AND PROCEDURAL BACKGROUND

In August 1998, petitioner was convicted by a Delaware Superior Court jury of three counts of delivery of cocaine (16 DEL. C. § 4751); two counts of possession with intent to deliver cocaine (16 DEL. C. § 4755(a)(5)); trafficking in cocaine (16 DEL. C. § 4753(a)(2)(a)); and possession of drug paraphernalia (16 DEL. C. § 4771). On December 4, 1998, the Superior Court sentenced petitioner to a total of seventy-eight (78) years imprisonment, seventy-five (75) of which were mandatory at Level V. *See State v. Benson,* 2002 WL 537590 (Del.Super.Ct. Apr. 10, 2002).

Petitioner, represented by counsel, filed a timely notice of appeal. Thereafter, petitioner's counsel filed a motion to withdraw pursuant to Delaware Supreme Court Rule 26(c), stating that he found no meritorious issues for appeal. Although counsel informed petitioner by letter that he could supplement his attorney's brief, petitioner failed to raise any issues on appeal. The Delaware Supreme Court subsequently affirmed petitioner's convictions on June 29, 1998. *See Benson v. State,* No. 521, 1998 (Del. June 29, 1998).

In April 2001, petitioner filed a motion for state post-conviction relief pursuant to Superior Court Criminal Rule 61 in the Delaware Superior Court. His Rule 61 motion alleged four claims: (1) ineffective assistance of counsel; (2) the trial court never heard his motion to suppress evidence; (3) there was insufficient evidence to support his conviction; and (4) illegal sentencing. *State v. Benson,* 2002 WL 537590 (Del.Super.Ct. Apr. 10, 2002). The Superior Court denied the Rule 61 motion as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice. *Id.* Petitioner filed a timely notice of post-conviction appeal. However, the Delaware Supreme Court dismissed the post-conviction appeal on July 11, 2002 because petitioner never filed an opening brief and appendix. *Benson v. State,* 803 A.2d 427 (Del.2002).

III. DISCUSSION

Presently before the court is petitioner's *pro se* application for federal habeas relief. (D.I.1) Petitioner asserts six habeas claims: (1) after petitioner filed his Rule 61 motion, the Superior Court did not require his trial attorney to personally respond to his ineffective assistance of counsel claim and did not hold an evidentiary hearing, thereby denying him due process; (2) the Superior Court, in dismissing his Rule 61 motion, erroneously found that petitioner had not established cause for his failure to raise the suppression of evidence claim on direct appeal; (3) the evidence at trial was insufficient to support his conviction due to his trial counsel's ineffectiveness; (4) he was denied effective assistance of counsel at trial and on appeal; (5) his conviction was based on an insufficient indictment, thereby violating due process and double jeopardy; and (6) the Superior Court's denial of his ineffective assistance of

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

counsel claim raised in his Rule 61 motion was contrary to *Strickland v. Washington,* 466 U.S. 668 (1988). (D.I.1)

***2** Respondent contends that the entire petition is time-barred and asks the court to dismiss the petition as untimely. FN1 (D.I. 8 at 3-5) Petitioner's habeas petition is now ripe for review.

> FN1. In the alternative, respondent also asks the court to dismiss the petition because petitioner procedurally defaulted his claims by failing to prosecute his appeal. (D.I. 8 at 5, citing *Gibbs v. Redman,* Civ. Act. No. 89-351-LON, Order at 4 (D.Del. Oct. 11, 1991)) The court, however, finds that petitioner's failure to comply with the one-year limitations period justifies dismissal of this petition.

A. One-Year Statute of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The one-year limitations period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege, nor can the court discern, any facts triggering the application of § 2244(d)(1)(B),(C), or (D). As such, the one-year period of limitations began to run when petitioner's conviction became final under § 2244(d)(1)(A).

When a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999); *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). In the present case, the Delaware Supreme Court affirmed petitioner's conviction on June 29, 1999. *Benson v. State,* 734 A .2d 640 (Del.1999). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on September 29, 1999. Thus, to timely file a habeas petition with this court, petitioner needed to file his § 2254 petition no later than September 29, 2000.

Petitioner's habeas petition is dated January 7, 2003. A *pro se* prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. Therefore, the court adopts January 7, 2003 as the presumptive filing date. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir.2003) (the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); *Woods v. Kearney,* 215 F.Supp.2d 458, 460 (D.Del.2002).

With January 7, 2003 as the filing date, petitioner filed his petition approximately two and one-half years too late. As such, his habeas petition is time-barred and should be dismissed, unless the time period can be statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The court will discuss each doctrine in turn.

B. Statutory Tolling

***3** Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitations:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for state post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998). However, even if a state post-conviction motion is properly filed under state procedural rules, it will not toll or revive the federal habeas limitations period if the post-conviction motion itself is not filed within the federal one-year filing period. *See Price v. Taylor,* 2002 WL 31107363, at *2 (D.Del. Sept. 23, 2002).

Here, when petitioner filed his motion for state post-conviction relief in April 2001, the one-year federal habeas limitations period had already expired on September 29, 2000. As such, the Rule 61 motion did not toll the federal habeas limitations period. Thus, petitioner's habeas petition is time-barred unless the one-year time period is equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

C. Equitable Tolling

A court, in its discretion, may equitably toll the one-year filing period when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998)(internal citations omitted). In general, federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). The Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or

(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

*Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Id.* (quoting *Midgley,* 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims"; mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). For example, in non-capital cases, inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances" sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001).

***4** Petitioner has not alleged, and the court cannot discern, any "extraordinary circumstances" that warrant equitably tolling the one-year limitations period. To the extent petitioner made a mistake or miscalculation regarding the one-year filing period, such mistakes do not justify equitable tolling. *See Simpson v. Snyder,* Civ. Act. No. 00-737-GMS, 2002 WL 1000094, at *3 (D.Del. May 14, 2002). Accordingly, the court concludes that the doctrine of equitable tolling is not available to petitioner on the facts he has presented and, therefore, petitioner's § 2254 petition will be dismissed as untimely.

IV. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court concludes that petitioner's habeas petition must be dismissed as untimely. Reasonable jurists would not find this conclusion to be unreasonable. Consequently, the court declines to issue a certificate of appealability.

V. CONCLUSION

For the reasons stated, petitioner's application for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

D.Del.,2004.
Benson v. Carroll
Not Reported in F.Supp.2d, 2004 WL 1151547 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03CV00065 (Docket) (Jan. 16, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
Kevin A. THOMAS, Petitioner,
v.
Robert W. SNYDER, Warden, and Attorney General of the State of Delaware, Respondents.
**No. CIV.A. 98-597-GMS.**

Nov. 28, 2001.

MEMORANDUM AND ORDER

SLEET, District J.

***1** Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. He is presently incarcerated in the Delaware Correctional Center in Smyrna, Delaware, where he is serving a sentence of life imprisonment. Thomas has filed with this court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Thomas' petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d).

I. BACKGROUND

On June 28, 1993, following a jury trial in the Delaware Superior Court, Kevin A. Thomas was convicted of first degree murder and possession of a deadly weapon during the commission of a felony. The evidence at trial demonstrated that on September 13, 1992, Thomas shot David Turner in the face and killed him. Thomas was seventeen years old at the time. He was sentenced to life in prison without parole on the murder conviction and to a consecutive sentence of five years in prison on the weapons conviction. The Delaware Supreme Court affirmed Thomas' conviction and sentence on September 21, 1994.

On December 18, 1996, Thomas filed in state court a motion for post-conviction relief pursuant to Rule 61 of the Delaware Superior Court Criminal Rules. The trial court summarily dismissed Thomas' Rule 61 motion on December 23, 1996. Thomas appealed to the Delaware Supreme Court. His subsequent motion to withdraw the appeal was granted on March 11, 1997. Thomas filed a second Rule 61 motion for post-conviction relief on March 27, 1997, which was summarily dismissed on May 9, 1997. Again, Thomas appealed to the Delaware Supreme Court. The Court affirmed the order of dismissal on November 24, 1997.

Thomas has now filed with this court the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition Thomas articulates four separate grounds for relief: (1) The searches of his residence and car were in violation of the Fourth Amendment, and all evidence seized from these searches should have been suppressed; (2) The trial court erred in admitting identification testimony that was the result of an impermissibly suggestive photographic identification procedure; (3) The trial court violated his constitutional right to due process by giving a supplemental jury instruction pursuant to *Allen v. United States,* 164 U.S. 492 (1896); and (4) His constitutional rights were violated when police questioned him without a parent or legal guardian present. The respondents argue that the petition is subject to a one-year period of limitation that expired before Thomas filed it. Thus, they request that the court dismiss the petition as time barred.

II. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of § 2254 habeas petitions by state prisoners. *Stokes v. District Attorney of the County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.2001). Effective April 24, 1996, the AEDPA provides:

***2** (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

Thomas' conviction became final prior to the enactment of the AEDPA. He was convicted on June 28, 1993. The Delaware Supreme Court affirmed the judgment of conviction on September 21, 1994. Thomas was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13. Although Thomas did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Thomas' conviction became final on December 20, 1994, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns,* 134 F.3d at 111.

Ascertaining the precise date Thomas filed his habeas petition with the court is somewhat problematic. The court's docket reflects that the petition was filed on October 21, 1998, the date the clerk's office received his petition and filing fee. A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court receives it. *Id.* at 113. Thomas has provided the court with no documentation establishing the date he delivered his petition to prison officials for mailing. The petition itself, however, is dated August 10, 1998. The respondents maintain that the filing date is October 8, 1998, but they provide no documentation to support this conclusion. Under these circumstances, the court will extend Thomas every benefit of the doubt and will consider his habeas petition filed on August 10, 1998, the earliest possible date he could have delivered it to prison officials for mailing.

*3 Obviously Thomas' habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Thomas filed in state court a Rule 61 motion for post-conviction relief on December 18, 1996, which the Superior Court summarily dismissed on December 23, 1996. As previously noted, Thomas appealed from the order of dismissal. His subsequent motion to withdraw the appeal was granted on March 11, 1997. The respondents concede, and correctly so, that the filing of this motion for post-conviction relief tolled the period of limitation. Thus, the period of time from December 18, 1996, through March 11, 1997, does not count toward the one-year period of limitation. [FN1]

FN1. The court notes that the one-year period is tolled during the time between the Superior Court's dismissal of Thomas' Rule 61 motion and his timely appeal to the Delaware Supreme Court. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000).

Thomas filed a second Rule 61 motion for post-conviction relief in state court on March 27, 1997, which was summarily dismissed on May 9, 1997. The Delaware Supreme Court affirmed the dismissal on November 24, 1997. Again, the respondents concede that the filing of the second Rule 61 motion tolled the period of limitation. [FN2] Thus, the period of time from March 27, 1997, through November 24, 1997, is excluded from the one-year limitation period. [FN3]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

FN2. Only a "properly filed application" for post-conviction review tolls the one-year period under § 2244(d)(2). Whether Thomas' second Rule 61 motion constitutes a "properly filed application" is subject to debate. Under Rule 61, "[a]ny ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred." Super. Ct. R.Crim. P., Rule 61(i)(2). This procedural bar, however, is inapplicable where a motion raises "a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction." *Id.,* Rule 61(i)(5). The court need not, and does not, address whether Thomas' second Rule 61 motion was a "properly filed application" because the respondents concede that the one-year period was tolled while the second Rule 61 motion was pending. Regardless, as discussed herein, Thomas' habeas petition is untimely.

FN3. Thomas could have filed, but did not file, a petition for a writ of certiorari with the United States Supreme Court within ninety days of the Delaware Supreme Court's order. *See* Supreme Court Rule 13. As explained above, on direct review that ninety-day period is excluded from the one-year period of limitation. *See Kapral,* 166 F.3d at 576. In post-conviction proceedings, however, the time during which a state prisoner may file a petition in the United States Supreme Court does *not* toll the one-year period, and the ninety-day period is counted. *Stokes,* 247 F.3d at 543.

Nonetheless, since the date of the enactment of AEDPA, more than one year has passed during which statutory tolling does not apply. First, from April 24, 1996, through December 17, 1996, a period of 238 days, no post-conviction proceedings were pending, and those 238 days are included as part of the one-year period. In addition, from March 12, 1997, through March 26, 1997, no post-conviction relief proceedings were pending, and those fourteen days must be counted. Finally, from November 25, 1997, through August 9, 1998, a period of 258 days, no motion for post-conviction relief was pending, and those 258 days must be counted.

In sum, following the enactment of the AEDPA, 510 days lapsed during which Thomas had no post-conviction proceedings pending for purposes of § 2244(d)(2). This period of time, well in excess of one year, must be counted. The court thus concludes that while the statutory tolling provision applies to certain portions of time since the enactment of the AEDPA, it does not render Thomas' habeas petition timely filed.

C. Equitable Tolling

Additionally, the one-year period of limitation prescribed in § 2244(d) may be subject to equitable tolling. *Fahy v. Horn,* 240 F .3d 239, 244 (3d Cir.2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling applies:

***4** only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159, *quoting United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998).

In the instant case, Thomas argues that the AEDPA's one-year period of limitation is at odds with the three-year period allowed for filing a Rule 61 motion for post-conviction relief. He contends that because Delaware allows three years in which to file a Rule 61 motion, and petitioners are required to exhaust state remedies before filing habeas petitions in federal court, it is unfair to apply

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

the AEDPA's one-year period of limitation, rather than Delaware's three-year period.

Although Thomas is correct that Delaware generally allows three years in which to file a Rule 61 motion, *see* Super. Ct. R.Crim. P., Rule 61(i)(1), the court is unimpressed by his equitable tolling argument. As explained above, the court has applied § 2244(d)(2)'s tolling provision to exclude the periods of time during which his two post-conviction proceedings were pending before the state courts. These periods of time do not count against Thomas. There is nothing unfair or inequitable in applying the AEDPA's one-year period of limitation to petitioners who wait more than a year before filing a habeas petition in federal court, even if the Delaware rule permits a longer period of time in which to file Rule 61 motions.

More important, Thomas has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. Indeed, he has failed to offer *any* explanation for the delay. He has not provided the court with any reason why, after the AEDPA was enacted, he waited until December 18, 1996, to file his first Rule 61 motion. He has not explained why, after his second Rule 61 proceedings were completed on November 24, 1997, he waited until August 10, 1998, to file his habeas petition with this court.

In short, the court cannot discern any extraordinary circumstances that warrant applying the doctrine of equitable tolling. Thomas' habeas petition will be dismissed as untimely.

D. Motion for Appointment of Counsel

In a letter to the court dated April 16, 2000, Thomas inquired respecting appointment of counsel in this matter. The court construes this letter as a motion for appointment of counsel. The Sixth Amendment right to counsel does not extend to habeas proceedings. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987); *United States v. Roberson,* 194 F.3d 408, 415 n. 5 (3d Cir.1999). Additionally, the court has determined that Thomas' habeas petition will be dismissed as untimely. Accordingly, Thomas' letter dated April 16, 2000, construed as a motion for appointment of counsel, will be denied as moot.

III. CERTIFICATE OF APPEALABILITY

*5 Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Thomas' habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled to render the petition timely. The court is convinced that reasonable jurists would not debate otherwise. Thomas therefore cannot make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Thomas' petition for a writ of habeas corpus pursuant to 28 U .S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.
2. Thomas' letter dated April 16, 2000, requesting appointment of counsel, is construed as a motion for appointment of counsel, and so construed, is DENIED as moot.
3. The court declines to issue a certificate of appealability

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 5

for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2001.
Thomas v. Snyder
Not Reported in F.Supp.2d, 2001 WL 1555239 (D.Del.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.
Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Not Reported in F.Supp.2d, 2003 WL 21146750
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Ronnie D. WILMER, Petitioner,
v.
Thomas L. CARROLL, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 02-1587-SLR.**

May 16, 2003.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

***1** Petitioner Ronnie D. Wilmer is a Delaware inmate in custody at the Delaware Correctional Center in Smyrna, Delaware. Currently before the court is petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2) For the reasons that follow, the court concludes that petitioner's application is time-barred by the one-year period of limitations prescribed in 28 U .S.C. § 2244(d)(1). Accordingly, the court will dismiss the petition as untimely.

II. BACKGROUND

Petitioner was indicted in July 1994 for three drug offenses. (D.I.11) He pled guilty in October 1994 to trafficking in cocaine and maintaining a vehicle for distributing controlled substances. The Delaware Superior Court sentenced petitioner to a total of eight years imprisonment, which it suspended after five years for three years probation. (*Id.*)

In February 2000, petitioner was arrested for several motor vehicle offenses. (*Id.*) During the execution of a search warrant at the home of petitioner's mother, the Delaware State Police found over 50 grams of crack cocaine. Petitioner subsequently admitted that the drugs belonged to him. In addition, probation officers charged petitioner with violating his curfew. As a result, in March 2000, state probation officers charged petitioner with violating the terms of his probation and, in April 2000, petitioner was indicted on various drug charges. In August 2000, Petitioner pled guilty to possession of cocaine and maintaining a dwelling for keeping controlled substances, and the Delaware Superior Court found that petitioner had violated his probation stemming from the 1994 conviction. The Superior Court revoked his probation and petitioner was sentenced to two years imprisonment ("VOP sentence"). In connection with another 1994 conviction for which he had also been on probation, the Superior Court sentenced him to two years imprisonment. (*Id.*)

Petitioner did not appeal his conviction or the revocation of his probation. (*Id.*) Rather, on November 3, 2000, petitioner moved to modify his sentence under Rule 35(b) of the Superior Court Rules of Criminal Procedure. The Superior Court denied this motion on November 21, 2000, and petitioner did not appeal that decision. Subsequently, on July 23, 2001, petitioner filed a motion to correct his sentence under Rule 35(a) of the Superior Court Rules of Criminal Procedure, which the Superior Court denied on July 31, 2001. Petitioner appealed and, on February 13, 2002, the Delaware Supreme Court affirmed the Superior Court's decision. Forty-three days later, petitioner moved for post-conviction relief under Rule 61 of the Superior Court Rules of Criminal Procedure. On June 19, 2002, the Delaware Superior Court denied that motion, and the Delaware Supreme Court affirmed this denial on September 27, 2002. (*Id.*)

On October 29, 2002, petitioner filed with this court his application for federal habeas relief, along with a request to proceed *in forma pauperis.* (D.I.2) In his habeas petition, petitioner alleges that his counsel provided ineffective assistance by: FN1

FN1. Petitioner did not write out the grounds for the petition but, rather, he attached a copy of the Delaware Supreme Court's Order affirming the Superior Court's judgment.

***2** (1) failing to inform him about the basis for the State's case, investigate the facts, or meet or communicate with him about the case;

(2) re-scheduling the VOP hearing repeatedly; and

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

(3) waiving his constitutional right to a preliminary hearing.

(D.I. 2, *Wilmer v. State,* No. 359, 2002, at 2 (Sept. 27, 2002)).

This court granted petitioner's request to proceed *in forma pauperis.* (*Id.*) On November 19, 2002, petitioner simultaneously filed a motion for release pending review (D.I.7) and a motion for the production of documents. (D.I.8) The motion for the production of documents requests copies of "all police reports, probable cause, and physical material evidence leading to the arrest of the petitioner ... [and a] copy of the executed search warrant." (*Id.*)

As to petitioner's application for federal habeas relief, respondents assert that the petition is untimely because petitioner filed it after the expiration of the one-year period of limitation, and they ask the court to dismiss it as time-barred. (D.I.11) They assert that the motion for release pending review should be denied because: (1) the entire petition is time-barred; and (2) petitioner has not satisfied the required standards justifying such action. (D.I.15) Respondents also assert that the motion for the production of documents should be denied because: (1) the entire petition is time-barred; and (2) petitioner has not established "good cause" for discovery. (D.I.14)

On February 10, 2003, petitioner filed a "reply in opposition of respondent's answer to motion for the production of documents" and a reply brief. (D.I.16, 17) Petitioner's reply regarding the motion for the production of documents asserts that the court needs to review the entire state record to determine the validity of his ineffective assistance of counsel claim, and that this mixed question of law and fact is not entitled to the "presumption of correctness" prescribed by § 2254(e)(1). (D.I. 16 at 2-3) Petitioner's reply brief provides additional explanations for his ineffective assistance of counsel claim. (D.I.17) In addition, petitioner requests an evidentiary hearing because facts are in dispute, and he asserts his right to counsel during such evidentiary hearing. (*Id.* at 6)

## III. DISCUSSION

### A. One-Year Period of Limitation

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitation for the filing of habeas petitions by state prisoners. 28 U.S.C. § 2244(d)(1). The AEDPA states, in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

28 U.S.C. § 2244(d)(1). If a state prisoner appeals a state court judgment, the state court criminal judgment becomes "final," and the statute of limitations begins to run, "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." *See Kapral v. United States,* 166 F.3d 565, 575, 578 (3d Cir.1999) ; *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). If a petitioner does not appeal a state court judgment, then the conviction becomes final on the "date on which the time for filing such an appeal expired." *See Kapral,* 166 F.3d at 577.

*3 In the present case, the Delaware Superior Court sentenced petitioner on August 3, 2000. Because petitioner did not appeal his sentence, the one-year period of limitation began to run on the expiration of the time for filing an appeal. Pursuant to Delaware law, a notice of appeal in a direct criminal appeal must be filed within thirty days after a sentence is imposed. *See* 10 Del.Code Ann. § 147; Del.Supr.Ct.R. 6(a)(ii). Consequently, petitioner's conviction became final for the purposes of § 2244(d)(1) on September 5, 2000. [FN2] Thus, to timely file a habeas petition with this court, petitioner needed to file his § 2254 petition no later than September 5, 2001.

FN2. The thirtieth day was actually September 2, a Saturday. Because Monday, September 4, was Labor Day, the appeal period expired on September 5, 2000. Del.Supr.Ct.R.11(a).

The court's docket indicates that petitioner filed his pending habeas petition on October 29, 2002, one year and fifty four days too late. However, a *pro se* prisoner's habeas petition is considered filed on the date the petition is delivered to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

prison officials for mailing, not on the court's docket date. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). The pending petition was actually signed and dated October 9, 2002, and stamped as "received" by the District Court Clerk's Office on October 10, 2002. Thus, the court will assume that petitioner mailed the petition on October 9, 2002 and, therefore, will treat October 9, 2002 as the date of filing.

Even if the date of filing is October 9, 2002, the petitioner filed his habeas petition one year and thirty four days after his conviction became final. Nonetheless, if either the doctrine of statutory tolling or equitable tolling applies, then the petition will not be time-barred. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999). The court will discuss each doctrine in turn.

B. Statutory Tolling

Section 2244(d)(2) of the AEDPA specifically permits the statutory tolling of the one-year period of limitation:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The Third Circuit views a properly filed application for State post-conviction review as "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998).

Although the petitioner did not appeal his VOP sentence, he did file three post-conviction motions for review: (1) Rule 35(b) motion to modify sentence, filed November 3, 2000 and denied on November 21, 2000; (2) Rule 35(a) motion to correct sentence, filed July 23, 2001, denied on July 31, 2001, and affirmed by the Delaware Supreme Court on appeal on February 13, 2002; and (3) Rule 61 motion for post-conviction relief, filed on March 28, 2002, denied on June 19, 2002, and affirmed by the Delaware Supreme Court on appeal on September 27, 2002. The respondents assert that the Rule 35(b) motion to modify sentence does not toll the limitations period because it is "little more than a plea to the sentencing judge for leniency." (D.I. 11, citing *Walkowiak v. Haines,* 272 F.3d 234 (4th Cir.2001); *see Bland v. Hall,* 2002 WL 989532 (D.Mass. May 14, 2002)). While the court agrees that petitioner's 35(b) motion does not toll the one-year period, it disagrees with the respondents' reasoning.

***4** Generally, a Rule 35(b) motion does toll the one-year time period because it "qualifies as an application for postconviction or other collateral review under § 2244(d)(2)." *McNeil v. Snyder,* 2002 WL 202100, at *3 (D. Del. Feb 8, 2002). However, even though a Rule 35(b) motion can toll the one-year period, it can only do so if it was timely filed in the right location. *See Lovasz v. Vaughn,* 134 F.3d 146, 148 (3d Cir.1998) ; 28 U.S.C. § 2244(d)(2). In this instance, the Delaware Superior Court denied the Rule 35(b) motion because it was "filed more than 90 days after imposition of sentence and is therefore timebarred." FN3 (D.I. 13, State's August 16, 2002 App. B2) Because petitioner's motion did not conform to the state's procedural requirements, the motion was not properly filed and, thus, it does not trigger 28 U.S.C. § 2244(d)(2)'s tolling provision.

> FN3. Del.Super. Ct. R. 35(b) requires a motion to reduce a sentence to be "made within 90 days after the sentence is imposed." The Superior Court Criminal Docket indicates that the sentence was imposed on August 3, 2000, but was not signed and filed until August 15, 2000. (D.I. 13, State's Aug. 16, 2002 App. B2) Thus, the 90-day filing period for a Crim R. 35(b) motion commenced on August 3, 2000, the date of sentencing. Petitioner filed his 35(b) motion on November 3, 2000, ninety-two days after sentencing.

The respondents correctly acknowledge that the one-year period was tolled by petitioner's other post-conviction motions. Petitioner filed his 35(a) motion to correct his sentence on July 23, 2001, tolling the time period until the Delaware Supreme Court affirmed the denial of post-conviction relief on February 13, 2002. By the time petitioner filed the Rule 35(a) motion, 321 days of the one-year period had lapsed. The one-year period began to run again on February 13, 2002, but was tolled 43 days later on March 28, 2002 when petitioner filed a motion for post-conviction relief under Rule 61 of the Superior Court

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Rules of Criminal Procedure. The time period was tolled until September 27, 2002, when the Delaware Supreme Court affirmed the denial of post-conviction relief. However, at this point in time, there was only one day left in the limitations period. Thus, to be timely, petitioner had to file his habeas petition by September 28, 2002. Accordingly, because the petition was not filed until October 9, 2002, it is time-barred. The court concludes that the doctrine of statutory tolling does not render the petition timely.

C. Equitable Tolling

A petitioner may be able to avoid the AEDPA one-year time period by demonstrating that the doctrine of equitable tolling applies to the habeas motion. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001) ; *Miller v. New Jersey State Dep't of Corrs.,* 145 F.3d 616 (3d Cir.1998). Equitable tolling is proper when "the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." *Id.* at 618 (internal citations omitted). However, the Third Circuit permits equitable tolling for habeas petitions in only four narrow circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights;
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum; or
(4) where [in a Title VII action] the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or the court misled the plaintiff into believing that he had done everything required of him.

***5** *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). Federal courts invoke the doctrine of equitable tolling "only sparingly." *See United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998). In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims;" mere excusable neglect is insufficient. *Miller,* 145 F.3d at 618-19 (citations omitted). For example, in non-capital cases, inadequate research, attorney error, miscalculation, or other mistakes do not qualify as "extraordinary circumstances" sufficient to trigger equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.2001). Generally, "a statute of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones,* 195 F.3d at 159 (quoting *United States v. Midgley,* 142 F.3d 174, 179 (3d Cir.1998).

The respondents' answer clearly asserts that the petition is time-barred and must be dismissed, and that the time period is neither statutorily nor equitably tolled. (D.I.11) Despite this explicit argument, petitioner's reply brief does not address the timeliness issue. (D.I.17) Rather, petitioner focuses on the issue of exhaustion of state remedies. FN4 (*Id.*) Nevertheless, the court broadly construes petitioner's statement that "the respondents breach[ed] ... this court's procedural rules of habeas corpus proceedings, pursuant to 28 U.S.C. § 2249 associated with its obligation to submit to this court all state records of the defendant ... [c]learly it [is] conceivable that this is the respondents' attempt to sabotage the petitioner's efforts to make his claim of ineffective assistance of counsel argument" as a potential equitable tolling argument. (*Id.* at 4) Basically, petitioner appears to argue that the State's failure to respond to his prior requests for copies of the search warrant and police report illustrate that he "was in some extraordinary way prevented from asserting his rights."

FN4. In fact, the respondents explicitly acknowledge that the petitioner "obviously exhausted state remedies." (D.I. 11 at 2)

The court is not persuaded by this argument. Even if, arguendo, the State were attempting to "sabotage the petitioner's effort to make his claim of ineffective assistance of counsel argument," the failure to produce the requested items did not prevent petitioner from timely filing his habeas petition. To the extent that petitioner's failure to timely file his petition was the result of a mistake, a mistake does not constitute an extraordinary circumstance. Equitable tolling is not triggered by a *pro se* prisoner's mistake or miscalculation of the time period. *See Simpson v. Snyder,* 2002 WL 1000094, at *3 (D.Del. May 14, 2002). In short, the court concludes that the petitioner has not presented any extraordinary circumstances to warrant applying the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21146750
**(Cite as: Not Reported in F.Supp.2d)**

Page 5

doctrine of equitable tolling. Accordingly, petitioner's § 2254 habeas petition will be dismissed as untimely.

D. Motion for an Evidentiary Hearing

***6** Petitioner asserts that he is entitled to an evidentiary hearing "on his ineffective assistance of counsel claims as a matter of right where the facts are disputed." (D.I. 17 at 6) Although a federal court has discretion to grant evidentiary hearings, the AEDPA permits such hearings only in limited circumstances. *See* 28 U.S.C. § 2254(e) ; *Campbell v. Vaughn,* 209 F.3d 280, 286-87 (3d. Cir.2000), *cert. denied,* 531 U.S. 1084 (2001). For example, if a habeas petitioner "has diligently sought to develop the factual basis of a claim for habeas relief, but has been denied the opportunity to do so by the state court, § 2254(e)(2) will not preclude an evidentiary hearing in federal court." *Id.* at 287 (quoting *Cardwell v. Greene,* 152 F.3d 331, 337 (4th Cir.1998). When deciding whether to grant an evidentiary hearing, courts "focus on whether a new evidentiary hearing would be meaningful, in that a new hearing would have the potential to advance the petitioner's claim." *Id.* A petitioner needs to explain how the evidentiary hearing will advance the habeas claim, or " 'forecast any evidence beyond that already contained in the record' that [will] help his cause." *Id.* (quoting *Cardwell,* 152 F.3d at 338).

In the present case, petitioner's habeas petition is time barred. The alleged "facts in dispute" to which petitioner refers involve the search warrant and police reports for the 2000 conviction. (D.I. 17 at 4,6) Any information contained in these requested documents would not alter the court's decision that the petition is time barred. [FN5] Accordingly, the court will deny petitioner's request for an evidentiary hearing.

FN5. The court notes that this request was included in petitioner's reply brief. As such, he was aware of the respondents' assertion that the petition is time-barred and, therefore, he could have identified what evidence, if any, could be produced to challenge the time-bar issue.

E. Motions for the Production of Documents and for Release

Petitioner asks the court for leave to conduct discovery, seeking to obtain copies of the police reports related to the 2000 offenses and a copy of the search warrant executed by state police. (D.I.8) Petitioner also requests that the court order his release pending disposition of his habeas petition. (D.I.7) Because the court will dismiss his habeas petition as untimely, petitioner's requests for discovery and release are now moot.

Even if petitioner's requests were not moot, he has failed to satisfy the standards justifying the granting of the two motions. First, a federal court may grant leave to conduct discovery only if the party establishes "good cause" for such discovery. Rule 6(a) of the Rules Governing Section 2254 Actions. In order to establish "good cause," the applicant must state the "point to specific evidence that might be discovered that would support a constitutional claim." *Marshall v. Hendricks,* 103 F.Supp.2d 749, 760 (D.N.J.2000), *rev'd in part on other grounds,* 307 F.3d 36 (3d Cir.2002) (citing *Deputy v. Taylor,* 19 F.3d 1485, 1493 (3d Cir.1994)).

Although petitioner specifically identifies the documents requested for discovery, he does not articulate the information he expects to uncover in the reports or how the reports would support his constitutional claim. His unsupported conclusory allegation that "had this evidence been disclosed in state court proceedings, the results would have been different" fails to provide "good cause." As such, even if not moot, the request for the production of the police reports and the search warrant would be denied.

***7** Second, with regard to his motion for release pending disposition of his habeas petition, petitioner erroneously asserts Rule 23(c) of the Federal Rules of Appellate Procedure as authorizing such release. (D.I.7) This rule governs requests for bail pending review by an appellate court of an order of the district court granting a writ of habeas corpus, not this situation where petitioner requests bail pending the district court's review of an application for habeas relief. *See Landano v. Rafferty,* 970 F.2d 1230, 1239 (3d Cir.1992). In order for a district court to grant bail pending review of the habeas petition of a state prisoner, the court must find "extraordinary circumstances." *Id.* (citing *Lucas v. Hadden,* 790 f.2d 365, 367 (3d Cir.1986).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Accordingly, even if not moot, the court would deny the motion because petitioner has failed to articulate any extraordinary circumstances that would allow the court to order his release from state custody.

IV. CERTIFICATE OF APPEALABILITY

When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability because the petitioner "has [not] made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A court will grant a certificate of appealability in such a case only if the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the court concludes that petitioner's habeas petition is barred by the one-year period of limitation. Neither the statutory tolling provision nor the doctrine of equitable tolling applies. Moreover, the court is convinced that reasonable jurists would not find these conclusions unreasonable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Petitioner Ronnie D. Wilmer's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2) is DISMISSED, and the relief requested therein is DENIED.
2. Petitioner's motion for release pending review and decision (D.I.7) is DENIED.
3. Petitioner's motion for the production of documents (D.I.8) is DENIED.
4. Petitioner's request for an evidentiary hearing and the appointment of counsel (D.I. 17 at 6) is DENIED.

***8** 5. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

D.Del.,2003.
Wilmer v. Carroll
Not Reported in F.Supp.2d, 2003 WL 21146750

Briefs and Other Related Documents (Back to top)

• 1:02CV01587 (Docket) (Oct. 29, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Charles W. SIMPSON, Petitioner,
v.
Robert W. SNYDER, Warden, and Attorney General of the State of Delaware, Respondents.
**No. CIV.A. 00-737-GMS.**

May 14, 2002.

MEMORANDUM AND ORDER

SLEET, District J.
***1** Following a jury trial in the Delaware Superior Court, Charles W. Simpson was convicted of rape, attempted rape, and unlawful sexual contact. He was sentenced to three consecutive terms of life in prison plus seven years. Simpson has now filed with the court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As explained below, the court will dismiss Simpson's petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1).

I. BACKGROUND

On July 3, 1990, a jury in the Delaware Superior Court found Charles W. Simpson guilty of two counts of first degree rape, attempted first degree rape, and unlawful sexual contact in the second degree. The victim was the minor daughter of Simpson's girlfriend. On September 21, 1990, the Superior Court sentenced Simpson to three terms of life in prison plus seven years. The Delaware Supreme Court affirmed Simpson's conviction and sentence on December 19, 1991. *Simpson v. State,* No. 340, 1990, 1991 WL 316959 (Del. Dec. 19, 1991).

On December 15, 1994, Simpson filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. The Superior Court found that some of Simpson's claims were procedurally barred, and that the remaining claims were without merit. *State v. Simpson,* Crim. A. No. IN-89-03-1657-R1, 1995 WL 562163 (Del.Super.Ct. Sept. 8, 1995). The Delaware Supreme Court affirmed the Superior Court's order denying Rule 61 relief. *Simpson v. State,* No. 421, 1995, 1996 WL 554233 (Del. Sept. 20, 1996). Simpson filed a second Rule 61 motion on October 3, 1997, which the Superior Court denied on the ground that each of his claims was procedurally barred. *State v. Simpson,* Crim. A. No. IN89-031657R2, 1998 WL 735882 (Del.Super.Ct. Sept. 1, 1998). The Delaware Supreme Court again affirmed. *Simpson v. State.* No. 429, 1998, 1999 WL 636630 (Del. July 30, 1999).

Simpson has now filed the current petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Simpson raises six claims for relief. The respondents argue that the petition is subject to a one-year period of limitation that expired before Simpson filed it. Thus, they ask the court to dismiss the petition as time barred.

II. DISCUSSION

A. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state prisoners. *Stokes v. District Attorney of County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001). Effective April 24, 1996, the AEDPA provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
***2** (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...

28 U.S.C. § 2244(d)(1). In order to avoid any impermissible retroactive application of the one-year period of limitation, state prisoners whose convictions became final prior to the enactment of the AEDPA were allowed to file their § 2254 petitions no later than April 23, 1997. *See Burns v. Morton,* 134 F.3d 109, 111 (3d Cir.1998)(prohibiting dismissal of petitions filed on or before April 23, 1997, as untimely under § 2244(d)(1)(A)).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Simpson's conviction became final prior to the enactment of the AEDPA. He was sentenced on September 21, 1990. The Delaware Supreme Court affirmed the judgment of conviction on December 19, 1991. Simpson was then allowed ninety days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Supreme Court Rule 13.1. Although Simpson did not file a petition with the United States Supreme Court, the ninety-day period in which he could have filed such a petition is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999)(holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Simpson's conviction became final on March 19, 1992, ninety days after the Delaware Supreme Court affirmed his conviction, and well before the enactment of the AEDPA on April 24, 1996. Thus, he could have filed a timely habeas petition with this court not later than April 23, 1997. *See Burns,* 134 F.3d at 111.

The court's docket reflects that Simpson's habeas petition was filed on August 10, 2000. (D.I.1.) A pro se prisoner's habeas petition, however, is considered filed on the date he delivers it to prison officials for mailing to the district court, not on the date the court dockets it. *Id.* at 113. Attached to Simpson's petition is a certificate of service certifying that he placed it in the prison mail on August 3, 2000. Thus, the court deems Simpson's petition filed on August 3, 2000.

Obviously Simpson's habeas petition was filed well beyond the April 23, 1997 deadline. That, however, does not end the inquiry because § 2244(d)'s period of limitation may be either statutorily or equitably tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

B. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

***3** As described above, Simpson filed in the Superior Court his first Rule 61 motion for postconviction relief on December 15, 1994, prior to the enactment of the AEDPA. His Rule 61 motion was pending until September 20, 1996, when the Delaware Supreme Court affirmed the denial of postconviction relief. Respondents acknowledge, and correctly so, that the one-year period was tolled while Simpson's first Rule 61 motion was pending until September 20, 1996.

More than one year later, on October 3, 1997, Simpson filed his second Rule 61 motion in the Superior Court. By that time, however, the one-year period had expired. Simpson's second Rule 61 motion, filed after the one-year period expired, has no effect on the timeliness inquiry in the current matter.

In short, the one-year period of limitation was tolled while Simpson's first Rule 61 motion was pending. Nonetheless, the one-year period expired before Simpson filed his federal habeas petition.

C. Equitable Tolling

In addition to statutory tolling, the one-year period of limitation may be subject to equitable tolling. *Fahy v. Horn,* 240 F.3d 239, 244 (3d Cir.), *cert. denied,* 122 S.Ct. 323 (2001); *Jones,* 195 F.3d at 159; *Miller v. New Jersey State Dep't of Corr.,* 145 F.3d 616, 618 (3d Cir.1998). The doctrine of equitable tolling applies:

only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient.

*Miller,* 145 F.3d at 618-19 (citations omitted). In other words, equitable tolling "may be appropriate if (1) the defendant has actively misled the plaintiff, (2) the plaintiff has 'in some extraordinary way' been prevented from

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Page 3
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *Jones,* 195 F.3d at 159 (quoting *United States v.. Midgley,* 142 F.3d 174, 179 (3d Cir.1998)).

Here, Simpson has failed to articulate any extraordinary circumstances that prevented him from filing his habeas petition with this court in a timely manner. He has not explained why he waited until October 3, 1997, to file his second Rule 61 motion. Nor has he explained why he waited until August 3, 2000, to file the current petition. His only explanation is that some unidentified individual at the prison assured him that he would have one year following the conclusion of his second Rule 61 proceedings in which to file a federal habeas petition. (D.I.18.)

Unfortunately for Simpson, his unfamiliarity with federal habeas filing requirements does not excuse his failure to comply with the one-year period of limitation. An incarcerated pro se petitioner's lack of legal knowledge does not constitute an extraordinary circumstance warranting equitable tolling of the one-year period of limitation. *See Delaney v. Matesanz,* 264 F.3d 7, 15 (1st Cir.2001); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194 (2001); *United States v. Cicero,* 214 F.3d 199, 203 (D.C.Cir.2000); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.), *cert. denied,* 531 U.S. 1035 (2000). Likewise, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes" are not extraordinary circumstances giving rise to equitable tolling. *Fahy,* 240 F.3d at 244. The purpose of the one-year period of limitation is to "considerably speed up the habeas process while retaining judicial discretion to equitably toll in extraordinary circumstances." *Miller,* 145 F.3d at 618. Applying the doctrine of equitable tolling simply because a pro se petitioner is unfamiliar with the intricacies of federal habeas procedures would seriously undermine this purpose.

***4** Moreover, even if someone at the prison erroneously assured Simpson that he could file a federal habeas petition within one year of the conclusion of his second Rule 61 proceedings, the court cannot conclude that his habeas petition was timely filed. Simpson's second Rule 61 motion was "pending" under § 2244(d)(2) until July 30, 1999, when the Delaware Supreme Court affirmed the Superior Court's order denying it. *See Swartz v. Meyers,* 204 F.3d 417, 420 (3d Cir.2000). Simpson filed his habeas petition more than one year later on August 3, 2000.

In short, the court can discern no circumstances which would permit applying the doctrine of equitable tolling. Simpson's habeas petition will be dismissed as untimely.

## III. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, Simpson's habeas petition is barred by the one-year period of limitation. The court cannot conclude that the period should be statutorily or equitably tolled. The court is convinced that reasonable jurists would not debate otherwise. Simpson has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Charles W. Simpson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED, and the relief requested therein is DENIED.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

2. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2002.
Simpson v. Snyder
Not Reported in F.Supp.2d, 2002 WL 1000094 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00737 (Docket) (Aug. 10, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Page 1

Not Reported in F.Supp.2d, 2000 WL 1897290
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Darryal D. COVERDALE, Plaintiff,
v.
Robert SNYDER, et al. Defendants.
Darryal D. COVERDALE, Petitioner,
v.
Robert SNYDER, Warden, and M. Jane Brady Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 98-718-GMS.**

Dec. 22, 2000.

Darryal D. Coverdale, Plaintiff, pro se.
Thomas E. Brown , State of Delaware Department of Justice, Wilmington, DE, for Defendants.
Thomas E. Brown , of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents, Robert Snyder and M. Jane Brady.

*MEMORANDUM OPINION*

SLEET, J.

I. INTRODUCTION

***1** The petitioner, Darryal D. Coverdale, ("Coverdale"), is currently incarcerated in the Delaware Correctional Center located in Smyrna, Delaware. He filed a petition for the issuance of a writ of habeas corpus on December 28, 1998, with the court (D.I.1). In his petition, Coverdale raises the following four separate grounds for relief: (1) abuse of discretion by the trial court, (2) prosecutorial misconduct, (3) ineffective assistance of counsel and (4) obstruction of justice by the State of Delaware. Coverdale also filed a motion to compel discovery. (D.I.14). [FN1] After considering the papers filed by the parties the court finds that Coverdale's claims lack merit. Therefore, it will dismiss the petition with prejudice, deny the relief requested, and deny the motion as moot. [FN2]

FN1. Coverdale filed his motion on October 18, 1999. According to his motion, the respondents violated a court order by not furnishing transcripts of the proceedings. However, the order to which Coverdale refers states "[i]ndicate what transcripts of pre-trial, trial, sentencing, and post-conviction proceedings are available, when they can be furnished, and what proceedings have been recorded but not transcribed." (D.I. 4 at ¶ 2(c)). The respondents' answer states that no transcripts of the proceeding were prepared but would be if the court so ordered. Additionally, the respondents maintain that it would take more than 90 days to make the transcripts available. Since the respondents did not violate the terms of the court's order and, in any event, Coverdale's motion is moot, the court will deny it.

FN2. Coverdale has also filed an action against numerous individuals for alleged violations of 42 U.S.C. § 1983 based on the same facts alleged in his petition. As to the issues raised in that action, the court will issue a separate opinion in Civ.A.No. 98-718-GMS.

II. BACKGROUND

In 1995, Coverdale plead guilty in Delaware Superior Court to charges of theft and possession of drugs. For the theft charge, he was sentenced to two years imprisonment at Level V incarceration, suspended for a Level IV treatment program followed by a period of probation. For the drug charge, Coverdale was sentenced to one year in prison, suspended for one year of probation. Upon a 1996 finding that he violated the terms of his probation, The Delaware Superior Court resentenced Coverdale to drug treatment followed by an additional term of probation. In 1997, Coverdale was arrested yet again on drug charges. Since he had never reported to the Level IV drug treatment program to which he was twice sentenced, he was also charged with escape after conviction. *See In re Coverdale,* No. 125, 1998, 1998 WL 188568, at *1 (Del. April 7, 1998) (Coverdale I). On January 23, 1998, after holding a hearing at which Coverdale was represented by counsel, the Delaware Superior Court convicted him of violating his probation, revoked his probation, and sentenced him to two and a half years in prison. [FN3]

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

FN3. The record indicates that Coverdale plead guilty to violating his probation.

Coverdale did not directly appeal the revocation of his probation. Instead, he sought a writ of mandamus from the Supreme Court of Delaware. [FN4] The Delaware Supreme Court dismissed the petition for a writ of mandamus on April 7, 1998. Coverdale then filed a motion for state post-conviction relief in the Delaware Superior Court challenging the finding that he violated his probation. On November 12, 1998, the Delaware Supreme Court affirmed the Delaware Superior Court's denial of post conviction relief. [FN5]

FN4. In his petition, Coverdale alleges that he was improperly indicted for escape, that his court appointed counsel conspired with the State against him, and that the Delaware Superior Court improperly refused to act on a petition filed pursuant to Del.Supr. Ct.Crim. R. 61. He asked the court to (1) dismiss his 1997 escape and drug charges and (2) order the Superior Court to rule on his 1995 post-conviction motions. The Supreme Court found that (1) the Superior Court docket did not reflect that Coverdale filed any post-conviction motions in his 1995 case and (2) Coverdale did not show why he was entitled to the relief he sought since he could file post-conviction motions attacking his conviction. *See Coverdale I,* 1998 WL 188568 at *1-2.

FN5. Coverdale moved for post-conviction relief for his 1997 charges in the Delaware Superior Court. The Superior Court denied such relief on April 3, 1998. The Delaware Supreme Court found that Coverdale's challenge to his conviction was not raised on direct appeal and that he did not make the required showing of cause and prejudice to overcome the procedural bar. *See* Del.Supr. Ct.Crim. R. 61(i)(3). Therefore, the Delaware Supreme Court affirmed the denial of post-conviction relief. *See Coverdale v. State of Delaware,* No. 188, 1998, 1998 WL 985330, at *1 (Del. Nov. 12, 1998) (Coverdale II).

On December 23, 1998, Coverdale filed a petition for a writ of habeas corpus with the court. He raises the following claims:

1. The Superior Court judge who found that Coverdale violated his probation should have established on the record that the drug offense was the true basis for the violation and the court erred in denying post conviction relief.

2. The prosecutor intentionally manipulated the revocation of probation proceedings in order to hide the fact that a probation officer had violated Coverdale's rights.

***2** 3. Coverdale's counsel worked as an "agent provocateur for the State" and thereby denied him effective assistance of counsel during "pretrial, trial, and failed to file an appeal."

4. All the state actors involved (including the Delaware Supreme Court) intentionally committed obstruction of justice to conceal violations of Coverdale's constitutional rights.

Finally, after Coverdale filed the instant petition for a writ of habeas corpus, he filed two additional motions for modification of his sentence with the Delaware Supreme Court. Both motions were denied as repetitive. [FN6] *See Coverdale v. State of Delaware,* No. 179, 2000, 2000 WL 1616599, at *1 (Del. Oct. 23, 2000) (Coverdale III). Since these motions were made and ruled upon after Coverdale filed the instant petition, the court will not consider whether the denial of the motions constitutes grounds for relief.

FN6. Coverdale had already filed a similar motion in the Delaware Superior Court which was denied.

## III. STANDARD OF REVIEW

Because Coverdale filed his habeas petition after April 24, 1996, the terms of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply. *See, e.g., Lindh v. Murphy,* 521 U.S. 320, 326-27 (1997). Under AEDPA, a habeas petitioner who is incarcerated as a result of a state conviction cannot obtain relief unless the decision of the state court was either "contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States"

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *see also Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999) ; *Dickerson v. Vaughn,* 90 F.3d 87, 90 (3d Cir.1996) ; *Finch v. Snyder,* Civ.A.No. 98-537-SLR, 2000 WL 52162, at *3 (D.Del. Jan. 10, 2000). AEDPA also requires that the court afford substantial deference to factual findings and legal determinations made by state courts and places the burden on the petitioner to rebut the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e) (as amended); *Dickerson,* 90 F.3d at 90.

IV. DISCUSSION

1. Exhaustion

As a threshold matter, the court must determine whether Coverdale has exhausted all available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A). If a habeas petition contains an unexhausted claim, the entire petition "must be dismissed without prejudice for failure to exhaust all state created remedies." *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996) (citing *Rose v. Lundy,* 455 U.S. 509, 510 (1982)). A petitioner's claim is considered exhausted if it has been fairly presented to the state's highest court, either on direct appeal or in a post conviction-proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citing *Evans v. Court of Common Pleas, Delaware Co., Pennsylvania,* 959 F.2d 1227, 1230 (3d Cir.1992)). To have fairly presented a claim, the petitioner must have submitted to the state court both the legal theory and the facts that are "substantially equivalent" to those asserted in his federal habeas petition. *See Doctor,* 96 F.3d at 678.

***3** Upon reviewing the record, the court finds that all of Coverdale's claims are exhausted. [FN7] Coverdale raised an ineffective assistance of counsel claim relating to his January 23, 1998 revocation hearing before the Delaware Supreme Court. *See* D.I. 1, Ex. 1; *see also Coverdale II,* 1998 WL 985330, at *1. Coverdale presented both the Delaware Superior Court and the Delaware Supreme Court with his claims of obstruction of justice, prosecutorial misconduct, and abuse of discretion by asking for post-conviction relief, petitioning for a writ of mandamus, and making several motions for a reduction in his sentence. *See* D.I. 1, Ex. 1; *see also Coverdale III,* 2000 WL 1616599, at *1; *Coverdale II,* 1998 WL 985330, at *1; *Coverdale I,* 1998 WL 188568, at *1.

FN7. The respondents agree with this conclusion. *See* Ans. at 2-3, 5. Nevertheless, the court must make an independent determination whether the petitioner's claims are exhausted.

B. Procedurally Defaulted Claims

Although Coverdale has exhausted all the claims presented in his petition, the court must inquire whether he has complied with relevant state procedural requirements before it can turn to the merits. *See Caswell v. Ryan,* 953 F.2d 853, 860 (3d Cir.1992) (finding that federal habeas court first determine whether it "fairly appears" that state Supreme Court based its decision primarily on state law); *see also Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991) (stating that allowing federal habeas petitioners to proceed when procedural default in state court is responsible for absence of state remedies would undermine principles of comity and federalism). A state court ruling resting on an adequate and independent state procedural ground will bar federal habeas review absent a showing of cause and prejudice by the petitioner. *See Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977).

The Delaware Supreme Court dismissed Coverdale's first, second, and fourth claims on the ground that he neither raised the claims on direct appeal, nor complied with Del.Supr. Ct.Crim. R. 61(i)(3). [FN8] *See Coverdale II,* 1998 WL 985330, at *1. Numerous courts in this district have held that Del.Supr. Ct.Crim. R. 61(i) is an adequate and independent state ground which bars review by a federal court. *See, e.g., Gattis v. Snyder,* 46 F.Supp.2d 344, 367 (D.Del.1999) ; *Desmond v. Snyder,* Civ.A.No. 96-327-GMS, 1999 WL 33220036, at *11 (D.Del. Nov. 16, 1999); *Sullivan v. State of Delaware,* Civ.A.No. 96-231-SLR, 1998 WL 231264, at *17 (Apr. 30, 1998); *Laws v. Snyder,* Civ.A.No. 95-579-SLR, 1996 WL 484835, at *3 (D.Del. Aug. 7, 1996); *Flamer v. Chaffinch,* 827 F.Supp. 1079, 1087-88 (D.Del.1993). Therefore, the court finds that the Delaware Supreme Court articulated a "plain

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Page 4

statement" that its decision rested on state law grounds. *See Harris v. Reed,* 501 U.S. 255, 263-64 (1989).

FN8. Del.Supr. Ct.Crim. R. 61(i)(3) states that "Any ground for relief that was not asserted in a prior postconviction proceeding ... is thereafter barred, unless the movant shows (A) [c]ause for relief from procedural default and (B) [p]rejudice from violation of the movant's rights."

There are two ways Coverdale can overcome the state procedural bar to the court's review. Coverdale must either establish (1) cause for the default and actual prejudice to federal rights flowing therefrom or (2) that the court's refusal to hear his habeas claim would result in a fundamental miscarriage of justice. *See* 28 U.S .C. § 2254(a) ; *Coleman,* 501 U.S. at 750; *Finch,* 2000 WL 52162, at *5. The court finds that Coverdale has neither established cause and prejudice, nor demonstrated that he falls within the miscarriage of justice exception for his first, second, and fourth claims. As a result, the court cannot hear these claims.

***4** To demonstrate cause for his procedural default, Coverdale must show that "something external to the petitioner, something that cannot be fairly attributable to him" impeded his efforts to comply with Del.Supr. Ct.Crim. R. 61(i)(3). *See Coleman,* 501 U.S. at 750; *see also McClesky v. Zant,* 499 U.S. 467, 493 (1991) ; *Murray v. Carrier,* 477 U.S. 478, 488 (1986).

Coverdale's petition does not allege any external impediment which prevented him from raising his first, second, and fourth claims in state post-conviction proceedings. Construing the petition in a broad light, however, there is a hint of a "cause" argument in his attached state habeas petition. The state petition asserts that, "the creation of the Superior Court Criminal Rule 61 which itself due (sic) to the extremely technicle (sic) aspects deny an individual an adequate, substantive right to a review." The state petition later states, "[t]here can be no adequate vehicle for review where the Rule is itself beyond the understanding of those who must utilize it...." A lack of knowledge or an unawareness of procedural rules, however, is not an "external factor" which would have excused Coverdale's failure to comply with the state procedural requirements. FN9 *See Klein v. Neal,* 45 F.3d 1395, 1398 (10th Cir.1995) (commenting that habeas petitioner's assertion that he was unaware of statute of limitations for state post-conviction relief was insufficient as a matter of law to constitute cause for procedural default); *see also Bailey v. Snyder,* Civ.A.No 96-85-SLR, 1996 WL 43492, at *5 (D.Del. July 31, 1996) (finding that Rule 61 furthers a legitimate state purpose of limiting stale claims, is 'clear cut,' and has been applied consistently). Certainly, numerous other state habeas petitioners in a similar situation have been able to abide by Del.Supr. Ct.Crim. R. 61; Coverdale's procedural default is attributable solely to him. FN10

FN9. Ineffective assistance of counsel can establish cause for failure to comply with state procedural rules. Nevertheless, a finding of ineffective assistance of counsel itself requires a showing of cause and prejudice. Since the court will consider Coverdale's ineffective assistance of counsel claim below, it would be redundant to do so here in the context of procedural default. As discussed below, since Coverdale has not shown that he received ineffective assistance of counsel, it is axiomatic that such a claim cannot serve as the basis for his procedural default. *See infra.*

FN10. Throughout his petition, Coverdale asserts what may be regarded as additional reasons for the cause of his procedural default. First, he alleges that the State and his attorney conspired to conceal their constitutional violations by preventing him from raising his claims for post-conviction relief. Second, he claims that Rule 61 "should be deemed non-existent" since it worked to conceal violations of his rights As mentioned above, however, the denial of post-conviction relief was based entirely on sound principles of law and well established state procedural rules. Further, countless courts have upheld Rule 61 and other rules like it; this court is unwilling to find that its neutral operation worked to deprive Coverdale of his rights. Finally, Coverdale offers nothing beyond conclusory

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Page 5

allegations to support his statements.

Since Coverdale is unable to establish any external factor sufficient to overcome his procedural default, it is unnecessary for the court to consider whether he has suffered any prejudice. *See, e.g., Coleman,* 501 U.S. at 750-51; *Finch,* 2000 WL 52162, at *6; *Laws,* 1996 WL 484835, at *3. Nevertheless, the court notes that Coverdale has offered no evidence in support of his contention that the state procedural bar prejudiced his claim.[FN11] *See Smith v. Murray,* 477 U.S. 527, 533 (1986) ; *Lawrie v. Snyder,* 9 F.Supp.2d 143, 151 (D.Del.1995).

FN11. Coverdale plead gulty, did not file a direct appeal, and does not now suggest that his plea was constitutionally infirm. He cannot, therefore, demonstrate any 'actual prejudice' flowing from his guilty plea. *See Bousley v. United States,* 523 U.S. 614, 618 (1998).

Finally, Coverdale can overcome his procedural default if he can show that failing to hear his petition would constitute a "miscarriage of justice." *See Coleman,* 501 U.S. at 750; *Carrier,* 477 U.S. at 496. This exception is reserved for claims of actual innocence. *See, e.g., Schlup v. Daleo,* 513 U.S. 298, 327-28 (1995) ; *Sawyer v. Whitley,* 505 U.S. 333, 339-40 (1992) ; *In re Minarik,* 166 F.3d 591, 607 (3d Cir.1999). Coverdale plead guilty to violating his probation and has repeatedly asserted that he is not challenging the fact of his guilt. Furthermore, he does not specify how the court's failure to consider his claims would result in a miscarriage of justice. The exception, therefore, is inapposite in this case. *See Finch,* 2000 WL 52162, at *6.

***5** Since the Delaware Supreme Court found that Coverdale's first, second, and fourth claims were procedurally barred under Del.Supr. Ct. Crim R. 61(i)(3), the court cannot consider them. Therefore, the court will dismiss the first, second, and fourth claims in Coverdale's petition.

C. Ineffective Assistance of Counsel

Coverdale's third claim in his petition-ineffective assistance of counsel in connection with his January 23, 1998 violation of probation hearing-was properly before the Delaware Supreme Court.[FN12] *See* Ans. at 2. Since the claim was exhausted and can serve as a basis for procedural default, the court must examine its merits.

FN12. As the respondents correctly note, Coverdale's petition alleges his counsel was ineffective "during pretrial and trial stages and failed to file an appeal." Coverdale's petition only refers to the January 23, 1998 violation of probation hearing; it does not provide any record support for a broader ineffective assistance of counsel claim. Nevertheless, any ineffective assistance of counsel claim beyond the violation of probation hearing was not presented to the state court. Since such claims would be unexhausted and, therefore, procedurally defaulted, the court cannot consider them. *See* 28 U.S.C. § 2254(b)(1)(A).

Claims in habeas petitions must be supported by the evidentiary record; mere allegations are not enough to warrant habeas relief. *See Mayberry v. Petsock,* 821 F.2d 179, 185 (3d. Cir.1987) (finding that habeas petitions require more than notice pleading); Rule 4 of the Rules Governing Habeas Corpus Cases (stating "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal.").

The record demonstrates that Coverdale was represented by court appointed counsel at the January 23, 1998 violation of probation hearing. In his petition, Coverdale merely asserts that "[c]ounsel worked as an agent provocateur for the State during pretrial, trial stages (sic) and failed to file an appeal." He does not provide any evidence for these sweeping claims, however. Although Coverdale's state habeas petition contains additional claims of his counsel's ineffective assistance, they are equally conclusory and not supported by any record evidence.[FN13] Although the court must construe Coverdale's petition liberally, Coverdale's unsupported assertions that his attorney was an "agent provocateur" do not provide sufficient grounds for the court to grant habeas relief.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290
(Cite as: Not Reported in F.Supp.2d)

Page 6

FN13. Coverdale also asserts that his counsel was ineffective since he was unhappy with his representation and attempted to remove him on numerous occasions. This argument misunderstands the criteria for establishing a claim of ineffective assistance of counsel. Counsel is not required to provide the best representation imaginable. Instead, Coverdale must show that (1) his attorney's representation fell below an objective standard of reasonableness and (2) his counsel's actions were prejudicial to his defense, creating a reasonable probability that, but for the alleged errors, the result of the proceedings would have been different. *See, e.g., Zettlemoyer v. Fulcomer,* 923 F.2d 284, 295 (3d Cir.1991) (citing *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984)). Thus, mere dissatisfaction with an attorney is enough. The court notes, however, that Coverdale was represented by an experienced attorney who has represented numerous individuals in Coverdale's position.

Aside from the lack of record evidence, Coverdale's ineffective assistance of counsel claim fails as a matter of law. Since state revocation of probation hearings are not a 'critical stage' of a criminal prosecution, there is no federal constitutional right to counsel. *See Gagnon v. Scarpelli,* 411 U.S. 756, 787 (1973); *see also United States v. Barnhart,* 980 F.2d 219, 222 (3d. Cir1992) (finding that revocation of probation 'does not result in a loss of liberty' since defendant has been adjudged guilty and is already under supervision). Therefore, violation of probation hearings are subject to the minimum requirements of due process. *See Black v. Romano,* 471 U.S. 606, 612 (1985) (holding that basic requirements include a hearing, a neutral hearing body, written notice of claimed violations, disclosure of evidence, an opportunity to testify, an opportunity to confront witnesses and, in some cases, the assistance of counsel).

After requesting counsel, alleged probation violators only have a right to an attorney when they have a timely and colorable claim that (1) they have not committed the alleged violation of the conditions of probation, or (2) that even if the violation is uncontested, there are substantial justifiable or mitigating reasons that make revocation inappropriate and the reasons are complex or otherwise difficult to develop or present. *See Gagnon,* 411 U.S. at 790.

***6** Although Coverdale presumably timely requested representation for the January 23, 1998 revocation hearing, he has not satisfied the aforementioned test for when counsel is constitutionally required in probation revocation hearings. First, Coverdale plead guilty to violating his probation and does not now contest his guilt. Thus, he has not-and cannot-raise a colorable claim of innocence. Second, reading the petition liberally, it appears that Coverdale argues that counsel was necessary for plea negotiations and to appeal his case. Deciding whether to plea or appeal are relatively straightforward decisions and do not otherwise mitigate the conviction. [FN14] Since Coverdale did not have a constitutional right to an attorney at his probation revocation hearing, his claims of ineffective assistance of counsel do not present a basis upon which the court can grant habeas relief. *See Tillett v. Freeman,* 868 F.2d 106, 108 (3d Cir.1989) (finding that claim of ineffective assistance of counsel in state post-conviction hearing does not arise under the federal constitution); *see also* 28 U.S.C. § 2254(a) (stating that district court can only entertain a petition for writ of habeas corpus if petitioner is in custody pursuant to state court judgment in violation of federal constitution or laws or treaties of the United States). Therefore, the court will dismiss Coverdale's third claim in his petition for a writ of habeas corpus. [FN15]

FN14. This fact is self evident since only defendants can decide whether to accept a plea or appeal their case. Although defendants often seek the advice of counsel, many defendants make these decisions without the assistance of an attorney.

FN15. Obviously, since Coverdale did not have a right to counsel at the revocation hearing it is unnecessary for the court to engage in the cause and prejudice analysis necessary for a finding of ineffective assistance of counsel.

C. Certificate of Appealability

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2000 WL 1897290
**(Cite as: Not Reported in F.Supp.2d)**

Page 7

Upon consideration of Coverdale's petition and his objection to the respondents' answer, the court finds that Coverdale has not made a substantial showing of a denial of a constitutional right. Further, the court finds that the constitutional issues raised in the petition are not debatable among jurists of reason, adequate to receive encouragement to proceed further, or capable of being resolved in a different manner. *See, e.g., Morris v. Horn,* 187 F .3d 333, 339 (3d Cir.1999) (citing 28 U.S.C. § 2253(c)(1)(A)).

V. CONCLUSION

For the reasons set forth above, the court finds that Coverdale's claims for habeas corpus relief under 28 U.S.C. § 2254 are either procedurally barred or otherwise fail on the merits. Therefore, the court will dismiss Coverdale's petition for habeas corpus relief with prejudice and deny the writ. Additionally, the court finds no basis upon which to issue a certificate of appealability. The court will issue an order in conjunction with this opinion.

D.Del.,2000.
Coverdale v. Snyder
Not Reported in F.Supp.2d, 2000 WL 1897290

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Page 1

Briefs and Other Related Documents
Kennedy v. Richard KearneyD.Del.,1996.Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
John B. KENNEDY, Jr., Petitioner,
v.
Richard KEARNEY, Warden, Sussex Correctional Institution and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**Civ. A. No. 95-613-SLR.**

Sept. 11, 1996.

John B. Kennedy, Jr., petitioner, *pro se.*
Timothy J. Donovan, Jr., Esquire, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, attorney for respondents.

MEMORANDUM OPINION
SUE L. ROBINSON, District Judge.

## I. INTRODUCTION

***1** On January 9, 1992, petitioner was sentenced to a twenty year term of imprisonment after pleading guilty to one count of first degree unlawful sexual intercourse. In his application for federal habeas corpus relief, presently pending before this court, he claims that his plea was not intelligently and voluntarily made and that the assistance he received from counsel was constitutionally deficient. Respondents have filed their answer, claiming that petitioner's claims are barred by his unexcused procedural default in presenting his claims to the state courts. For the reasons discussed below, the court will deny the requested relief and dismiss the petition.

## II. BACKGROUND

In May 1991, a grand jury indicted petitioner on nine separate felony counts related to the sexual molestation of petitioner's daughter over a period of three years. (D.I. 3 at Ex. C) Petitioner appeared in Superior Court on January 9, 1992, for the purpose of pleading guilty to one of the counts of the indictment. In exchange for petitioner's guilty plea, the State agreed to dismiss the other felony counts as well as charges of lewdness, indecent exposure, assault, and endangering the welfare of a child which were pending against petitioner in Family Court. (D.I. 3 at Ex. A3)

Before the plea colloquy began, petitioner's counsel notified the court that, due to petitioner's illiteracy, counsel had filled out the relevant forms for petitioner and had explained them to him. (D.I. 3 at Ex. A3-A4) In response to the court's questions, petitioner indicated that he wished to enter a guilty plea, that he understood the consequences of waiving a jury trial, and that he was aware of the range of penalties he could receive. (D.I. 3 at Ex. A4-A7) Petitioner stated, regarding his attorney, "He explained everything to me, went over everything.... He read everything over with me and my wife, went over everything real good, so I understand what I was doing." (D.I. 3 at Ex. A5-A6) Based on petitioner's responses, the court stated its finding that petitioner's plea was "knowingly, intelligently and voluntarily made." (D.I. 3 at Ex. A10) The court sentenced petitioner to a twenty-year term of incarceration, fifteen of which were to be mandatory. (D.I. 3 at Ex. A13)

In November 1994, petitioner filed a Rule 61 postconviction motion, in which he claimed that his representation by counsel had been deficient, that his guilty plea was defective, and that the warrant for his arrest had been based on false information. (D.I. 3 at Ex. D) The Superior Court denied the motion on the merits. (D.I. 3 at Ex. E) Petitioner did not appeal.

Petitioner filed a second Rule 61 motion in Superior Court on January 17, 1995. (D.I. 3 at Ex. D) In that motion, petitioner restated the grounds he had raised in his first motion for postconviction relief. The court denied the motion on procedural grounds, pursuant to Rule 61(i)(4), which provides:
Any ground for relief that was formerly adjudicated, whether in the proceeding leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

***2** Because each of petitioner's claims had been adjudicated in his previous Rule 61 motion, the court denied the second motion. (D.I. 3 at Ex. E) Petitioner appealed, and the Delaware Supreme Court affirmed.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**
Page 2

*Kennedy v. State,* No. 39, 1995 (Del. July 25, 1995).

III. DISCUSSION

A. Exhaustion Requirement

Before the court can review petitioner's claims, the court must ascertain whether petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b). In making this determination, the court should inquire as to whether there is an "absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must have raised in the state courts the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986).

"It is not enough that the petitioner presents to the state court the facts upon which a federal claim is based." The claim must be substantially equivalent to that litigated in the state court. Both the legal theory and the facts supporting a federal claim must have been submitted to the state court.

*O'Halloran v. Ryan,* 835 F.2d 506, 508 (3d Cir.1987) (citations omitted).

In the petition presently before the court, plaintiff has presented two grounds for relief: 1) ineffective assistance of counsel; and 2) a defective guilty plea. Petitioner has previously raised precisely the same claims before the state courts. His state remedies, therefore, are exhausted.

B. Procedural Default

The Delaware Supreme Court did not have an opportunity to rule on the merits of petitioner's claims because he failed to appeal the Superior Court's denial of his first postconviction motion. Petitioner's second postconviction motion was denied on procedural grounds. When petitioner appealed the denial of the second motion, the Delaware Supreme Court was barred from reaching the merits by Rule 61(i)(4).

Allowing applicants for federal habeas corpus relief to proceed in federal court where, as here, their own default is responsible for the absence of available state remedies would undermine the principles of comity and federalism that underlie the exhaustion requirement. *Coleman v. Thompson,* 501 U.S. 722 (1991). The United States Supreme Court has held that a state court ruling resting on an independent and adequate state procedural ground will bar federal review absent a showing of cause for and prejudice from the default. *Wainwright v. Sykes,* 433 U.S. 72, 81-82 (1977). The state courts' application of Rule 61(i)'s procedural default provision is a "plain statement" under *Harris v. Reed,* 489 U.S. 255 (1989), that the state court decisions rest on independent state grounds. Rule 61(i)(4) and similar rules in other states have also been held adequate to bar federal review under *Wainwright. See Bond v. Fulcomer,* 864 F.2d 306 (3d Cir.1989); *Beatty v. Patton,* 700 F.2d 110, 112-13 (3d Cir.1983); *Woodlin v. Snyder,* C.A. No. 95-138-JJF (D.Del. June 16, 1995).

***3** Because the state courts based their denial of petitioner's postconviction motion on an independent and adequate state procedural ground, this court may not consider the merits of petitioner's ineffective assistance of counsel claim unless he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims[ ] will result in the fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court has held that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him...." *Id.* at 753, *citing Murray v. Carrier,* 477 U.S. 478, 488 (1986) (emphasis in original).

Petitioner seeks to explain his failure to appeal the denial of his first postconviction motion by stating that the trial court refused to supply him with a free transcript "to verify facts." (D.I. 2) As a result, petitioner contends, the Superior Court dismissed his motion in a summary fashion without benefit of the record of petitioner's plea. Petitioner does not explain why the lack of a transcript, while not deterring him from filing a Rule 61 motion in Superior Court, would prevent him from appealing the denial of that motion. As respondents point out, if petitioner believed that the decision to deny him the transcript was erroneous, or that the lack of a transcript caused the wrongful dismissal of his postconviction motion, he had all the more reason to file an appeal. Petitioner's explanation, therefore, does not constitute cause. Because petitioner has failed to show cause for his default, it is not

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Page 3

necessary for this court to address the issue of prejudice.

Petitioner also contends that the state courts should have excused his procedural default "in the interest of justice," and that their failure to do so constitutes a "substantial miscarriage of justice." (D.I. 10) Where a petitioner has defaulted his state remedies and has not demonstrated cause and prejudice, a federal court may entertain a petition for habeas corpus only if the petitioner makes a showing of "actual innocence." *Sawyer v. Whitley,* 112 S.Ct. 2514, 2519 (1992); *Murray,* 477 U.S. at 496. Petitioner has made no claim that he is actually innocent, and has articulated no facts that would support such a claim. His procedural default, therefore, is not excused.

IV. CONCLUSION

For the reasons set forth above, the court will dismiss the application for habeas corpus relief and deny the writ of habeas corpus. An appropriate order will be entered.

D.Del.,1996.
Kennedy v. Richard Kearney
Not Reported in F.Supp., 1996 WL 534877 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:95CV00613 (Docket) (Oct. 13, 1995)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2006, I electronically filed an answer to a habeas petition with the Clerk of Court using CM/ECF. I also hereby certify that on November 22, 2006, I have mailed by United States Service, two copies of the same document to the following non-registered participant:

Ralph Reed
SBI No. 320813
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/Elizabeth R. McFarlan
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 3759
elizabeth.mcfarlan@state.de.us