IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
RALPH REED,                         :
                                    :
        Petitioner,                 :
                                    :
v.                                  :    Civil Action No. 06-445-JJF
                                    :
THOMAS CARROLL, Warden, and         :
ATTORNEY GENERAL OF THE             :
STATE OF DELAWARE,                  :
                                    :
        Respondents.                :
```

---

Ralph Reed. Pro Se Petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Respondents.

---

# MEMORANDUM OPINION[1]

September 25, 2007
Wilmington, Delaware

---

[1] This case was originally assigned to the Vacant Judgeship, and was re-assigned to the undersigned on September 5, 2007.

Farnan, District Judge

    Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Ralph Reed ("Petitioner"). (D.I. 1.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

    On November 24, 1999, Petitioner was arrested and subsequently charged with first degree murder and possession of a firearm during the commission of a felony for the fatal shooting of Gregory Howard. A Delaware Superior Court jury convicted Petitioner of both offenses in May 2000. See Reed v. State, 782 A.2d 266 (Table), 2001 WL 819587, at *1 (Del. July 12, 2001). After denying Petitioner's motion for new trial, the Superior Court sentenced Petitioner to life in prison for the murder conviction and an additional twenty years in prison for the weapons offense. (D.I. 16, at p.1.); See State v. Reed, 2000 WL 33179685 (Del. Super. Ct. Dec. 19, 2000). The Delaware Supreme Court affirmed Petitioner's convictions and sentences on direct appeal. Reed, 2001 WL 819587, at *1.

    In July 2004, Petitioner filed an application for post-conviction review pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting twenty-three grounds for

1

relief. The Superior Court denied the claims contained in the Rule 61 motion as meritless or procedurally barred, and the Delaware Supreme Court affirmed that judgment in May 2006. State v. Reed, 2005 WL 2615630 (Del. Super. Ct. Oct. 5, 2005); Reed v. State, 906 A.2d 807 (Table), 2006 WL 1479763 (Del. May 26, 2006).

Petitioner's application for federal habeas relief asserts seventeen grounds for relief. Respondents filed an Answer stating that the Court must dismiss the Petition as untimely, meritless, and/or procedurally barred. (D.I. 16.) As explained below, the Court will deny the Petition as time-barred.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

2

    initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    The Petition, dated June 17, 2006, is subject to the one-year limitations period contained in § 2244(d)(1).[2] See Lindh, 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

    Here, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on July 12, 2001, and his conviction became final for the purposes of § 2244(d)(1) on October 10, 2001. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999) (when a petitioner does not file a petition for a writ of certiorari in the United States Supreme Court, his conviction becomes final after the expiration of the 90-day filing period). Consequently, the AEDPA's limitations period began to run on October 11, 2001 and expired on October 11, 2002. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of

---

    [2]Although the Petition itself is not dated, the attached appendices are dated June 17, 2006.

3

Civil Procedure 6(a) and (e) applies to federal habeas petitions) Petitioner, however, did not file the Petition until June 17, 2006.[3] Therefore, the Petition is time-barred, unless the limitations period can be statutorily or equitably tolled. See Jones v. Morton, 195 F.3d 153, 158 (3d Cir. 1999). The Court will discuss each doctrine in turn.

### B. Statutory Tolling

Statutory tolling of the one-year limitations period is authorized by Section 2244(d)(2) of the AEDPA, which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). Nevertheless, the statutory tolling principles do not apply in this proceeding because Petitioner filed his Rule 61 motion after the AEDPA's limitations period had already expired. See Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept. 23, 2002)(explaining that a properly filed Rule 61

---

[3] A pro se prisoner's habeas petition is deemed filed on the date he delivers it to prison officials for mailing to the district court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities is to be considered the actual filing date); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). The Court adopts the date on the Petition, June 21, 2005, as the filing date, because presumably, Petitioner could not have presented the Petition to prison officials for mailing any earlier than that date. See Woods v. Kearney, 215 F. Supp. 2d 458, 460 (D. Del. 2002); Gholdson v. Snyder, 2001 WL 657722, at *3 (D. Del. May 9, 2001).

4

motion will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). Thus, the Court will next determine if the doctrine of equitable tolling renders the Petition timely.

### C. Equitable Tolling

The AEDPA's limitations period may be equitably tolled, but "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." Jones, 195 F.3d at 159 (3d Cir. 1999)(quoting Midgley, 142 F.3d at 179). In order to justify equitably tolling the limitations period, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller, 145 F.3d at 618-19 (citations omitted); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the

court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner does not allege, and the Court does not discern, any extraordinary circumstance that prevented him from timely filing a federal habeas application. To the extent Petitioner's late filing was do to a mistake in his computation of the limitations, it is well-settled that such mistakes do not warrant equitable tolling of the limitations period. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes).

Additionally, even though Petitioner contends that the limitations period should be equitably tolled because he is actually innocent, the Court will not equitably toll the limitations on this ground. First, the Third Circuit has not yet determined whether a claim of actual innocence triggers the application of the equitable tolling doctrine. McKeever v. Warden SCI Graterford, 486 F.3d 81, 84 n.5 (3d Cir. 2007). Second, even if a showing of actual innocence could equitably

toll the limitations period, tolling would only be appropriate if Petitioner established a viable claim of innocence by providing "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004); see Schlup v. Delo, 513 U.S. 298, 327 (1995). Here, Petitioner supports his claim of actual innocence with an affidavit from Jerome Reed, which identifies another individual as the actual shooter. (D.I. 4, at A-102 to A-103.) Jerome Reed's affidavit, however, does not constitute "new reliable evidence"; Petitioner presented the same affidavit to support the claim of actual innocence he raised to the Superior Court in his post-conviction proceeding, and the Superior Court denied the claim after determining that the affidavit lacked credibility.[4] See Reed, 2005 WL 2615630, at *7-*8.

---

[4]The Superior Court found that Jerome Reed's affidavit lacked credibility because: (1) Petitioner asserted that he received the affidavit "out of the blue" while he was being held at the Delaware Correctional Center ("DCC"); (2) Petitioner and Jerome Reed adamantly denied knowing each other, but they were actually cell-mates for 42 days several months before Jerome Reed's affidavit "appeared"; (3) Jerome Reed had multiple convictions for felonies and crimes of dishonesty; (4) Reed provided contradictory stories as to who actually wrote the affidavit; (5) according to Reed, the names in the affidavit were provided to him while in the kitchen at DCC; and (6) the affidavit contradicts a portion of Petitioner's testimony regarding the presence of another witness at the shooting. Reed, 2005 WL 2615630, at *14. The Delaware Supreme Court affirmed that decision. Reed, 2006 WL 1479763.

Based on the foregoing, the Court concludes that equitable tolling is not warranted in Petitioner's case. Accordingly, the Court will dismiss the Petition as time-barred.

### III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred. The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, declines to

issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 1.)

An appropriate Order will be entered.