In The United States District Court
For The District Of Delaware

Ralph Reed,
   Petitioner,

v.                   C.A.No. 06-445-JJF

Thomas Carroll, et al.,
   Respondents

RECEIVED OCT -9 2007 U.S. DISTRICT COURT DISTRICT OF DELAWARE

## Motion To Alter The Judgment Denying Petitioner's Habeas Petition

Now Comes, the petitioner Ralph Reed, who moves this Court to Alter the Judgment entered in this case on September 25, 2007, denying petitioner's Writ of Habeas Corpus as time-barred by the one year statute of limitation prescribed in 28 U.S.C. § 2244. A Rule 59 motion To Alter The Judgment should be granted to correct manifest errors of law or fact or to present newly discovered evidence. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration pursuant to Rule 59, if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court issued its order"; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. See Max's Seafood Café v. Quinteros, 176 F.2d 669, 677 (3d Cir. 1999)(citing North River Ins. Co., v. CIGNA Reinsurance, Co., 52 F.3d 1194, 1218 (3d Cir. 1995). Petitioner satisfy exceptions 2 and 3 as shown below in support of reconsideration:

1. On page 7 of this Court's Memorandum Opinion denying petitioner's Habeas Petition, the Court rejected petitioner's actual innocence claim in which he supported with an Affidavit from Jerome Reed who identified another individual as the actual shooter of the murder victim. Jerome Reed's eye-witness account of the shooting supported petitioner's overall actual innocence evidence that the very State witnesses whom testified against him were in fact actual participants in the fatal shooting.

The petitioner's defense at trial was that one of those State witnesses, Kenyon Horsey, was the actual shooter. In contrast, Jerome Reed's Affidavit support this exculpatory fact. However, the Superior Court Judge found that Jerome Reed's Affidavit lacked credibility because he and petitioner lied about being cell-mates which the State indicated they both concocted the facts in the Affidavit.

This Court accepted the Superior Court's finding of facts as true (See FN. 4 on pg. 7 of Court's Mem. Op.), in light of petitioner's contentions in his Reply to Respondents' Answer that the trial Judge himself participated in illegal conduct to conceal petitioner's actual innocence of these crimes. In petitioner's December 25, 2006, Reply To Respondents' Answer, he argued that the State present false documents and perjure testimony from a prison official witness at the postconviction evidentiary hearing in State Court fraudulently showing that petitioner and Jerome Reed were cell-mates. Also petitioner requested that this Court grant an evidentiary hearing so he can produce additional evidence to demonstrate that the State Court officials permitted the use of perjure documentary evidence and testimony to discredit the sworn averments contained in Jerome Reed's Affidavit which constitute otherwise reliable newly discovered evidence to support petitioner's actual innocence claim that someone other than he committed these crimes (murder). (See page 9 of Petitioner's Reply requesting evidentiary hearing and discovery). 28 U.S.C.S 2254(e)(2) requires that the petitioner, to obtain an evidentiary hearing, show both cause for why facts were not previously developed and actual innocence.

Thus petitioner demonstrated that he is entitled to

an evidentiary hearing to develop his Actual innocence claims.

This Court's denial of an evidentiary hearing in light of the State Court's misconduct throughout trial is a clear abuse of judicial discretion.

Wherefore this Court shall reconsider its September 25, 2007 Judgment denying petitioner's Habeas Petition without conducting an evidentiary hearing, and thereupon issue an Order vacating its Memorandum Opinion for further proceedings.

Ralph Reed

Ralph Reed, pro se
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

Date: October 1, 2007

## CERTIFICATE OF SERVICE

I, __Ralph Reed__, hereby certify that I have served a true and correct copy of the attached motion upon the following party, on the __2nd__ day of __October, 2007__.

__Elizabeth R. McFarlan__
Deputy Attorney General
Department of Justice
820 N. French St.
Wilmington, Dela. 19801


__Oct. 2, 2007__
Date signed

__Ralph Reed__
Signature of Movant (Notarization not required)

