FILED
JAN 28 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

NOTICE OF APPEAL
TO
U.S. COURT OF APPEALS, THIRD CIRCUIT

U.S. District Court for the District of Delaware

CIRCUIT COURT
DOCKET NUMBER: _____
(leave blank)

FULL CAPTION IN DISTRICT COURT AS FOLLOWS:

RALPH REED

DISTRICT COURT
DOCKET NUMBER: 1:06-cv-00445

v.

Thomas L. Carroll DCC warden

DISTRICT COURT
JUDGE: JJF

Notice is hereby given that __Ralph Reed__
(Named Party)
appeals to the United States Court of Appeals for the Third Circuit from [ ] Judgment, [✓] Order,

[ ] Other (specify) _____

entered in this action on __1-24-08__
(date)

DATED: __1-24-08__

_[signature]_
(Counsel for Appellant-Signature)

__Ralph Reed__
(Name of Counsel - Typed)

__1181 Paddock Road Smyrna 19977__
(Address)

__N/A__
(Telephone Number)

_[signature]_
(Counsel for Appellee)

__1181 Paddock Road Smyrna 19977__
(Address)

__N/A__
(Telephone Number)

NOTE: USE ADDITIONAL SHEETS if all appellants and/or all counsel for appellees cannot be listed on the Notice of Appeal sheet.

MOTION UNDER 28 U.S.C. § 2244 FOR ORDER AUTHORIZING DISTRICT COURT TO CONSIDER
SECOND OR SUCCESSIVE APPLICATION FOR RELIEF UNDER 28 U.S.C. § 2254 OR § 2255

## United States Court of Appeals for the Third Circuit

| Name of Movant | Prisoner Number | Case Number (leave blank) |
|---|---|---|
| RALPH REED | 320813 | |

**Place of Confinement**

Delaware Correctional Center 1181 Paddock Road Smyrna 19977

IN RE: , MOVANT

1. Name and location of court which entered the judgment of conviction from which relief is sought: Superior court of the State of Delaware for Sussex County

2. Parties' Names: Ralph Reed vs. State

3. Docket Number: 9911018706    4. Date Filed: Dec 19 2000    5. Date of judgment of conviction: ~~████~~ 2000    6. Length of sentence: Life plus 20 year    7. Nature of offense(s) involved (all counts): murder in the first degree and possession of a firearm during the commission of a felony.

8. What was your plea? (Check one)    ☒ Not Guilty    ☐ Guilty    ☐ Nolo Contendere

9. If you pleaded not guilty, what kind of trial did you have? (Check one)    ☒ Jury    ☐ Judge only

10. Did you testify at your trial? (Check one)    ☒ Yes    ☐ No

11. Did you appeal from the judgment of conviction? (Check one)    ☒ Yes    ☐ No

12. If you did appeal, what was the

   Name of court appealed to: Supreme Court of the State of Delaware

   Parties' names on appeal: Ralph Reed vs. State

   Docket number of appeal: 44, 2001    Date of decision: 2001

   Result of appeal: Affirmed

2

13. Other than a direct appeal from the judgment of conviction and sentence, have you filed any other petitions, applications for relief, or other motions regarding this judgment in any federal court?   ☒ Yes    ☐ No

14. If you answered "yes" to question 13, answer the following questions:
    A. FIRST PETITION, APPLICATION, OR MOTION
    (1) In what court did you file the petition, application, or motion? __United State District court__

    (2) What were the parties' names? __RALPH Reed__ vs. __WARDen Thomas L. Carroll__

    (3) What was the docket number of the case? __106-cv-00445__

    (4) What relief did you seek? __release from present custody Innocence reverse conviction__

    (5) What grounds for relief did you state in your petition, application, or motion? __1. Illegal probable cause arrest. 2. Impartial Jury Batson v Kentucky and Riley v Taylor. 3. misapplied Del Law and Rules limiting trial testimony in its Jury instruction. 4. Miranda  Grand Jury Indictment 5. voir Dire questioning 6. Disparate Treatment of similarly situated Black and White Jurors. 7. Prosecutor misconduct 8. Evidence 404(b) 9. Jude and Trial counsel Ineffective     Continued on additional page #3 question(5)__

    (6) Did the court hold an evidentiary hearing on your petition, application or motion?   ☐ Yes   ☒ No

    (7) What was the result?    ☐ Relief granted    ☒ Relief denied on the merits
                                ☐ Relief denied for          ☐ Relief denied for procedural default
                                   failure to exhaust

    (8) Date of court's decision: __1-3-08__

    B. SECOND PETITION, APPLICATION, OR MOTION

    (1) In what court did you file the petition, application, or motion? _____
    (2) What were the parties' names? _____ vs. _____ (3) What was the docket number of the case? _____ (4) What relief did you seek? _____

3

Page #3 continued (5) what grounds for relief did you state in your Petition, application, or motion? 9 Failing to properly Investigate and subpoena Two crucial Defense witnesses. 10. Improperly 3507 statement Violated. petitioner 5th Amendment. 11. Full chance Instruction Lesser Included offenses of murder. 12. Brady Violation prosecution Failed to Inform promised mr. Horsey Immunity 13. Counsel Failure to File motion For Acquittal. 14. Affidavit of probable Cause and Arrest warrant. 15. Ineffective Assistance of counsel on Direct.

C. THIRD AND SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS
For any third or subsequent petition, application, or motion, attach a separate page providing the information required in items (1) through (8) above for first and second petitions, applications, or motions.

D. PRIOR APPELLATE REVIEW(S)
Did you appeal any order regarding your petitions, applications, or motions to a federal court of appeals having jurisdiction over your case? If so, list the docket numbers and dates of final disposition for all subsequent petitions, applications, or motions filed in a federal court of appeals.

| | | | |
|---|---|---|---|
| First petition, application, or motion | ☑ Yes  Appeal No. _____ | Date _____ | ☐ No |
| Second petition, application, or motion | ☐ Yes  Appeal No. _____ | Date _____ | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes  Appeal No. _____ | Date _____ | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes  Appeal No. _____ | Date _____ | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes  Appeal No. _____ | Date _____ | ☐ No |
| Subsequent petitions, applications or motions | ☐ Yes  Appeal No. _____ | Date _____ | ☐ No |

If you did not appeal from the denial of relief on any of your prior petitions, applications, or motions, state which denials you did not appeal and explain why you did not.

15. Did you present any of the claims in this application in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255? (Check one)    ☑ Yes    ☐ No

16. If your answer to question 15 is "yes," give the docket number(s) and court(s) in which such claims were raised and state the basis on which relief was denied.

Post-conviction July 8, 2004 ID No. 9911018706 (R-1) Evidentiary Hearing march 3, 05 and oct 5, 2005 denied August 25, 2005 Briefing Filed 3/17/06 supreme court Del No. 534, 2005 denied 5-26-06 Filed Habeus corpus 7-21-06 denied 1-3-08.

_____ 17. If your answer to question 15 is "No," answer the following questions:

A. State the claims which you did not present in any previous petition, application, or motion for relief under 28 U.S.C. § 2254 or § 2255: _____

B. State the reasons why you did not present the above claims in any previous petition, application or motion for relief under 28 U.S.C. § 2254 or § 2255:* _____

4

*NOTE: This Court will grant you authority to file in the district court only if you show that you could not have presented your present claims in your previous § 2254 or § 2255 application because . . .

A. (For § 2255 motions only) the claims involve "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [you] guilty"; or,

B. (For § 2254 petitions only) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [you] guilty of the offense"; or,

C. (For both § 2254 and § 2255 applicants) the claims involve "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court [of the United States], that was previously unavailable."

State how you meet the above requirements:

Innocence of these charges. my constitution rights was violate.

If it has been more than one year since either (1) your conviction became final; (2) you discovered the new evidence on which you rely; or (3) the United States Supreme Court case on which you rely was decided, state why you could not file your petition earlier:

two witnesses can support Appellant story that Kenyon Horsey committed the crime and not Appellant.

Movant prays that the United States Court of Appeals for the Third Circuit grant an Order Authorizing the District Court to Consider Movant's Second or Successive Application for Relief Under 28 U.S.C. §§ 2254 or 2255.

_____
Movant's Signature

I declare under Penalty of Perjury that my answers to all questions in this Motion are true and correct.

Executed on  1-24-08
              [date]

_____
Movant's Signature

5

PROOF OF SERVICE

A copy of this motion and all attachments must be sent to the state attorney general (§ 2254 cases) or the United States Attorney for the United States judicial district in which you were convicted (§ 2255 cases).

I certify that on ~~*date*~~ 1-24-08 [date] I mailed a copy of this motion and all attachments

to _United states district court_ at the following address:

_844 N. King street Lockbox 18 wilmington Del 19801_

Rev. 2/99

_____
Movant's Signature

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RALPH REED, | : |
| Petitioner, | : |
| v. | : Civil Action No. 06-445-JJF |
| THOMAS CARROLL, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**O R D E R**

Petitioner Ralph Reed's "Motion to Alter the Judgment" will be denied. (D.I. 31.) A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D.Del.

1990).

On September 25, 2007, the Court dismissed Petitioner's federal habeas application as time-barred. (D.I. 29; D.I. 30.) In his Motion, Petitioner contends the Court erred by not equitably tolling the limitations period on the basis of his allegation of actual innocence. As an initial matter, the Court notes that the Court of Appeals for the Third Circuit has not yet determined whether a credible claim of actual innocence can equitably toll the AEDPA's limitations period. See, e.g., Horning v. Lavan, 197 Fed. Appx. 90, 2006 WL 2805608, at *4 (3d Cir. Oct. 2, 2006). Additionally, the Court considered, and rejected, the instant "actual innocence" argument when it denied the Petition. To the extent Petitioner suggests that the Court committed a clear error of law, the Court is unpersuaded. Therefore, the Court concludes that Petitioner's argument does not warrant reconsideration of its decision.

Now Therefore, It Is Hereby Ordered that Petitioner's Motion To Alter The Judgment (D.I. 31) is **DENIED**.

January 3, 2008
DATE

Joseph J. Farnan
UNITED STATES DISTRICT JUDGE

2