IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RALPH REED,                                 :
                                            :
                    Petitioner,             :
                                            :
        v.                                  :        Civ. Act. No. 06-445-LPS
                                            :
PERRY PHELPS, Warden, and JOSEPH            :
R. BIDEN, III, Attorney General             :
of the State of Delaware,                   :
                                            :
                    Respondents.            :

## MEMORANDUM OPINION

## I.      INTRODUCTION

Pending before the Court are Petitioner Ralph Reed's ("Petitioner") Motions for

Reconsideration Filed Pursuant to Federal Rule of Civil Procedure 60(b)(6) regarding the

dismissal of his time-barred Petition. (D.I. 40; D.I. 41) For the reasons discussed, the Court will

deny the Rule 60(b)(6) Motions.

## II.     BACKGROUND

In 2006, Petitioner filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2254 seeking relief from his Delaware state convictions for first degree murder and possession

of a firearm during the commission of a felony. (D.I. 1) The Petition asserted seventeen grounds

for relief. On January 3, 2007, the Honorable Joseph J. Farnan, Jr. denied the Petition after

concluding that it was time-barred by the one-year statute of limitations prescribed in 28 U.S.C.

§ 2244. (D.I. 29; D.I. 30)

Thereafter, Petitioner filed a motion to alter judgment, alleging that the Court erred by not

equitably tolling the limitations period on the basis of his allegation of actual innocence. (D.I.

31) The Court denied the motion. (D.I. 34) Petitioner then appealed the denial of his Petition as time-barred. In March, 2008, the Court of Appeals declined to issue a certificate of appealability and terminated the appeal. (D.I. 35; D.I. 39)

Petitioner filed his first Rule 60(b)(6) Motion for Reconsideration on December 7, 2011, and his second Rule 60(b)(6) Motion on January 3, 2012. (D.I. 40; D.I. 41) The State filed a Response, asserting that the Motions were both untimely and meritless (D.I. 42), to which Petitioner filed a Response in opposition. (D.I. 44)

## III. LEGAL STANDARDS

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, which is to be guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Ass'n., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Here, Petitioner filed his Motions under Rule 60(b)(6), the "catch-all" provision of Rule 60(b). Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [than the specific circumstances set out in Rules 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. Fed. R. Civ. P. 60(b)(6); *see also Gonzalez*, 545 U.S. at 529. The Third Circuit has held that Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). A Rule

2

60(b)(6) motion must be filed within a "reasonable time,"[1] which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988).

## IV.   DISCUSSION

Petitioner's Rule 60(b)(6) Motions assert that the Court erred by failing to equitably toll the limitations period.  Specifically, Petitioner contends that the one-year limitations period for federal habeas petitions conflicted with Delaware's former three-year limitations period applicable to his Rule 61 motion.  As a result, he continues, the one-year federal limitations period unfairly expired before he could file his Rule 61 motion.  Therefore, in Petitioner's view, the Petition is timely, and the Court should reopen his case.

As an initial matter, the Court concludes that Petitioner's Rule 60(b)(6) Motions were not filed within a reasonable time after issuance of the decision being contested.  The Honorable Joseph J. Farnan, Jr. denied the Petition as time-barred on September 25, 2007; the Third Circuit denied Petitioner's request for a certificate of appealability on March 31, 2008.  However, Petitioner did not file his first Rule 60(b)(6) Motion until December 7, 2011.  He has provided no compelling justification for this lengthy delay.  Under the circumstances – most prominently, the passage of more than four years between the issuance of Judge Farnan's decision and the filing of Petitioner's request for Rule 60(b)(6) relief from it – Petitioner's Motion is untimely.  *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (finding untimely Rule 60(b)(6) motion brought almost two years after district court's original judgment).

---

[1]*Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

Nevertheless, even if the Motions were timely, Petitioner's equitable tolling argument does not establish an "exceptional circumstance" justifying the Court's reconsideration of the denial of the Petition as time-barred. A petitioner can only qualify for equitable tolling by demonstrating "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing;"[2] mere excusable neglect is insufficient. *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
>
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
>
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153,159 (3d Cir. 1999); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Here, Petitioner's argument regarding the conflict between the three-year limitations period prescribed in Delaware's former Rule 61 and the one-year limitations period prescribed in 28 U.S.C. § 2244 does not trigger equitable tolling, because it does not demonstrate that the difference in the two deadlines *prevented* him from filing his Petition within AEDPA's one-year filing deadline. Petitioner was free to file his Rule 61 motion any time after his state court judgment of conviction became final, and his decision to delay his pursuit of federal habeas relief was not beyond his control.

---

[2]*Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010).

Accordingly, Petitioner has failed to present the Court with any reason to conclude that it should reconsider the denial of his Petition as time-barred.

## V.    MOTION TO EXPAND THE RECORD

After filing his two Rule 60(b)(6) Motions, Petitioner filed a Motion to Expand the Record. (D.I. 43)  Given the Court's conclusion that Petitioner's habeas proceeding should not be re-opened, the Court will deny the Motion to Expand the Record as moot.

## VI.    CONCLUSION

For the reasons stated above, the Court will deny Petitioner's Rule 60(b)(6) Motions for Reconsideration and his Motion to Expand the Record.  In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).  A separate Order will be entered.

Dated: September 13, 2012

UNITED STATES DISTRICT JUDGE