IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RALPH REED, | : |
|     Petitioner, | : |
| v. | :    Civ. Act. No. 06-445-LPS |
| DAVID PIERCE, Warden, and JOSEPH R. BIDEN, III, Attorney General of the State of Delaware, | : |
|     Respondents. | : |

**MEMORANDUM**

## I. INTRODUCTION

Pending before the Court is Petitioner Ralph Reed's ("Petitioner") third Motion for Reconsideration Filed Pursuant to Federal Rule of Civil Procedure 60(b)(6) regarding the dismissal of his time-barred Petition. (D.I. 53) For the reasons discussed, the Court will deny the Rule 60(b)(6) Motion.

## II. BACKGROUND

In 2006, Petitioner filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his Delaware state convictions for first degree murder and possession of a firearm during the commission of a felony. (D.I. 1) The Petition asserted seventeen grounds for relief. On January 3, 2007, the Honorable Joseph J. Farnan, Jr. denied the Petition after concluding that it was time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244. (D.I. 29; D.I. 30)

Thereafter, Petitioner filed a motion to alter judgment, alleging that the Court erred by not equitably tolling the limitations period on the basis of his actual innocence; the Court denied the motion. (D.I. 31; D.I. 34) Petitioner then appealed the denial of his Petition as time-barred. In

March, 2008, the Court of Appeals declined to issue a certificate of appealability and terminated the appeal. (D.I. 35; D.I. 39)

Petitioner subsequently filed two Rule 60(b)(6) Motions for Reconsideration, which the Court denied. (D.I. 40; D.I. 41; D.I. 47; D.I. 48) Petitioner has now filed a third Rule 60(b)(6) Motion for Reconsideration. (D.I. 53) The State filed a Response, asserting that the Motion should be denied as meritless. (D.I. 54) The Motion is ready for review.[1]

## III. LEGAL STANDARDS

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Ass'n., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Here, Petitioner filed his Motion under Rule 60(b)(6), the "catch-all" provision of Rule 60(b). Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [other than the specific circumstances set out in Rules 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(6); *Gonzalez*, 545 U.S. at 529. The Third Circuit has consistently held that Rule 60(b)(6) provides "extraordinary relief" that is only available in "exceptional circumstances." *See Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). Moreover, a Rule 60(b)(6) motion must be filed within a "reasonable time,"[2] which is determined by considering the

---

[1] On August 7, 2014, Plaintiff submitted a letter to the Court. (D.I. 55) The Court has reviewed this latest submission.

[2] *See* Fed. R. Civ. P. 60(c)(1); *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959).

2

interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See generally Ackerman v. United States*, 340 U.S. 193, 202 (1950).

## IV. DISCUSSION

In the instant Rule 60(b)(6) Motion, Petitioner asserts that his habeas proceeding should be reopened pursuant to *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and that the Court should review the merits of his ineffective assistance of counsel claims that were denied as time-barred. In *Martinez*, 132 S.Ct. at 1320, the Supreme Court held for the first time that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. Liberally construing the instant Rule 60(b) Motion, the Court interprets Petitioner's argument to be that *Martinez* constitutes an intervening change in the law that amounts to an extraordinary circumstance justifying relief under Rule 60(b)(6).

This argument is unavailing. First, citing Federal Rule of Civil Procedure 60(c)(1), the Third Circuit recently opined that a Rule 60(b)(6) motion for reconsideration based on *Martinez* will fail unless it "was brought within a reasonable time of that decision." *Cox v. Horn*, ___ F.3d ___, 2014 WL 3865836, at *1 (3d Cir. Aug. 7, 2014). The instant Rule 60(b)(6) Motion was filed on November 8, 2013, approximately one year and seven months after the issuance of the *Martinez* decision on March 20, 2012. Although the Third Circuit did not define what constitutes a reasonable time for filing a Rule 60(b)(6) motion premised on *Martinez*, the Court concludes that waiting one year and seven months to file the instant Motion does not satisfy the "reasonable time" requirement. *See*

3

*Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that two-year delay was not reasonable time to bring Rule 60(b)(6) motion). The Court also notes that Petitioner has not presented any reason for his delay. *See Azbuko v. Bunker Hill Cmty. Coll*, 442 F. App'x 643, 644 (3d Cir. 2011) (per curiam) ("[B]ecause [plaintiff] has provided no explanation for his delay in filing, we agree with the District Court that he has not filed his motion within a reasonable time of the order that he seeks to challenge."); *Choi v. Kim*, 258 F. App'x 413, 415 (3d Cir. 2007). Thus, the Court concludes that the instant Motion is time-barred.

Moreover, pursuant to *Cox*, a district court reviewing a prisoner's Rule 60(b)(6) motion "may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago." *Cox*, 2014 WL 3865836, at *10. As explained by the Third Circuit, "[c]onsiderations of repose and finality become stronger the longer a decision has been settled." *Id.* Here, Petitioner's conviction was affirmed in 2001 and his original Petition was dismissed on January 3, 2007. Considering the significant amount of time that has elapsed between the dismissal of his Petition and the *Martinez* decision, the Court concludes that the rare relief afforded under Rule 60(b)(6) is not warranted.

Finally, to the extent Petitioner's argument is that *Martinez*, on its own, warrants reopening his habeas proceeding under Rule 60(b)(6), it is unavailing.³ *See Cox*, 2014 WL 3865836, at *9 ("First, and importantly, we agree with the District Court that the jurisprudential change rendered by *Martinez*, without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief."). Notably, as of the this date, the *Martinez* rule only applies to excuse the procedural default of ineffective assistance of counsel claims, and does not apply to the operation or tolling of the statute of limitations for

---

³In his Rule 60(b)(6) Motion, Petitioner asserts, "[b]eing that the state law and rules have changed Petitioner has the right to have his claims heard on their merits." (D.I. 53 at 5) When viewed in context, the change in law referenced by Petitioner is the *Martinez* decision.

4

filing a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014).

Accordingly, Petitioner has failed to present the Court with any reason to conclude that it should reconsider the denial of his Petition as time-barred.

## V.  CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's Rule 60(b)(6) Motion for Reconsideration.  In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).  A separate Order will be entered.

Dated: August 11, 2014

_____
UNITED STATES DISTRICT JUDGE