IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| RALPH REED, | : | |
| --- | --- | --- |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 06-445-LPS |
| DANA METZGER, Warden, and the ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

## MEMORANDUM

### I. INTRODUCTION

Pending before the Court is Petitioner Ralph Reed's ("Petitioner") fourth Motion for Reconsideration. (D.I. 58) For the reasons discussed, the Court will deny the Motion.

### II. BACKGROUND

In 2006, Petitioner filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his Delaware state convictions for first degree murder and possession of a firearm during the commission of a felony. (D.I. 1) The Petition asserted seventeen grounds for relief. On January 3, 2007, the Honorable Joseph J. Farnan, Jr. denied the Petition after concluding that it was time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244. (D.I. 29; D.I. 30)

Thereafter, Petitioner filed a motion to alter judgment, alleging that the Court erred by not equitably tolling the limitations period on the basis of his actual innocence; the Court denied the motion. (D.I. 31; D.I. 34) Petitioner then appealed the denial of his Petition as time-barred. In March, 2008 the Court of Appeals declined to issue a certificate of appealability and terminated the

appeal. (D.I. (D.I. 35; D.I. 39) Petitioner subsequently filed three Rule 60(b)(6) Motions for Reconsideration, which the Court denied. (D.I. 40; D.I. 41; D.I. 47; D.I. 48; D.I. 56; D.I. 57)

In June 2018, Petitioner filed a document titled "Memorandum of Law Supporting Motion to Amend Judgment Under Extraordinary Circumstances and Plain Error Pursuant to 28 U.S.C. § 2254 and Civil Rule 52(b)." (D.I. 58)

## III. STANDARD OF REVIEW

A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). Although motions for reargument/reconsideration under Rule 59(e) and Rule 60(b) serve similar functions, each has a particular purpose. *See United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). For instance, Rule 59(e) is "a device [] used to allege legal error,"[1] and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *See Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The scope of a Rule 59(e) motion is extremely limited, and it may not be used as an opportunity to relitigate the case. *See Blystone v. Horn*, 664 F.3d 397, 414 (3d Cir. 2011); *see also Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

---

[1] *Fiorelli*, 337 F.3d at 288.

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances,[2] but may be granted only in extraordinary circumstances. *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

If a district court is presented with a Rule 60(b) motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002). A district court presented with an unauthorized second or successive habeas petition must either "dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson*, 313 F.3d at 139.

## IV. DISCUSSION

The Court will treat Petitioner's "Memorandum of Law Supporting Motion to Amend Judgment" as a freestanding Motion for Reconsideration.[3] Petitioner does not identify the authority

---

[2] *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

[3] The document was docketed as a Memorandum in Support of the Motion for Reconsideration that was denied in 2014, not as a motion. When Petitioner inquired as to the status of his June 2018 filing, he was informed that the Clerk's office had received the Memorandum but that the case would remain closed because the Memorandum was supporting a Motion for Reconsideration that had been denied in 2014. (D.I. 62) The Court concludes that the filing should be treated as an

3

under which he moves.[4] However, since the instant Motion was filed more than twenty-eight days of the entry of the 2007 dismissal of his Petition and the 2014 denial of his most recent motion, the Court will treat the Motion as though filed pursuant to Rule 60(b). *Cf. Holsworth v. Berg*, 322 F. App'x 143, 146 (3d Cir. 2009); *Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985) ("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e)."). In turn, the Court construes the motion as being filed pursuant to Rule 60(b)(6) – the "catch-all" provision – because Rule 60(b)(6) permits a party to seek reconsideration for "any other reason [than the specific circumstances set out in Rule 60(b)(1)-(5)] that justifies relief" from the operation of the judgment. *See* Fed. R. Civ. P. 60(b)(6); *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).

As an initial matter, Petitioner appears to contend that *Mack v. Sup't Mahonoy*, 714 F. App'x 151 (3d Cir. 2017), constitutes a change in the law that amounts to an extraordinary circumstance warranting reconsideration of the 2007 dismissal of his Petition as time-barred and/or the 2014 denial of his last Rule 60(b)(6) Motion. To the extent this argument attacks the manner in which the 2007 and 2014 decisions were procured, the Court will treat the argument as a true Rule 60(b) motion. Nevertheless, the Court is not persuaded. The Third Circuit's decision in *Mack* explored the analysis a district court must undertake with respect to the narrow exception to the procedural

---

independent motion and not as a memorandum in support of the Rule 60(b)(6) motion denied in 2014.

[4]The title of the Motion mentions Federal Rule of Civil Procedure 52(b), which provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for new trial under Rule 59." Fed. R. Civ. P. 52(b). However, Rule 52(b) does not apply to this case because more than 28 days have passed since the 2007 dismissal of Petitioner's habeas Petition and the August 2014 denial of his third Motion for Reconsideration.

4

default doctrine recognized in *Martinez v. Ryan*, 566 U.S. 1 (2012).[5] However, nothing in *Mack* changes the fact that the *Martinez* rule only applies to excuse the **procedural default** of ineffective assistance of counsel claims, and does not apply to the operation or tolling of the **statute of limitations** for filing a federal habeas petition. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014). In other words, the *Mack* decision, on its own, does not constitute an extraordinary circumstance warranting reconsideration of reasons for dismissing the Petition as time-barred in 2007 or the Court's reasons for denying Petitioner's Rule 60(b)(6) Motion in 2014.

Additionally, to the extent the instant Motion asserts seven claims challenging the legality of his original convictions in 2000 that either were or could have been asserted in his original habeas Petition, the Motion consitutes a second or successive habeas request. The record indicates that Petitioner did not obtain permission from the Third Circuit before filing the instant Rule 60(b) motion. Therefore, the Court will dismiss the Motion for lack of jurisdiction.

V.     **CONCLUSION**

For the aforementioned reasons, the Court will deny the instant Motion for Reconsideration. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: March 25, 2019

_____
UNITED STATES DISTRICT JUDGE

---

[5]In *Martinez*, the Supreme Court held that inadequate assistance of counsel during an initial-review state collateral proceeding may establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel in extremely limited circumstances.