IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RALPH REED, | : |
| Petitioner, | : |
| v. | : Civ. Act. No. 06-445-GBW |
| ROBERT MAY, Warden, and the ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

**MEMORANDUM**

**I.   INTRODUCTION**

Pending before the Court is Petitioner Ralph Reed's ("Petitioner") fifth Rule 60(b) Motion for Reconsideration of the denial of his initial habeas Petition. (D.I. 79) For the reasons discussed, the Court will deny the Motion.

**II.  BACKGROUND**

In 2000, a Delaware Superior Court jury convicted Petitioner of first degree murder and possession of a firearm during the commission of a felony. (D.I. 29 at 2) In 2006, Petitioner filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief from his Delaware state convictions for first degree murder and possession of a firearm during the commission of a felony. (D.I. 1) The Petition asserted seventeen grounds for relief. On January 3, 2007, the

Honorable Joseph J. Farnan, Jr. denied the Petition after concluding that it was time-barred by the one-year statute of limitations prescribed in 28 U.S.C. § 2244. (D.I. 29; D.I. 30)

Thereafter, Petitioner filed a motion to alter judgment, alleging that the Court erred by not equitably tolling the limitations period on the basis of his actual innocence; the Court denied the motion. (D.I. 31; D.I. 34) Petitioner then appealed the denial of his Petition as time-barred. In March, 2008 the Court of Appeals declined to issue a certificate of appealability and terminated the appeal. (D.I. (D.I. 35; D.I. 39) Petitioner subsequently filed four Rule 60(b) Motions for Reconsideration, which the Court denied. (D.I. 40; D.I. 41; D.I. 47; D.I. 48; D.I. 56; D.I. 57; D.I. 58; D.I. 69; D.I. 70)

In December 2021, Petitioner filed a Rule 60(b) Motion alleging that he has newly discovered evidence of his actual innocence and, therefore, the dismissal of his Petition as time-barred should be reconsidered. (D.I. 79 at 2)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move

2

> for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A Rule 60(b)(2) motion seeking relief on the basis of "newly discovered evidence" must be filed no more than a year after the entry of the judgment, order, or date of proceeding. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988). As a general rule, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless "extraordinary circumstances" excuse the party's failure to proceed sooner. *See, e.g., Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1348 (3d Cir.1987) (Rule 60(b)(6) motion filed almost two years after judgment was not made within a reasonable time).

3

A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach ... that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120. A Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must first determine if the Rule 60(b) motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b)

4

> motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005), the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). *Id.* at 531.

Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV.  DISCUSSION

Petitioner asserts that he has "newly discovered evidence of his actual innocence" warranting reconsideration of the 2007 dismissal of his Petition as time-barred. (D.I. 29; D.I. 30). (D.I. 79 at 1) The alleged newly discovered evidence is an affidavit provided by witness Jerome Reed that Petitioner included in his "previously submitted habeas petition." (D.I. 79 at 4) Petitioner describes

5

the affidavit as asserting that the "State's eyewitness Yvonne DeShields, who testified that she [Petitioner] shoot the victim, was actually one of the culprits in the shooting. The affidavit also alleges Kenyon Horsey and Yvonne DeShields committed this offense and not [Petitioner]." (*Id.*)

To the extent the instant Rule 60(b) Motion could be treated as a true motion for reconsideration filed pursuant to Rule 60(b)(2), the Motion is untimely. Petitioner filed the Motion more than one-year after the September 25, 2007 denial of his original Petition. *See* Fed. R. Civ. P. 60(c)(1) (establishing a one-year deadline for motions filed under Rule 60(b)(2)).

In addition, to the extent Petitioner asserts that his "actual innocence" claim serves as a gateway claim under *McQuiggan v. Perkins*, 569 U.S. 383 (2013) to overcome the statute of limitations bar and constitutes an extraordinary circumstance sufficient to satisfy Rule 60(b)(2)'s or Rule 60(b)(6)'s standard, his argument is unavailing. The *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and a petitioner only meets the threshold requirement by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. An actual innocence claim must be based on "new reliable evidence – whether it be exculpatory scientific evidence,

6

trustworthy eyewitness accounts, or critical physical evidence [] that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Notably, evidence is not "new" for purposes of establishing actual innocence "if it was available at trial, but a petitioner merely chose not to present it to the jury." *Goldblum v. Klem*, 510 F.3d 204, 226 n.14 (3d Cir. 2007). Finally, "newly discovered evidence" will only warrant relief under Rule 60(b)(2) if it: (1) is material and not merely cumulative; (2) could not have been discovered before trial through the exercise of reasonable diligence; and (3) would probably have changed the outcome of the trial." *In re Flonase Antitrust Litig.*, 879 F.3d 61, 70 (3d Cir. 2017).

The so-called "newly discovered evidence" Petitioner presents with the instant Motion – Jerome Reed's affidavit – fails on all counts. Petitioner included the affidavit with his initial Petition that was filed in 2006, and Judge Farnan explicitly concluded that the affidavit did not constitute new reliable evidence of Petitioner's actual innocence that could equitably toll the limitations period. (D.I. 29 at 7-8) In short, Jerome Reed's affidavit is neither "newly discovered" nor evidence of his "actual innocence." Additionally, Petitioner has not identified "extraordinary circumstances where, without such relief [of re-opening his habeas proceeding], an extreme and unexpected hardship would occur." *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014). Thus, to the extent the instant Motion could be

7

treated as a true Rule 60(b) motion for reconsideration, the Court denies it for failing to satisfy the requirements of Rule 60(b)(2) and Rule 60(b)(6).

Instead, the Court concludes that the instant Motion constitutes a second or successive habeas request for purposes of § 2244. First, the Motion challenges the same 2000 convictions that Petitioner challenged in his first federal habeas Petition. Second, the dismissal of Petitioner's first Petition as time-barred constitutes an adjudication on the merits. *See Rohn v. Horton*, 508 F. App'x 170, 171 (3d Cir. 2013) ("Rohn previously filed a § 2254 petition that was dismissed as untimely, and, because that disposition counts as a ruling on the merits for purposes of 28 U.S.C. § 2244(b), he must seek permission from this Court to file a second or successive habeas petition pursuant to § 2244(b)."); *Thomas v. Pierce*, 2017 WL 359165, at *1 (D. Del. Jan. 23, 2017) (noting that dismissal of first habeas petition as time-barred "constitutes an adjudication on the merits for the purposes of the gate-keeping rules on second or successive applications"). And third, Petitioner presented his instant allegation of actual innocence in his initial Petition.

The record indicates that Petitioner did not obtain permission from the Third Circuit before filing the instant Motion/successive habeas request. Therefore, the

8

Court will dismiss the instant Motion/successive habeas request for lack of jurisdiction.

V. **CONCLUSION**

For the aforementioned reasons, the Court will dismiss the instant Rule 60(b) Motion for Reconsideration. The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

Dated: September 23, 2022

_____
UNITED STATES DISTRICT JUDGE